Robert W. Horn
Robert W. Horn, P.C.
230 East Broadway, Suite 3A
Post Office Box 4199
Jackson Hole, WY 83001
(307) 733-5747
rhornatty@me.com
Bar #5-1720

**UNITED STATES DISTRICT COURT**

**FOR THE**

**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| V. | ) | Civil No. 1:12-cv-00042-NDF |
| PAUL CARDWELL, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT AND MOTIONS TO DISMISS**

Comes now Defendant, Paul Cardwell, by counsel, and for his Answer to the Complaint filed by Plaintiff, HealthTech Management Services, Inc. ("HealthTech"), and his Motions to Dismiss the Complaint, states the following:

## I
## GENERAL DENIAL

Defendant generally denies all allegations in the Complaint, except those specifically admitted below.

## II.
## JURISDICTION AND VENUE

1.   As to paragraph I of the Complaint, Plaintiff has alleged no amount of damages it claims to have individually suffered, therefore fails to allege any amount in controversy and Defendant therefore denies the allegations of Paragraph 1 of the Complaint.

2.   As to paragraph 2 of the Complaint, Defendant admits that Wyo. Stat. §5-1-107 (a) states in part that a Wyoming state court "may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution" but denies that such statute has any application where Plaintiff requests jurisdiction of a United States District Court.

3.   As to paragraph 3 of the Complaint, Defendant admits that in actions between citizens of different states, if the matter in controversy exceeds the sum or value of $75,000, jurisdiction is provided in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, admits that the Complaint allegations assert that Defendant committed the therein described actions but denies that sufficient allegations have been raised in the Complaint to invoke federal diversity jurisdiction.

## III.
## PARTIES

4.   As to paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies the same.

5.   As to paragraph 5 of the Complaint, Defendant admits that he is a citizen of the United States, admits that he is residing in the state of Indiana and denies all other allegations and inferences of fact asserted in Paragraph 5 of the Complaint.

## IV.
## FACTUAL BACKGROUND

6. As to paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 of the Complaint and therefore denies the same.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. As to paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9. As to paragraph 9 of the Complaint, Defendant admits that Exhibit A to the Complaint contains most of the language cited in this paragraph and denies all other allegations and inferences of fact asserted in Paragraph 9 of the Complaint.

10. As to paragraph 10 of the Complaint, Defendant admits that on February 10, 2011, he signed a letter dated February 9, 2011 from Derek Morkel, President & CEO of HealthTech, admits that, except for the redactions, Exhibit B appears to be true and accurate copy of that letter, admits that Exhibit B recites provision for at-will employment, admits that Exhibit B provided that he was to serve as CEO for PVHC and denies all other allegations and inferences of fact asserted in Paragraph I 0 of the Complaint.

11. As to paragraph 11 of the Complaint, Defendant admits that he started his service as CEO of PVHC on or about March 7, 2011 and denies all other allegations and inferences of fact asserted in Paragraph 11 of the Complaint.

12. As to paragraph 12 of the Complaint, Defendant admits that Exhibit B describes his position as: "Hospital CEO, full-time-exempt status, for Powell Valley Healthcare in Powell, WY" and, denies all other allegations and inferences of fact asserted in Paragraph 12 of the Complaint.

13. As to paragraph 13 of the Complaint, Defendant admits that Exhibit B describes his position as: "Hospital CEO, full-time-exempt status, for Powell Valley Healthcare in Powell, WY," denies that in such capacity he was an employee of HealthTech and denies all other allegations and inferences of fact asserted in Paragraph 13 of the Complaint.

14. As to paragraph 14 of the Complaint, Defendant admits that it is the state law of Wyoming that "All contracts of employment contain an implied covenant of good faith and fair dealing," *Wilder v. Cody Country Chamber of Commerce,* 868 P.2d 211,220 (Wyo.1994), but further states that: "(A)duty giving rise to tort liability for breach of the implied covenant exists only in rare and exceptional cases. *Life Care Centers of Am., Inc. v. Dexter,* 2003 WY 38, 65 P.3d 385, 394 (Wyo. 2003).

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

**COUNT I**

**BREACH OF FIDUCIARY DUTY**

20. As to paragraph 20 of the Complaint, Defendant hereby incorporates by reference his General Denial and his responses to Paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

**COUNT II**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (CONTRACT)**

23. As to paragraph 23 of the Complaint, Defendant hereby incorporates by reference his General Denial and his responses to Paragraphs 1 through 22 above as if fully set forth herein.

