Bradley T. Cave, P.C.
Joanna R. Vilos
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR PLAINTIFF
HEALTHTECH MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-CV-0042-F |
| PAUL CARDWELL, | ) ) ) | |
| Defendant. | ) | |

---

## PLAINTIFF HEALTHTECH MANAGEMENT SERVICES, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT PAUL CARDWELL'S MOTION TO DISMISS

---

Plaintiff HealthTech Management Services, Inc. (HealthTech), by and through its

counsel, respectfully opposes Defendant Paul Cardwell's motion to dismiss as follows:

As a preliminary matter, Cardwell's motion to dismiss should be denied for failure to comply with U.S.D.C.L.R. 7.1(b)(2)(A), which requires a dispositive motion to be accompanied by "a written brief containing a short, concise statement of the arguments and authorities in support of the motion, together with proposed findings of fact and conclusions of law in accordance with United States District Court Local Rule 7.1(b)(2)(D)."

In addition to these procedural deficiencies, there are also substantive reasons warranting denial of Cardwell's motion to dismiss. Grounds two and three of Cardwell's motion are: (1) HealthTech's failure to name Powell Valley Health Care, Inc. (PVHC) as a party, and (2) HealthTech's failure to name Michael Plake as a party. These alleged grounds for dismissal have now become moot. Subsequent to the filing of Cardwell's motion to dismiss, PVHC filed a motion to intervene in the lawsuit. If allowed to intervene, PVHC has indicated it will assert claims against the existing parties to the litigation, HealthTech and Cardwell, as well as against Plake. (Also, Cardwell faces criminal charges in the District of Wyoming relating to the conduct alleged in the Complaint. A copy of the indictment is attached as Exhibit A.)

The Court has not yet issued an order on PVHC's motion to intervene. Regardless of the outcome on that motion, however, the second and third grounds asserted in Cardwell's motion to dismiss cannot justify dismissal of HealthTech's complaint. In particular, if the motion to intervene is granted, PVHC and Plake will be parties to the lawsuit, disposing of Cardwell's arguments pertaining to HealthTech's failure to join required parties. If, on the other hand, the motion to intervene is denied, presumably it will be because PVHC and Plake are not determined

to be parties with sufficient interest in the litigation, and they therefore would not be deemed "required parties" under Fed. R. Civ. P. 19(a).

Now turning to Cardwell's first ground for dismissal—failure to meet the monetary threshold for diversity jurisdiction—this argument fails due to the allegations of HealthTech's complaint, and is also rendered moot by PVHC's motion to intervene.

First, HealthTech has alleged two tort claims against Cardwell, and has alleged that its damages exceed the $75,000 jurisdictional threshold and continue to accrue.  Complaint ¶¶ 22-32.  HealthTech's claims for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing both permit the recovery of consequential damages which, in this case, exceed the jurisdictional limit as HealthTech has alleged.  Furthermore, HealthTech's remedies for Cardwell's breach of fiduciary duty include the disgorgement of wrongfully obtained benefits or property, whether or not HealthTech is worse off due to Cardwell's breaches.  *See Grynberg v. Total S.A.*, 538 F.3d 1336, 1346-47 (10th Cir. 2008) (citing RESTATEMENT (SECOND) OF TORTS (1979) § 874, cmt. b).  Cardwell's breach of fiduciary duty owed to HealthTech, in the form of the embezzlement of over $800,000 from HealthTech's client hospital, PVHC, satisfies the amount in controversy requirement.

Second, in the event PVHC is permitted to intervene, it will assert claims against HealthTech, Cardwell and Plake.  As indicated by Count III of PVHC's proposed cross-claims, for example, PVHC will seek to recover $847,934 from HealthTech based on amounts PVHC paid to Plake and Associates, the fictitious recruiting business created by Cardwell and Plake.

PVHC also seeks to assert various other categories of damages against HealthTech.  To the extent HealthTech is subject to such claims based on PVHC's intervention, HealthTech will assert indemnification and civil conspiracy claims against Cardwell and Plake.  As PVHC's claims against HealthTech far exceed $75,000, HealthTech's claims for recovery from Cardwell and Plake relating to PVHC's allegations will exceed this threshold as well.  Not only is the amount in controversy requirement already satisfied, but the amount sought by HealthTech will be even greater if PVHC joins the litigation.

The Tenth Circuit has directed that a plaintiff meets its burden to allege satisfaction of the jurisdictional prerequisite of the district court under 28 U.S.C. § 1332(a) if "it is not legally certain that the claim is less than the jurisdictional amount."  *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) (quoting *Woodmen of World Life Ins. Soc. v. Manganaro*, 342 F.2d 1213, 1216 (10th Cir. 2003)).  This "legal certainty" standard is very strict, making it difficult to dismiss a case on the basis of the amount in controversy.  *Id.*  Cardwell cannot meet that burden.

