FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 APR 30 AM 9 48

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL CARDWELL, <br><br> Defendant. | Case No. 12-CV-42-F |

**ORDER GRANTING POWELL VALLEY HEALTH CARE, INC.'S MOTION TO INTERVENE**

This matter is before the Court on Powell Valley Health Care, Inc.'s (PVHC) motion to intervene. The Plaintiff in this matter does not oppose PVHC's motion to intervene. After reviewing PVHC's motion and being fully informed, the Court finds that PVHC's motion to intervene is granted.

On February 23, 2012, HealthTech Management Services, Inc. (HealthTech) filed a Complaint against Paul Cardwell asserting claims for Breach of Fiduciary Duty and Breach of the Implied Covenant of Good Faith and Fair Dealing. HealthTech provides management services to various hospitals throughout the United States. The Complaint alleges that

HealthTech agreed to provide a CEO to PVHC. HealthTech selected Defendant to fill the position of CEO for PVHC. HealthTech alleges that shortly after Defendant arrived at PVHC, Defendant implemented a scheme to embezzle and misappropriate PVHC funds in the amount of $847,934. HealthTech alleges that Defendant caused PVHC to make payments to a straw company for services that were never rendered.

PVHC filed a motion to intervene in this matter and assert claims against HealthTech, Defendant Paul Cardwell, and his alleged co-conspirator, Michael Plake. PVHC's claims all relate to the same actions alleged by HealthTech. PVHC claims Defendant directed the business office of PVHC to pay over $847,000 to a business for recruiting services that were never provided. PVHC claims the money allegedly embezzled belonged to PVHC and therefore, the claims are nearly identical and interrelated to HealthTech's claims.

## DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure states:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
. . .
>    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, a movant may intervene as a matter of right if "(1) the [motion] is timely, (2)

the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005); *Oklahoma v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010).

Here, PVHC's motion is timely. "The timeliness of a motion to intervene is determined 'in light of all of the circumstances.'" *Tyson Foods, Inc.*, 619 F.3d at 1232. PVHC seeks to intervene early in the proceeding and immediately after Defendant answered. There is no prejudice to either party and no indication that allowing PVHC to intervene will delay or hinder the proceedings. Accordingly, PVHC's motion to intervene is timely.

Second, PVHC claims an interest in the money allegedly wrongfully embezzled. PVHC claims that although Defendant was hired by HealthTech, the money allegedly embezzled was actually PVHC's money. Thus, PVHC claims an interest relating to the property which is the subject of this action.

Additionally, HealthTech and PVHC's claims arise from the same transactions and are intertwined in such a way that PVHC's ability to protect its own interests would be impaired if the Court did not allow PVHC to intervene. Finally, PVHC's interests are not adequately represented by HealthTech. This is evidenced by PVHC's cross claim against

HealthTech. In addition to claims against Defendant, PVHC asserts claims for breach of contract, breach of the implied obligation of good faith and fair dealing, and negligence against HealthTech. Thus, PVHC's interests are not adequately represented by the existing parties.

After reviewing the requirements for intervention as a matter of right, PVHC is a necessary party that should be allowed to intervene. PVHC's claims arise from the same facts as those asserted in this action, they claim an interest in the property subject to this action, and their interests are not adequately represented by the existing parties.

## CONCLUSION

For the reasons, discussed above, Powell Valley Health Care, Inc.'s motion to intervene is GRANTED. PVHC may intervene in this matter and assert the proposed cross claims.

Dated this _30th_ day of April, 2012.

*Nancy D. Freudenthal*
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE