FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 MAY 1 PM 4 05

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL CARDWELL, <br><br> Defendant. | Case No. 12-CV-42-F |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Paul Cardwell's (Cardwell) Motion to Dismiss HealthTech Management Services' (HealthTech) Complaint. Instead of filing a motion to dismiss and separate brief in support of the motion to dismiss as required by U.S.D.C.L.R. 7.1(2)(A), Cardwell included a motion to dismiss in his answer to HealthTech's Complaint. Cardwell failed to provide a written brief in support of the motion to dismiss and the motion contains a paucity of facts and law to support Cardwell's position.

In the motion to dismiss, Cardwell first argues the Court should dismiss HealthTech's Complaint because the Court lacks subject matter jurisdiction. The only statement to support

this argument is that "[a]lthough the complaint alleges damages claimed to have been suffered by non-party Powell Valley Hospital, Inc., it fails to allege that Plaintiff itself has been individually damaged in any amount." (ECF No. 19, at 8). Second, Cardwell claims HealthTech failed to name two required parties—Powell Valley Health Care, Inc. (PVHC) and Michael Plake. Defendant does not provide any analysis regarding these parties and the requirements under Fed. R. Civ. P. 19(a).

## DISCUSSION

After Cardwell filed his motion to dismiss, PVHC filed a motion to intervene and assert claims against HealthTech, Cardwell, and Michael Plake. The Court granted PVHC's motion to intervene on April 30, 2012 and allowed PVHC to assert claims against these individuals. The same day, PVHC asserted cross claims against HealthTech, Cardwell, and Michael Plake. Accordingly, to the extent Cardwell argues for dismissal based on the failure to join PVHC and Michael Plake, this argument is moot. Both individuals are now parties. The only remaining basis for Cardwell's motion to dismiss is lack of subject matter jurisdiction.

Cardwell argues the Court lacks subject matter jurisdiction since the Complaint fails to allege Plaintiff has been individually damaged. However, HealthTech's Complaint

properly alleges diversity jurisdiction and the amount in controversy. Thus, Cardwell's argument lacks merit.

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires a diversity of citizenship between the parties and an amount in controversy that exceeds "75,000, exclusive of interest and costs." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). "The amount claimed by the plaintiff in its complaint generally controls and "alone can be sufficient" to support subject matter jurisdiction." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011).

Here, Cardwell does not argue that the parties are not diverse. Rather, Cardwell contests the amount in controversy alleged by HealthTech and suggests that HealthTech has not alleged any damages. However, HealthTech's Complaint alleges a sufficient amount in controversy to provide the Court with subject matter jurisdiction. For example, the Complaint alleges that Cardwell breached the implied covenant of good faith and fair dealing, in both tort and contract, when he embezzled and misappropriated PVHC funds. Additionally, the Complaint alleges damages in excess of $75,000 owed to HealthTech because of Cardwell's breach of fiduciary duties. (Compl., ECF No. 1, at 7). These allegations demonstrate that HealthTech is alleging damages in excess of $75,000 based on Cardwell's alleged embezzlement.

## CONCLUSION

For the reasons discussed above, the Court FINDS and ORDERS as follows:

IT IS ORDERED that Defendant Paul Cardwell's Motion to Dismiss is DENIED. To the extent Cardwell claims HealthTech failed to name required parties, the argument is MOOT. Additionally, Cardwell's argument based on lack of subject matter jurisdiction lacks merit.

Dated this ‗‗1st‗‗ day of May, 2012.

*/s/ Nancy D. Freudenthal*
_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE