## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF WYOMING

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:12-cv-00042-NDF |
| | ) |
| PAUL CARDWELL, | ) |
| | ) |
| Defendant. | ) |
| | |
| POWELL VALLEY HEALTH CARE, INC., a Wyoming non-profit corporation, | ) |
| | ) |
| | ) |
| Cross Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC.; PAUL CARDWELL and MICHAEL J. PLAKE, | ) |
| | ) |
| | ) |
| Cross Defendants. | ) |

## PAUL CARDWELL'S ANSWER TO CROSS CLAIM OF POWELL VALLEY HEALTH CARE, INC.

Comes now Cross Defendant, Paul Cardwell ("Cardwell"), by counsel, and for his

Answer to the Cross Claim filed against him by Powell Valley Health Care, Inc. ("PVHC"),

states the following:

## I.  GENERAL DENIAL

Cardwell generally denies all allegations in the Cross Claim, except those specifically

admitted below.

## II.  DENIAL AS TO ALLEGATIONS AGAINST OTHER CROSS DEFENDANTS

As to each allegation in the Cross Claim that asserts that HealthTech Management

Services, Inc. ("HealthTech") and/or Michael J. Plake ("Plake") acted or failed to act in a

described manner, those allegations are addressed to those Cross Defendants and not as to Cardwell and to the extent such allegations require Cardwell to provide a response, he denies each such allegation.

## III.  JURISDICTION AND VENUE

1.      Cardwell admits the allegations of Paragraph 1 of Section I the Cross Claim.

2.      As to paragraph 2 of section I of the Cross Claim, Cardwell admits that Wyo. Stat. § 5-1-107 (a) states in part that a Wyoming state court "may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution" but denies that such statute has any application where Plaintiff requests jurisdiction of a United States District Court.

3.      Cardwell admits the allegations of Paragraph 3 of Section I of the Cross Claim.

## IV.  PARTIES

1.      Cardwell admits the allegations of Paragraph 1 of Section II of the Cross Claim.

2.      As to paragraph 2 of section II of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies same.

3.      Cardwell admits the allegations of Paragraph 3 of Section II of the Cross Claim.

4.      Cardwell admits the allegations of Paragraph 4 of Section II of the Cross Claim.

## V.  FACTUAL BACKGROUND

1.      As to paragraph 1 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

2.      As to paragraph 2 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

3.      As to paragraph 3 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

4.      As to paragraph 4 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

5.      As to paragraph 5 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

6.      As to paragraph 6 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

7.      As to paragraph 7 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

8.      As to paragraph 8 of section III of the Cross Claim, Cardwell admits that on February 10, 2011, he signed a letter dated February 9, 2011 from Derek Morkel, President & CEO of HealthTech, admits that the letter provided that he was to serve as CEO for PVHC and denies all other allegations and inferences of fact asserted in this paragraph.

9.      As to paragraph 9 of section III of the Cross Claim, Cardwell admits that he started his service as CEO of PVHC on or about March 7, 2011 and denies all other allegations and inferences of fact asserted in this paragraph.

10.      Cardwell denies the allegations of paragraph 10 of section III of the Cross Claim.

11.      As to paragraph 11 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

12.      Cardwell denies the allegations of paragraph 12 of section III of the Cross Claim.

13.      As to paragraph 13 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

14.      Cardwell denies the allegations of Paragraph 14 of section III of the Cross Claim.

15.      As to paragraph 15 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

16.      As to paragraph 16 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

17.      As to paragraph 17 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

18.     As to paragraph 18 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

19.     As to paragraph 19 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

20.     Cardwell denies the allegations of paragraph 20 of section III of the Cross Claim.

21.     As to paragraph 21 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

22.     Cardwell denies the allegations of paragraph 22 of section III of the Cross Claim.

23.     Cardwell denies the allegations of paragraph 23 of section III of the Cross Claim.

24.     As to paragraph 24 of section III of the Cross Claim, Cardwell lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

