Bradley T. Cave, P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson (admitted pro hac vice)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL CARDWELL, | ) | Civil Action No. 12-CV-0042-F |
| | ) | |
| Defendant. | ) | **HEALTHTECH** |
| | ) | **MANAGEMENT SERVICES,** |
| POWELL VALLEY HEALTH CARE, INC., | ) | **INC.'S ANSWER TO** |
| | ) | **CROSSCLAIM OF POWELL** |
| Cross-Claimant, | ) | **VALLEY HEALTHCARE, INC.** |
| v. | ) | **AND** |
| | ) | **CROSSCLAIM OF** |
| HEALTHTECH MANAGEMENT SERVICES, INC.; | ) | **HEALTHTECH AGAINST** |
| PAUL CARDWELL and MICHAEL J. PLAKE, | ) | **CARDWELL AND PLAKE** |
| | ) | |
| Cross-Defendants. | ) | |

HealthTech Management Services, Inc. (HealthTech), by undersigned counsel, responds to Powell Valley Healthcare, Inc.'s (PVHC) Crossclaim as follows:

## I. JURISDICTION AND VENUE

1.     HealthTech admits this Court has subject matter jurisdiction over this action.

2.     HealthTech admits this Court has personal jurisdiction over the parties to this action.

3.     HealthTech admits the proper venue for this action is the United States District Court for the District of Wyoming.

## II. PARTIES

1.     HealthTech admits the allegations of paragraph 1 of the "Parties" section of PVHC's Crossclaim.

2.     HealthTech admits the allegations of paragraph 2 of the "Parties" section of PVHC's Crossclaim.

3.     HealthTech admits that Paul Cardwell is a citizen of the United States.  Upon information and belief, HealthTech admits the remaining allegations of paragraph 3 of the "Parties" section of PVHC's Crossclaim.

4.     HealthTech admits that Michael J. Plake is a citizen of the United States.  Upon information and belief, HealthTech admits the remaining allegations of paragraph 4 of the "Parties" section of PVHC's Crossclaim.

### III.  FACTUAL BACKGROUND

1.    HealthTech admits the allegations of paragraph 1 of PVHC's Crossclaim, except that Section 7.1 of the Agreement for Management Services was corrected by the parties as evidenced in Exhibit A to HealthTech's Complaint against Cardwell.[1]

2.    HealthTech admits the allegations of paragraph 2 of PVHC's Crossclaim.

3.    HealthTech admits the allegations of paragraph 3 of PVHC's Crossclaim.

4.    HealthTech admits the allegations of paragraph 4 of PVHC's Crossclaim, with the understanding that the "authority of an officer" referred to in the second sentence of the paragraph is the authority of an officer of PVHC, not HealthTech.

5.    HealthTech admits that Cardwell was employed by HealthTech while serving as the CEO of PVHC and that Cardwell was HealthTech's agent for purposes of carrying out the CEO duties, responsibilities, obligations and commitments under the Management Services Agreement (also referred to as the "Management Agreement" in PVHC's Crossclaim). HealthTech, however, affirmatively asserts that Cardwell was acting outside the scope of his employment and agency when he committed the unlawful and inappropriate acts described in HealthTech's Complaint and PVHC's Crossclaim.  HealthTech denies the remaining allegations of paragraph 5 of PVHC's Crossclaim to the extent that they are inconsistent with this affirmative assertion.

---

[1] The numbering of the paragraphs in PVHC's Crossclaim starts again at number 1 at the beginning of the section headed "Factual Background" and then continues in the sections that follow (Counts I-VI).  The remaining numbering of HealthTech's Answer corresponds thereto.

6.     HealthTech admits the allegations of paragraph 6 of PVHC's Crossclaim.

7.     HealthTech currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of paragraph 7 of PVHC's Crossclaim but states that its intention was to provide a CEO who was reputable, qualified and capable of satisfactorily serving as CEO of PVHC.   HealthTech admits the remaining allegations of paragraph 7 of PVHC's Crossclaim.