24. Defendant denies the allegations of Paragraph 22 of the Complaint.

25. As to paragraph 25 of the Complaint, Defendant states that by virtue of its own pleading, HealthTech recites purported terms of the alleged contract between it and Defendant without attaching all documents that would have to be attached if they are a part of that alleged contract. Defendant therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 of the Complaint and therefore denies the same.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (TORT)

28. As to paragraph 28 of the Complaint, Defendant hereby incorporates by reference his General Denial and his responses to Paragraphs 1 through 27 above as if fully set forth herein.

29. As to paragraph 29 of the Complaint, Defendant admits that it is the state law of Wyoming that: "Without a contract, there is no basis for imposition of the implied covenant, whether in contract or in tort, because either cause of action arises out of the contractual relationship," *Birt v. Wells Fargo Home Mortg., Inc.,* 2003 WY 102, 75 P.3d 640, 650 (Wyo. 2003), and therefore denies the allegations if numerical paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

33. As to paragraphs 1 through 32 of the Complaint, an affirmative defense required by FRCP 8(c) to be asserted in Defendant's Answer to the Complaint is a defense that does not negate the elements of the Plaintiffs claims, but instead precludes liability even if all of the elements of the Plaintiff's claims are proven. Defendant therefore states his following affirmative defenses to HealthTech's Complaint:

    A. The Complaint fails to state a claim upon which relief can be granted.

B. The document claimed by HealthTech to constitute a contract between the parties is at best an agreement to agree and did not create an enforceable contract.

C. Exhibit B to the Complaint was the only document signed by Defendant with respect to any agreement between Plaintiff and Defendant. All ambiguities in the documents claimed by HealthTech to form the employment contract between the parties are construed against HealthTech as the drafter of said documents and the resultant construction of said documents establishes that an enforceable contract was not created.

D. There was no meeting of the minds on all essential terms necessary to create a binding contract between the parties.

E. Although Plaintiff claims that Defendant was its employee, the allegations of the Complaint aver that PVHC had the right to control Defendant's employment related conduct. Since: "The overridingconsideration in distinguishing between master-servant relationships and employer-independent contractor relationships is the employer's right to control the means and manner of the work," *Kruckenberg v. Ding Masters. Inc.,* 2008 WY 40, 180 P.3d 895, 901 (Wyo. 2008), Defendant was an independent contractor with and not an employee of HealthTech.

F. In its relationship with Defendant, Plaintiff had the duty to support Defendant's reasonable efforts as CEO of PVHC to properly administer the affairs of PVHC. Plaintiff breached such duty by failing to support Defendant's efforts and thereby committed the first breach of any contractual relationship between the parties and HealthTech may not recover on its breach of contract action against Defendant.

G. In his dealings with the unnamed "Straw Company," known by Plaintiff to be Plake & Associates, LLC, to provide recruiting services for PVHC, Defendant acted in accordance with the customs and standards of the healthcare-provider recruiting industry and the hospital CEO industry and therefore acted reasonably.

H.  To the extent that the Complaint alleges a tort, all alleged losses of HealthTech were caused by non-parties, Michael J. Plake and Plake & Associates, LLC.

I.  To the extent that the Complaint alleges a tort, the conduct by Michael J. Plake and Plake & Associates was an intervening cause of all losses claimed to be suffered by HealthTech.

J.  The Complaint fails to name required parties, Michael J. Plake and Plake & Associates, LLC.

K.  To the extent that the Complaint alleges a tort, all conduct alleged to have been committed by Defendant against PVHC was not reasonably foreseeable as causing a loss to HealthTech.

L.  Plaintiffs Complaint fails to name a required party, PVHC.

M.  HealthTech has failed to mitigate any damages suffered as a result of the acts alleged to have been committed by Defendant.

N.  Plaintiff may not receive punitive damages in a breach of contract action.

O.  Punitive damages may be awarded only if there is clear and convincing evidence that Defendant acted with malice, fraud, gross negligence or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over-zealousness, mere negligence or other human failing, and such acts cannot be proven.

P.  DEFENDANT reserves the right to amend and/or supplement its Affirmative Defenses as investigation and discovery continue.

WHEREFORE, Defendant, Paul Cardwell, prays that HealthTech's demands for relief be denied, that judgment be entered in favor of Defendant on HealthTech's Complaint, that HealthTech take nothing by way of its Complaint and for all other just and proper relief.