In sum, based on the reasons discussed above, including recent substantial developments in this litigation, there is no basis for dismissal of HealthTech's complaint.  Accordingly, HealthTech asks the Court to deny Defendant Cardwell's motion to dismiss.

DATED:  April 26, 2012.

/s/ Bradley T. Cave
Bradley T. Cave, P.C.
Joanna R. Vilos
Holland & Hart LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

Eli J. Richardson (*admitted pro hac vice*)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416
richardsonej@bassberry.com

ATTORNEYS FOR PLAINTIFF
HEALTHTECH MANAGEMENT SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2012, I served a true and correct copy of the foregoing

by CM/ECF addressed to the following:

Robert W. Horn
Robert W. Horn, P.C.
230 East Broadway, Suite 3A
Post Office Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
rwyork@york-law.com

/s/ Bradley T. Cave

5548073_1.DOCX

# Exhibit A

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 MAR 15 PM 5 58

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No. | 12cr81-F |
| | ) | | |
| Plaintiff, | ) | **Ct. 1:** | **18 U.S.C. § 1349** |
| | ) | | (Conspiracy to Commit Mail |
| v | ) | | and Wire Fraud) |
| | ) | | |
| **MICHAEL J. PLAKE, d/b/a/ Plake** | ) | **Ct. 2:** | **18 U.S.C. § 1956(h)** |
| **and Associates,** | ) | | (Conspiracy to Commit |
| | ) | | Money Laundering) |
| and | ) | | |
| | ) | **Cts. 3-14:** | **18 U.S.C. § 1341** |
| **PAUL D. CARDWELL,** | ) | | (Mail Fraud) |
| | ) | | |
| Defendants. | ) | **Ct. 15:** | **U.S.C. § 1343** |
| | ) | | (Wire Fraud) |

## I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

ALLEGATIONS COMMON TO ALL COUNTS:

1.     Beginning on or about March 2011 and continuing through and including September 2011, the Defendants **MICHAEL J. PLAKE, d/b/a/ Plake and Associates** (hereinafter **PLAKE**) and **PAUL D. CARDWELL** (hereinafter **CARDWELL**) obtained $847,884.00 from Powell Valley Healthcare, Inc. (hereinafter PVHC), Powell, Wyoming, through a fraudulent billing scheme involving an entity known as "Plake and Associates."

2.     At all times material to this Indictment, Defendant **CARDWELL** was the Chief Executive Officer (CEO) at PVHC in Powell, Wyoming.

3.      At all times material to this Indictment, Defendant **PLAKE** was the Director of Religous Education, Youth Minister, St. Thomas Aquinas Center, The Catholic Center at Purdue University, Lafayette, Indiana.

4.      At all times material to this Indictment, "Plake and Associates" was represented to be a health care recruiting firm retained through Defendant **CARDWELL** to place various medical personnel for PVHC.

5.      At all times material to this Indictment, Defendant **PLAKE** was the sole proprietor of Plake and Associates, which entity conducted no recruiting for PVHC, and which entity had its only physical location at Defendant **PLAKE's** personal residence in West Lafayette, Indiana.

6.      At all times material to this Indictment, PVHC was a regional health care facility serving northwestern Wyoming and located in Powell, Wyoming.

### COUNT ONE
#### (Conspiracy to Commit Mail and Wire Fraud)

Beginning on or about March 2011, and continuing through and including September 2011, in the District of Wyoming and elsewhere, the Defendants, **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with one another to commit mail fraud and wire fraud, by devising and executing a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises, from Powell Valley Healthcare, Inc., Powell, Wyoming, which scheme

2

was furthered by the use of the mails (as well as a commercial interstate carrier), and wire communications, in violation of 18 U.S.C. §§ 1341 and 1343.

## MANNER AND MEANS

1. It was part of the conspiracy that in March 2011, Defendant **CARDWELL** contacted PVHC's Director of Recruiting (M.G.) to inform M.G. that **CARDWELL**, as CEO, would be handling all physician recruitment at PVHC.

2. It was further a part of the conspiracy to commit mail fraud and wire fraud that Defendant **CARDWELL** contacted **PLAKE** to obtain Plake and Associates' taxpayer identification number, as well as an address for that entity.

3. It was further a part of the conspiracy to commit mail fraud and wire fraud that Defendant **CARDWELL** began instructing PVHC personnel to send checks via Federal Express (FedEx) to Plake and Associates at **PLAKE's** personal residence in West Lafayette, Indiana.