25.     As to paragraph 25 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

26.     As to paragraph 26 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

27.     Cardwell denies the allegations of Paragraph 27 of section III of the Cross Claim.

28.     Cardwell denies the allegations of Paragraph 28 of section III of the Cross Claim.

29.     Cardwell denies the allegations of Paragraph 29 of section III of the Cross Claim.

30.     Cardwell denies the allegations of Paragraph 30 of section III of the Cross Claim.

31.     Cardwell denies the allegations of Paragraph 31 of section III of the Cross Claim.

32.     As to paragraph 32 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

33.     Cardwell denies the allegations of Paragraph 33 of section III of the Cross Claim.

34.     Cardwell denies the allegations of Paragraph 34 of section III of the Cross Claim.

35.     Cardwell denies the allegations of Paragraph 35 of section III of the Cross Claim.

36.     Cardwell denies the allegations of Paragraph 36 of section III of the Cross Claim.

37.     Cardwell denies the allegations of Paragraph 37 of section III of the Cross Claim.

38.     As to paragraph 38 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

39.     Cardwell denies the allegations of Paragraph 39 of section III of the Cross Claim.

40.     As to paragraph 40 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

41.     As to paragraph 41 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

42.     As to paragraph 42 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

43.     As to paragraph 43 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

44.     Cardwell denies the allegations of Paragraph 44 of section III of the Cross Claim.

45.     As to paragraph 45 of section III of the Cross Claim, Cardwell was neither a party to nor aware of any agreement between PVHC and HealthTech and denies the allegations of this paragraph.

## COUNT I – FRAUD/THEFT

46.     As to paragraph 46 of the Cross Claim, Cardwell hereby incorporates by reference his General Denial, his Denial as to Allegations Against Other Cross Defendants and his responses to Paragraphs 1 through 45 above as if fully set forth herein.

47.     Cardwell denies the allegations of Paragraph 47 of the Cross Claim.

48.     Cardwell denies the allegations of Paragraph 48 of the Cross Claim.

49.     Cardwell denies the allegations of Paragraph 49 of the Cross Claim.

## COUNT II – INTENTIONAL MISREPRESENTATION

50.     As to paragraph 50 of the Cross Claim, Cardwell hereby incorporates by reference his General Denial, his Denial as to Allegations Against Other Cross Defendants and his responses to Paragraphs 1 through 49 above as if fully set forth herein.

51.     Cardwell denies the allegations of Paragraph 50 of the Cross Claim.

## COUNT III – BREACH OF CONTRACT

52.    As to paragraph 52 of the Cross Claim, Cardwell hereby incorporates by reference his General Denial, his Denial as to Allegations Against Other Cross Defendants and his responses to Paragraphs 1 through 51 above as if fully set forth herein.

53.    Cardwell denies the allegations of Paragraph 53 of the Cross Claim.

## COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (CONTRACT)

54.    As to paragraph 54 of the Cross Claim, Cardwell hereby incorporates by reference his General Denial, his Denial as to Allegations Against Other Cross Defendants and his responses to Paragraphs 1 through 53 above as if fully set forth herein.

55.    Count IV asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 55 of the Cross Claim.

56.    Count IV asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 56 of the Cross Claim.

57.    Count IV asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 57 of the Cross Claim.

## COUNT V – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (TORT)

58.    As to paragraph 58 of the Cross Claim, Cardwell hereby incorporates by reference his General Denial, his Denial as to Allegations Against Other Cross Defendants and his responses to Paragraphs 1 through 57 above as if fully set forth herein.

59.     Count V asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 59 of the Cross Claim.

60.     Count V asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 60 of the Cross Claim.

61.     Count V asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 61 of the Cross Claim.

## COUNT VI – NEGLIGENCE

62.     As to paragraph 62 of the Cross Claim, Cardwell hereby incorporates by reference his General Denial, his Denial as to Allegations Against Other Cross Defendants and his responses to Paragraphs 1 through 61 above as if fully set forth herein.

63.     Count VI asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 63 of the Cross Claim.

64.     Count VI asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 64 of the Cross Claim.

65.     Count VI asserts a claim against HealthTech and not Cardwell.  To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 65 of the Cross Claim.

66. Count VI asserts a claim against HealthTech and not Cardwell. To the extent this Count asserts a claim against Cardwell, he denies the allegations of Paragraph 66 of the Cross Claim.

Wherefore, Paul Cardwell, prays that PVHC's demands for relief be denied, that judgment be entered in favor of Cardwell on PVHC's Cross Claim, that PVHC take nothing by way of its Cross Claim against him and for all other just and proper relief.

Respectfully submitted,

Attorneys for Paul Cardwell

/s/ Robert W. York
Robert W. York, *admitted pro hac vice*
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
Tel: (317) 842-8000
Fax: (317) 577-7321
Email: rwyork@york-law.com

/s/ Robert W. Horn
Robert W. Horn, #5-1720
ROBERT W. HORN, P.C.
P.O. Box 4199
230 East Broadway, Suite 3A
Jackson, WY 83001
Tel: (307) 733-5747
Fax: (307) 733-8215
Email: rhornatty@bliss.net

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2012, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Tracy Copenhaver                    Bradley Cave
P. O. Box 839                       P. O. Box 1347
Powell, Wyoming 82435               Cheyenne, Wyoming 82003-1347

Eli Richardson
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201

_/s/ Robert W. Horn_
Robert W. Horn