8.     HealthTech admits the allegations of paragraph 8 of PVHC's Crossclaim.

9.     HealthTech admits the allegations of paragraph 9 of PVHC's Crossclaim.

10.   HealthTech admits the allegations of paragraph 10 of PVHC's Crossclaim.

11.   HealthTech lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of PVHC's Crossclaim and therefore denies them.

12.   Due to what appears to be a typographical error, HealthTech does not fully comprehend the allegations contained in paragraph 12 of PVHC's Crossclaim and therefore denies them.  In addition, to the extent that PVHC alleges the existence of a fiduciary relationship between itself and HealthTech, HealthTech denies such allegation and further states that under Section 12.3 of the Management Services Agreement, PVHC and HealthTech specifically "disclaim any fiduciary or confidential relationship, whether stated or implied by law."

13.   HealthTech asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 13 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding management responsibilities outside of the Management Services Agreement.  HealthTech lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the third sentence of paragraph 13 of PVHC's Crossclaim and therefore denies them.  HealthTech admits that it assigned Cardwell to serve as CEO of PVHC beginning in March of 2011.  HealthTech denies the remaining allegations of paragraph 13 of PVHC's Crossclaim.

14.   HealthTech admits that Cardwell was the acting CEO of PVHC from approximately March 7, 2011 through September 23, 2011.  Upon information and belief, HealthTech further admits that Cardwell engaged in conduct explicitly contrary to the interests and business operations of PVHC.  Upon information and belief, HealthTech admits that Cardwell failed to utilize reasonable or appropriate business judgment in the discharge of his duties with respect to any of his conduct that was explicitly contrary to the interests and business operations of PVHC.  HealthTech denies the remaining allegations of paragraph 14 of PVHC's Crossclaim and affirmatively states that Cardwell was acting outside the scope of his employment when he committed the unlawful and inappropriate acts described in HealthTech's Complaint and PVHC's Crossclaim.

15.   HealthTech admits the Management Services Agreement contains language relating to HealthTech's authority and responsibility, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 15 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding management responsibilities outside of the Management Services Agreement.

16.   HealthTech denies the allegations of paragraph 16 of PVHC's Crossclaim.

17.   HealthTech admits the Management Services Agreement contains language relating to personnel administration and compliance, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 17 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding CEO-level oversight outside of the Management Services Agreement.

18.   HealthTech denies the allegations of paragraph 18 of PVHC's Crossclaim.

19.   HealthTech admits the Management Services Agreement contains language relating to collection of accounts, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 19 of PVHC's

Crossclaim to the extent they allege that HealthTech made any agreement, or assumed any responsibilities, regarding CEO-level oversight outside of the Management Services Agreement.

20.   Upon information and belief, HealthTech admits that Cardwell told the resigning physician that he need not repay the signing bonus in the amount of $25,000 and that the signing bonus was actually in the amount of $35,000.  HealthTech lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 20 of PVHC's Crossclaim and therefore denies them.

21.   HealthTech admits the Management Services Agreement contains language relating to payment of accounts and indebtedness, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 21 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding CEO-level oversight or the exercise of diligence and care outside of the Management Services Agreement.

22.   Upon information and belief, HealthTech admits the allegations contained in paragraph 22 of PVHC's Crossclaim, except that HealthTech does not admit, but rather specifically denies, such allegations to the extent they imply that Cardwell was acting as agent of HealthTech in committing the unlawful and inappropriate acts described in HealthTech's Complaint or PVHC's Crossclaim.

23.   Upon information and belief, HealthTech admits that Cardwell, while serving as PVHC's CEO, embarked on a course of conduct in which he abused his position and caused PVHC employees to make payments to Plake and Associates for recruitment services that Cardwell knew were not and never would be provided.  HealthTech denies the remaining allegations of paragraph 23 of PVHC's Crossclaim.

24.   HealthTech denies the allegations of paragraph 24 of PVHC's Crossclaim.

25.   HealthTech admits that an implied covenant of good faith and fair dealing applies with respect to the Management Services Agreement between HealthTech and PVHC but denies that it has breached such covenant.  HealthTech denies the remaining allegations of paragraph 25 of PVHC's Crossclaim.

26.   HealthTech admits the Management Services Agreement contains language relating to good faith, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.

27.   Upon information and belief, HealthTech admits that Cardwell, shortly after arriving at PVHC to assume the duties of CEO, implemented a scheme to deceive and defraud PVHC and improperly embezzle and misappropriate PVHC funds in an amount not less than $847,934. HealthTech denies the remaining allegations of paragraph 27 of PVHC's Crossclaim.