**MOTIONS TO DISMISS**

FRCP (B) provides in its pertinent part that: "No defense or objection is waived

by joining it with one or more other defenses or objections in a responsive pleading or in a motion. Defendant therefore submits his following Motions to Dismiss in this responsive pleading.

## I. The Court Lacks Subject Matter Jurisdiction

Comes now the Defendant, Paul Cardwell, by counsel, and pursuant to FRCP 12 (H) (3) moves the Court to dismiss the Plaintiffs Complaint on the following grounds:

A. Plaintiff alleges diversity of citizenship as the sole basis for seeking to invoke the jurisdiction of the Court.

B. Such subject matter jurisdiction requires the Plaintiff to allege that it has been damaged in an amount of at least $75,000.

C. Although the complaint alleges damages claimed to have been suffered by non-party Powell Valley Hospital, Inc., it fails to allege that Plaintiff itself has been individually damaged in any amount.

D. The Complaint therefore is insufficient to invoke federal jurisdiction.

E. The Complaint should be dismissed pursuant to FRCP 12 (H) (3), which provides: "(3) ***Lack of Subject-Matter Jurisdiction.*** If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

WHEREFORE, Defendant moves the Court to dismiss the complaint for lack of subject matter jurisdiction and for all other relief just and proper in the premises.

## II. Failure to Name a Required Party

Comes now the Defendant, Paul Cardwell, by counsel, and, pursuant to FRCP 12 (B) (7) and FRCP 19 (a), moves the Court to dismiss the Plaintiff's Complaint on the following grounds:

     A. Plaintiff's Complaint alleges that non-party, Powell Valley Hospital, Inc. ("PVHC"), suffered certain damages and losses.

B. FRCP 12 (B) (7) provides authority for dismissal for "failure to join a party under Rule 19."

C. FRCP 19 (a) provides in its pertinent part:

> **"(1)** ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

D. PVHC is a Wyoming citizen and its addition as a party will alone not deprive the Court of subject matter jurisdiction.

E. In the event that PVHC is not added as a required party, it will leave Defendant subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest of PVHC.

F. PVHC is a required party and has not been named as such in the Complaint. Wherefore, Defendant moves the Court to dismiss the complaint for failure to name PVHC as a party to the cause and for all other relief just and proper in the premises.

WHEREFORE, Defendant moves the Court to dismiss the Complaint for failure to name PVHC as a party to the cause and for all other relief just and proper in the premises.

## III. Failure to Name a Required Party

Comes now the Defendant, Paul Cardwell, by counsel, and, pursuant to FRCP 12 (B) (7) and FRCP 19 (a), moves the Court to dismiss the Plaintiffs Complaint on the following grounds:

A. Plaintiff's Complaint alleges that an unnamed "Straw Company," actually known to Plaintiff as Plake & Associates and its sole member, Michael J. Plake (both hereinafter jointly referenced as "Plake"), schemed with Defendant to cause losses to PVHC.

B. FRCP 12 (B) (7) provides authority for dismissal for "failure to join a party under Rule 19."

C. FRCP 19 (a) provides in its pertinent part:

> **"(1)** ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

D.      Although Plake is an Indiana citizen, under the principles of diversity jurisdiction, his addition as a party will not alone deprive the Court of subject matter jurisdiction.

E.      A portion of Plaintiffs Complaint sounds in tort and under Wyoming state law, the jury is required to apportion fault among all parties to the cause, including a person such as Plake, a current non-party.

F.      In the event that Plake is not added as a required party, the court cannot accord complete relief among existing parties and disposition of the action in the absence of Plake as a party may as a practical matter impair or impede the Defendant's ability to protect his interests in this cause.

G.      Plake is a required party.

WHEREFORE, Defendant moves the Court to dismiss the complaint for failure to name Michael J. Plake as a party to the cause and for all other relief just and proper in the premises.

Dated April 10, 2012.

Respectfully submitted, Attorneys for Paul Cardwell

Robert W. York,
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
Tel: (317) 842-8000
Fax: (317) 577-7321
Email: rwyork@york-law.com

*/s/ Robert W Horn*
Robert W. Horn,
ROBERT W. HORN,
P.C. P.O. Box 4199
230 East Broadway, Suite 3A
  Jackson, WY
       83001
Tel: (307) 733-5747
Fax: (307) 733-8215
Email: rhornatty@me.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2012, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Bradley T. Cave
Holland & Hart
P. O. Box 1347
Cheyenne, Wyoming 82003-1345
bcase@hollandhart.com

*/S/ Robert W. Horn*

2