4. It was further a part of the conspiracy to commit mail fraud and wire fraud that Defendant **PLAKE** deposited all of the Plake and Associates checks from PVHC into the Plake and Associates checking account at Purdue Employees Federal Credit Union in Lafayette, Indiana.

5. It was further a part of the conspiracy to commit mail fraud and wire fraud that **PLAKE** paid **CARDWELL** approximately 75% of the monies sent to Plake and Associates by PVHC.

6.     It was  further a part of the conspiracy to commit mail fraud and wire fraud that **PLAKE** retained 25% of the proceeds from PVHC, knowing that Plake and Associates never conducted any physician or medical personnel recruiting for PVHC.

7.     It was further a part of the conspiracy to commit mail fraud and wire fraud that after PVHC auditors began questioning the payments made to Plake and Associates, Defendants **CARDWELL** and **PLAKE** fabricated "recruiting agreements" and "invoices" to create the illusion that the contracts and invoices had been previously provided to PVHC for the payments totaling $847,884.00.

All in violation of 18 U.S.C. § 1349.

## COUNT TWO
### (Conspiracy to Commit Money Laundering)

Beginning on or about April 2011, and continuing through and including September 2011, in the District of Wyoming and elsewhere, the Defendants, **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other to engage in monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000.00, as described in the "Manner and Means" portion of Count One of this Indictment, that is, **MICHAEL J. PLAKE** returned approximately $706,000.00 to **PAUL D. CARDWELL** which were proceeds from recruiting fees paid by PVHC to Plake and Associates for which recruiting never occurred, in violation of 18 U.S.C. § 1957.

4

## MANNER AND MEANS

1.     It was part of the conspiracy to launder money that Defendants **CARDWELL** and **PLAKE** agreed that **PLAKE** would return to **CARDWELL** 75%  of the funds received from PVHC.

2.     It was further a part of the conspiracy to launder money that Defendant **PLAKE** sent a total of seven checks,  drawn on the Plake and Associates checking account at Purdue Employees Federal Credit Union, to **CARDWELL**, and each check was in an amount exceeding $10,000.00.

3.     It was further a part of the conspiracy to launder money that Defendant **PLAKE** sent a total of four overseas wire transfers for the benefit of **CARDWELL**, and each wire transfer was in an amount exceeding $10,000.00.

4.     It was further a part of the conspiracy to launder money that Defendant **PLAKE**, after receipt of his portion of the PVHC proceeds, sent an overseas wire transfer for his own benefit, which wire transfer was in an amount exceeding $10,000.00.

All in violation of 18 U.S.C. § 1956(h).

## COUNT THREE
### (Mail Fraud)

On or about April 7, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of  executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in the "Manner and Means"

portion in Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #122761, payable to "Plake and Associates LLC", in the amount of $57,200.00, and sent via Federal Express, a commercial interstate carrier, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT FOUR
### (Mail Fraud)

On or about May 11, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE,** for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portion of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #123510, payable to "Plake and Associates LLC", in the amount of $72,643.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416874529, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT FIVE
### (Mail Fraud)

On or about June 16, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portion of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #124349, payable to "Plake and Associates LLC", in the amount of $30,254.00, and sent via Federal Express, a commercial interstate carrier, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT SIX
### (Mail Fraud)

On or about June 23, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in the "Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an

authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #124522, payable to "Plake and Associates LLC", in the amount of $33,500.00, and sent via Federal Express, a commercial interstate carrier, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT SEVEN
### (Mail Fraud)

On or about June 30, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE,** for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #124588, payable to "Plake and Associates LLC", in the amount of $96,150.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416874893, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

### COUNT EIGHT
**(Mail Fraud)**

On or about July 15, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE,** for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portion of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #124946, payable to "Plake and Associates LLC", in the amount of $ 90,675.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416875021, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

### COUNT NINE
**(Mail Fraud)**

On or about July 20, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE,** for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an

9

authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #124991, payable to "Plake and Associates LLC", in the amount of $57,500.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416875065, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

### COUNT TEN
### (Mail Fraud)

On or about July 28, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #125186, payable to "Plake and Associates LLC", in the amount of $72,825.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416875168, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT ELEVEN
### (Mail Fraud)

On or about August 17, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #125547, payable to "Plake and Associates LLC", in the amount of $83,185.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416875330, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT TWELVE
### (Mail Fraud)

On or about September 8, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley

11

Healthcare, Inc. check #126245, payable to "Plake and Associates LLC", in the amount of $79,425.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416875525, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

### COUNT THIRTEEN
**(Mail Fraud)**

On or about September 13, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #126293, payable to "Plake and Associates LLC", in the amount of $83,889.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416875536, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT FOURTEEN
### (Mail Fraud)

On or about September 20, 2011, in the District of Wyoming and elsewhere, the Defendants **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a Powell Valley Healthcare, Inc. check #126434, payable to "Plake and Associates LLC", in the amount of $90,638.00, and sent via Federal Express, a commercial interstate carrier, tracking #488416875606, which funds were subsequently converted to Defendants **PAUL D. CARDWELL's** and **MICHAEL J. PLAKE's** personal use and benefit.