28.   Upon information and belief, HealthTech admits the allegations of paragraph 28 of PVHC's Crossclaim.

29.   Upon information and belief, HealthTech admits the allegations of paragraph 29 of PVHC's Crossclaim.

30.   Upon information and belief, HealthTech admits the allegations of paragraph 30 of PVHC's Crossclaim.

31.   HealthTech admits the allegations of paragraph 31 of PVHC's Crossclaim, with the understanding that they allege not that Cardwell was the CEO of HealthTech but rather that he was assigned by HealthTech to serve as CEO of PVHC.

32.   HealthTech admits the Management Services Agreement contains language relating to accounting and financial records, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.

33.   HealthTech denies the allegations contained in the first sentence of paragraph 33 of PVHC's Crossclaim.  Upon information and belief, HealthTech admits that Cardwell caused PVHC employees to make payments to Plake and Associates without appropriate payment documents.  HealthTech denies the remaining allegations of paragraph 33 of PVHC's Crossclaim to the extent they exceed the scope of the above admission, including but not limited to allegations to the effect that HealthTech assumed any obligation to provide CEO-level oversight of accounting procedures and controls outside of the Management Services Agreement.

34.   HealthTech admits the Management Services Agreement contains language relating to accounting and financial records, but asserts that the Management Services Agreement speaks

for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 34 of PVHC's Crossclaim to the extent they allege that HealthTech assumed any obligation regarding CEO-level oversight outside of the Management Services Agreement.

35.   Upon information and belief, HealthTech admits the allegations contained in the last sentence of paragraph 35 of PVHC's Crossclaim.  HealthTech lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 35 of PVHC's Crossclaim and therefore denies them.  HealthTech further denies the allegations of paragraph 35 of PVHC's Crossclaim to the extent they allege that HealthTech assumed any obligation regarding CEO-level oversight outside of the Management Services Agreement.

36.   HealthTech admits the Management Services Agreement contains language relating to purchase agreements, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 36 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding the CEO outside of the Management Services Agreement.  Upon information and belief, HealthTech admits that Cardwell made representations, to which the CFO was privy, that he had received prior approval from the Board for numerous recruiting contracts, when in fact he had not. HealthTech lacks knowledge or information sufficient to form a belief about the truth of the

allegation that Cardwell deceived and led the business office to believe that the recruiting contracts were separate contracts for each position.

37.  Upon information and belief, HealthTech admits that Cardwell caused payment to be made to Plake and Associates and subsequent to inquiry by auditors created and signed purchase agreements.  However, HealthTech asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies any implication that those facts constitute or reflect a breach of the Management Services Agreement.

38.  HealthTech admits the Management Services Agreement contains language relating to physician contracts, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  Upon information and belief, HealthTech admits Cardwell signed purported contracts which were ultimately supplied by Plake to PVHC, and that the contracts were represented to be for recruiting efforts provided by Plake and Associates for which Cardwell had caused PVHC to make payment to Plake and Associates in an amount in excess of $847,000.  HealthTech denies the remaining allegations of paragraph 38 of PVHC's Crossclaim.

39.  With respect to the unlawful and inappropriate conduct described in HealthTech's Complaint and PVHC's Crossclaim, HealthTech admits that Cardwell, while acting as CEO of PVHC, failed to properly and responsibly carry out certain of his duties as CEO of PVHC. HealthTech denies the remaining allegations of paragraph 39 of PVHC's Crossclaim.

40.   HealthTech admits the Management Services Agreement contains language relating to personnel compensation and benefits administration, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech denies the allegations of paragraph 40 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding compensation or benefits administration outside of the Management Services Agreement.  HealthTech currently lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to specific amounts paid by PVHC but admits PVHC made payments to HealthTech as reimbursement for costs relating to Cardwell's employment, salary, benefits and/or expenses.  Upon information and belief, HealthTech admits that with respect to the unlawful and inappropriate conduct described in HealthTech's Complaint and PVHC's Crossclaim, Cardwell failed to fulfill certain of his duties, responsibilities and obligations as PVHC's CEO and embarked on a course of conduct detrimental to the interests and welfare of PVHC.  HealthTech denies the remaining allegations of paragraph 40 of PVHC's Crossclaim.

41.   HealthTech admits the Management Services Agreement contains language relating to the base fee in the alleged amount, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech denies the remaining allegations of paragraph 41 of PVHC's Crossclaim.