In violation of 18 U.S.C. § 1341.

## COUNT FIFTEEN
### (Wire Fraud)

On or about September 25, 2011, in the District of Wyoming and elsewhere, the Defendants, **PAUL D. CARDWELL** and **MICHAEL J. PLAKE**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations and promises, as described in the "Manner and Means" portions of Counts One and Two of this Indictment, did knowingly cause to be transmitted by means of wire communication, in interstate commerce, between Indiana and Wyoming, certain signs, signals, and

13

sounds, that is, an electronic wire communication (an email) which included invoices and alleged contracts between Plake and Associates and Powell Valley Healthcare, Inc.

In violation of 18 U.S.C. § 1343.

A TRUE BILL:

_Kevin J. Frank_
FOREPERSON

_M Crofts_
CHRISTOPHER A. CROFTS
United States Attorney

14

## PENALTY SUMMARY

**DEFENDANT NAME:**    **PAUL D. CARDWELL**

**DATE:**    March 13, 2012

**INTERPRETER NEEDED:**    _____ Yes    ✓ No

**VICTIM:**    ✓ Yes    _____ No

**SEAL CASE:**    _____ Yes    ✓ No

**OFFENSE**:    Ct. 1:    **18 U.S.C. § 1349**
(Conspiracy to Commit Mail and Wire Fraud)

**PENALTIES**:    20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE**:    Ct. 2 :    **18 U.S.C. § 1956(h)**
(Conspiracy to Commit Money Laundering)

**PENALTIES**:    10 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE:**    Cts. 3-14:    **18 U.S.C. § 1341**
(Mail Fraud)

**PENALTIES**:    20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE:**    Ct. 15:    **18 U.S.C. § 1343**
(Wire Fraud)

**PENALTIES**:    20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**PENALTY SUMMARY - PAUL D. CARDWELL**
**PAGE 2**

**TOTAL**:               290 YEARS IMPRISONMENT
$3,750,000 FINE
3 YEARS SUPERVISED RELEASE
$1,500 SPECIAL ASSESSMENT

**AGENT:**    Norm Scott/FBI        **AUSA:**     Lisa E. Leschuck
Chris Lucas/USPS

**ESTIMATED TIME OF TRIAL:**   ✓   1-5 days       more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

              ✓   Yes         No
**The court should not grant bond because the**
**Defendant is not bondable because there are**
**detainers from other jurisdictions:**

             Yes         No

## PENALTY SUMMARY

**DEFENDANT NAME:**   **MICHAEL J. PLAKE, d/b/a/ Plake and Associates**

**DATE:**   March 13, 2012

**INTERPRETER NEEDED:**   \_\_\_\_\_ Yes   ✓ No

**VICTIM:**   ✓ Yes   \_\_\_\_\_ No

**SEAL CASE:**   \_\_\_\_\_ Yes   ✓ No

**OFFENSE**:  Ct. 1:   **18 U.S.C. § 1349**
(Conspiracy to Commit Mail and Wire Fraud)

**PENALTIES:**   20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE**:  Ct. 2 :   **18 U.S.C. § 1956(h)**
(Conspiracy to Commit Money Laundering)

**PENALTIES:**   10 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE:**  **Cts. 3-14:**   **18 U.S.C. § 1341**
(Mail Fraud)

**PENALTIES:**   20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE:**  **Ct. 15:**   **U.S.C. § 1343**
(Wire Fraud)

**PENALTIES:**   20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**PENALTY SUMMARY - MICHAEL J. PLAKE, d/b/a/ Plake and Associates**
**Page 2**

**TOTAL**:          290 YEARS IMPRISONMENT
               $3,750,000 FINE
               3 YEARS SUPERVISED RELEASE
               $1,500 SPECIAL ASSESSMENT


**AGENT:**     Norm Scott/FBI          **AUSA:**      Lisa E. Leschuck
               Chris Lucas/USPS

**ESTIMATED TIME OF TRIAL:**   __✓__ 1-5 days  _____ more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

               __✓__ Yes     ____ No
               **The court should not grant bond because the**
               **Defendant is not bondable because there are**
               **detainers from other jurisdictions:**

               ____ Yes          ____ No