42.   HealthTech admits the Management Services Agreement contains language relating to indemnification, including without limitation language setting forth a liability cap, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech denies the allegations of paragraph 42 to the extent they allege that HealthTech made any agreement to indemnify, defend or hold harmless PVHC outside of the Management Services Agreement.

43.   HealthTech admits Cardwell was an employee of and agent for HealthTech for purposes of carrying out the CEO duties under the Management Services Agreement. HealthTech, however, affirmatively asserts that Cardwell was acting outside the scope of his employment and agency when he committed the unlawful acts and inappropriate conduct described in HealthTech's Complaint and PVHC's Crossclaim.  HealthTech denies the remaining allegations of paragraph 43 of PVHC's Crossclaim.

44.   HealthTech denies the allegations of paragraph 44 of PVHC's Crossclaim.

45.   HealthTech admits the Management Services Agreement contains language relating to attorney fees, but asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech denies the allegations of paragraph 45 of PVHC's Crossclaim to the extent they allege that PVHC can recover any of its legal expenses from HealthTech.

## COUNT I – FRAUD/THEFT

46.   HealthTech hereby incorporates by reference the admissions, denials and statements contained in paragraphs 1 through 45 of this Answer.

47.   Upon information and belief, HealthTech admits the allegations of paragraph 47 of PVHC's Crossclaim.  Count I is not directed toward HealthTech but rather toward Cardwell and Plake.  To the extent PVHC makes any allegations that HealthTech is liable for fraud/theft, or that any act or omission of HealthTech proximately caused damages to PVHC, HealthTech denies the same.

48.   HealthTech lacks knowledge or information sufficient to form a belief regarding the truth of the allegation that Cardwell led the business office to believe there was a legitimate search being led by a legitimate recruiting firm and therefore denies them.  HealthTech also lacks knowledge or information sufficient to form a belief about the truth of the allegations that the false representations were relied upon by PVHC and that PVHC reasonably believed that the representations of Cardwell and Plake were true and therefore denies them.  Upon information and belief, HealthTech admits the remaining allegations of paragraph 48 of PVHC's Crossclaim. Count I is not directed toward HealthTech but rather toward Cardwell and Plake.  To the extent PVHC makes any allegations that HealthTech is liable for fraud/theft, or that any act or omission of HealthTech proximately caused damages to PVHC, HealthTech denies the same.

49.   HealthTech is without knowledge or information sufficient to form a belief as to the truth of the allegations that the hard drive contains confidential PVHC information which

belongs to PVHC and, therefore, denies them.  Upon information and belief, HealthTech admits

the remaining allegations contained in paragraph 49 of PVHC's Crossclaim.  Count I is not

directed toward HealthTech, but rather toward Cardwell and Plake.  To the extent PVHC makes

any allegations that HealthTech is liable for fraud/theft, or that any act or omission of

HealthTech proximately caused damages to PVHC, HealthTech denies the same.

### COUNT II – INTENTIONAL MISREPRESENTATION

50.  HealthTech hereby incorporates by reference the admissions, denials and statements

contained in paragraphs 1 through 49 of this Answer.

51.  HealthTech lacks knowledge or information sufficient to form a belief about the

truth of the allegations that PVHC believed the representations to be true and relied upon them.

Upon information and belief, HealthTech admits the remaining allegations of paragraph 51 of

PVHC's Crossclaim.  Count II is not directed toward HealthTech, but rather toward Cardwell

and Plake.  To the extent PVHC makes any allegations that HealthTech is liable for intentional

misrepresentation, or that any act or omission of HealthTech proximately caused damages to

PVHC, HealthTech denies the same.

### COUNT III – BREACH OF CONTRACT

52.  HealthTech hereby incorporates by reference the admissions, denials and statements

contained in paragraphs 1 through 51 of this Answer.

53.  HealthTech asserts that the Management Services Agreement speaks for itself and

denies any interpretation contrary to the plain language and meaning of the Management

Services Agreement.  HealthTech further denies the allegations of paragraph 53 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding management responsibilities outside of the Management Services Agreement.  HealthTech denies the remaining allegations of paragraph 53 of PVHC's Crossclaim.

## COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (CONTRACT)

54.   HealthTech hereby incorporates by reference the admissions, denials and statements contained in paragraphs 1 through 53 of this Answer.

55.   Paragraph 55 of PVHC's Crossclaim asserts conclusions of law, to which no response is required.

56.   HealthTech admits that an implied covenant of good faith and fair dealing applies with respect to the Management Services Agreement between HealthTech and PVHC but denies that it has breached or violated such covenant.  HealthTech denies the remaining allegations of paragraph 56 of PVHC's Crossclaim.

57.   HealthTech denies the allegations of paragraph 57 of PVHC's Crossclaim.

## COUNT V – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (TORT)

58.   HealthTech hereby incorporates by reference the admissions, denials and statements contained in paragraphs 1 through 57 of this Answer.

59.   HealthTech denies the allegations of paragraph 59 of PVHC's Crossclaim.

60.   HealthTech denies the allegations of paragraph 60 of PVHC's Crossclaim.

61.   HealthTech denies the allegations of paragraph 61 of PVHC's Crossclaim.

## COUNT VI - NEGLIGENCE

62.   HealthTech hereby incorporates by reference the admissions, denials and statements contained in paragraphs 1 through 61 of this Answer.

63.   HealthTech asserts that the Management Services Agreement speaks for itself and denies any interpretation contrary to the plain language and meaning of the Management Services Agreement.  HealthTech further denies the allegations of paragraph 63 of PVHC's Crossclaim to the extent they allege that HealthTech made any agreement regarding management responsibilities outside of the Management Services Agreement.

64.   HealthTech admits that Cardwell, while acting as an employee of HealthTech, was an agent of HealthTech to the extent that he acted within the scope of his employment. HealthTech otherwise denies the allegations of paragraph 64 of PVHC's Crossclaim.

65.   HealthTech denies the allegations of paragraph 65 of PVHC's Crossclaim.

66.   HealthTech denies the allegations of paragraph 66 of PVHC's Crossclaim.

## GENERAL DENIAL

HealthTech denies that PVHC is entitled to any of the relief requested against HealthTech in the "wherefore" portion of its Crossclaim.  HealthTech generally denies any allegation of PVHC's Crossclaim not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     PVHC's Crossclaim fails to state a claim against HealthTech upon which relief may be granted.

2.     To the extent Cardwell engaged in the unlawful and inappropriate conduct alleged in PVHC's Crossclaim, he was acting outside the scope of his employment with HealthTech and was not HealthTech's agent.

3.     PVHC's Crossclaim may be barred by the doctrine of waiver.

4.     Any damages that PVHC could recover against HealthTech must be eliminated or reduced by PVHC's failure to mitigate and/or by PVHC's own negligence.

5.     To the extent HealthTech is held liable for PVHC's alleged damages, HealthTech is entitled to an offset for any amounts recovered by PVHC from other sources, and the amount of PVHC's recovery against HealthTech should be reduced accordingly.

6.     The injuries alleged by PVHC were not proximately caused by any act or omission of HealthTech.

7.     The injuries alleged by PVHC were not the result of any breach of contract by HealthTech.

8.     HealthTech acted in good faith and dealt fairly with PVHC, as demonstrated by, among other things, HealthTech's continuous and responsible efforts to investigate the unlawful and inappropriate acts of Cardwell and Plake, which began immediately after HealthTech received information suggesting the existence of such acts.

9.    Plaintiff's claims and damages are barred or reduced by the principles of comparative fault.

10.   To the extent PVHC's damages resulted from the acts or omissions of individuals over whom HealthTech had no control and for whom HealthTech was not responsible, the comparative fault of these individuals should be fully assigned or apportioned.

11.   Pursuant to the Management Services Agreement, HealthTech's liability, including liquidated damages, is generally limited to an amount not to exceed $750,000.

12.   HealthTech reserves the right to amend its answer and affirmative defenses.

WHEREFORE, HealthTech Management Services, Inc. respectfully requests that all portions of the Crossclaim of Powell Valley Healthcare, Inc. against HealthTech be denied, that judgment be granted in favor of HealthTech and that HealthTech be awarded its costs and fees, and such other relief as the Court deems just and proper.

### HEALTHTECH'S CROSSCLAIM

For its crossclaim against defendant Cardwell and defendant-in-crossclaim Plake, HealthTech alleges as follows, stating, in addition to the three counts stated against Cardwell in HealthTech's Complaint, the following three additional counts:

### COUNT IV – IMPLIED INDEMNITY (AGAINST CARDWELL)

13.   HealthTech incorporates by reference paragraphs 1 through 32 of its Complaint, as well as its responses to the allegations of paragraphs 1 through 66 of PVHC's Crossclaim.

14.   As set forth in HealthTech's Complaint and in the allegations of PVHC's Crossclaim admitted by HealthTech, Cardwell owed a fiduciary duty to HealthTech in carrying out his duties as a HealthTech employee and as HealthTech's agent in fulfilling its Management Services Agreement with PVHC.   In addition, based on Cardwell's at-will employment contract with HealthTech, Cardwell owed a duty of good faith and fair dealing to HealthTech.

15.   As set forth previously, Cardwell intentionally, recklessly and/or negligently breached his duty to HealthTech.

16.   PVHC has filed claims against HealthTech alleging it has suffered damages as a result of HealthTech's breach of contract, breach of the implied covenant of good faith and fair dealing and negligence.   PVHC's claims against HealthTech are ultimately premised on Cardwell's actions as HealthTech's alleged agent and on actions taken by HealthTech in justifiable reliance on Cardwell's misrepresentations, including misrepresentations regarding his willingness to carry out the CEO duties under the Management Services Agreement.

17.   To the extent PVHC has suffered damages, HealthTech affirmatively alleges that such damages were caused by the acts, omissions and/or conduct of Cardwell, as set forth in HealthTech's Complaint and in the allegations of PVHC's Crossclaim admitted by HealthTech. Thus, to the extent Cardwell does not indemnify HealthTech, he will be unjustly enriched.

18.   Accordingly, HealthTech is entitled to indemnity from Cardwell for any and all amounts for which HealthTech may be liable in this matter, whether by way of sums paid by settlement or by judgment rendered against HealthTech, as well as all costs and fees incurred in responding to and defending against the allegations of PVHC's Crossclaim.

### COUNT V – CIVIL CONSPIRACY (AGAINST PLAKE)

19.   HealthTech incorporates by reference paragraphs 1 through 32 of its Complaint, paragraphs 1 through 6 of its Crossclaim, and its responses to the allegations of paragraphs 1 through 66 of PVHC's Crossclaim.

20.   As set forth in HealthTech's Complaint and in the allegations of PVHC's Crossclaim admitted by HealthTech, Defendants Cardwell and Plake combined with one another to pursue the mutual object of improperly obtaining PVHC's money through the operation of the Straw Company (as defined in HealthTech's Complaint, and specifically referring to Plake and Associates and Michael J. Plake).

21.   As set forth previously, and as demonstrated by their actions, Cardwell and Plake shared a meeting of the minds on this object and course of action.

22.   As set forth previously, Cardwell and Plake each committed several unlawful, overt acts directed at fulfilling their common object and course of action.

23.   As set forth previously, Cardwell and Plake actively engaged in efforts to conceal the existence of their conspiracy and wrongful conduct from HealthTech and PVHC.

24.   HealthTech has suffered damages, including loss of business reputation and interference with business relationships, as a direct and proximate result of Cardwell and Plake's civil conspiracy.  As a result, Plake, as Cardwell's co-conspirator, is jointly and severally liable with Cardwell for all damages awardable on each of the causes of action pled against Cardwell by HealthTech in its Complaint and in this Crossclaim.

25.   Cardwell and Plake acted willfully, maliciously, intentionally, fraudulently, in bad faith, and/or in knowing and reckless disregard of HealthTech's rights in taking the money of HealthTech's principal, PVHC.

26.   Based on this conduct, Plake, as Cardwell's co-conspirator, is liable for all damages, including punitive damages, to the same extent as Cardwell.

## DEMAND FOR JURY TRIAL

Defendant HealthTech, by and through its undersigned counsel and pursuant to FED. R. CIV. P. 38, demands trial by jury on all claims so triable.

DATED:  May 24, 2012.

/s/ Joanna R. Vilos
Bradley T. Cave P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416
richardsonej@bassberry.com

ATTORNEYS FOR PLAINTIFF
HEALTHTECH MANAGEMENT SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2012, I served a true and correct copy of the foregoing

by CM/ECF to the following:

Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
rwyork@york-law.com

Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
tracy@ckattorneys.net


and by U.S. Mail to the following:

Michael J. Plake
2502 Musket Way
West Lafayette, IN 47906

/s/ Joanna R. Vilos
_____

5587053_6