Bradley T. Cave, P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson *(admitted pro hac vice)*
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| PAUL CARDWELL, | ) Civil Action No. 12-CV-0042-F |
| Defendant. | ) |
| POWELL VALLEY HEALTH CARE, INC., | ) **STIPULATED MOTION** |
| Cross-Claimant, | ) **FOR REALIGNMENT** |
| v. | ) **OF PARTIES** |
| HEALTHTECH MANAGEMENT SERVICES, INC.; PAUL CARDWELL and MICHAEL J. PLAKE, | ) |
| Cross-Defendants. | ) |

The Parties, through their undersigned counsel, move the Court for an Order Realigning the Parties, naming Powell Valley Health Care, Inc. (PVHC) as Plaintiff, HealthTech Management Services, Inc. (HealthTech) as Defendant/Crossclaimant, and Paul Cardwell (Cardwell) and Michael Plake (Plake) as Defendants.  In support of this Motion, the Parties state as follows:

1. HealthTech commenced this action by filing its Complaint against Cardwell on February 23, 2012.  HealthTech's Complaint asserts claims for Breach of Fiduciary Duty and Breach of the Implied Covenant of Good Faith and Fair Dealing based on allegations that Cardwell implemented a scheme to defraud HealthTech's client, PVHC.

2. PVHC entered the lawsuit on April 13, 2012 by filing a motion to intervene.  On April 30, 2012, the Court issued an order granting PVHC's motion and permitting PVHC to assert its proposed crossclaim.

3. PVHC's Crossclaim asserts Fraud/Theft and Intentional Misrepresentation against Cardwell and Plake, alleging that Cardwell and Plake fraudulently obtained more than $847,000 from PVHC for physician recruiting services that were never rendered.

4. PVHC's Crossclaim also asserts that HealthTech is liable for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing and Negligence.  These claims against HealthTech are premised on the actions of Cardwell as HealthTech's alleged agent, as well as HealthTech's alleged failure to exercise proper oversight over Cardwell.

5. On or about May 24, 2012, HealthTech filed an answer to PVHC's Crossclaim. Therein, HealthTech not only responded to the allegations of PVHC's claims, but also asserted a crossclaim for indemnification against Cardwell; HealthTech seeks to be indemnified by Cardwell to the extent that it is ultimately liable to PVHC. HealthTech also crossclaimed against Plake under a civil conspiracy theory, on the grounds that Plake, as Cardwell's co-conspirator, is liable to HealthTech to the same extent as Cardwell.

6. The decision to realign the parties to a lawsuit lies within the sound discretion of the trial court. *See, e.g., Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981); *Commercial Iron & Metal Co. v. Bache Halsey Stuart, Inc.*, 581 F.2d 246, 250 (10th Cir. 1978); *Fink v. DeClassis*, 132 F.R.D. 511, 512 (N.D. Ill. 1990). When faced with a question of whether the parties should be realigned, a "court must determine the 'principal purpose of the suit,' and 'the primary and controlling matter in dispute' and properly align the parties according to their interest." *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001) (citing *City of Indianapolis v. Chase Nat'l Bank of the City of New York*, 314 U.S. 63, 69 (1941) (addressing alignment of parties for purposes of diversity jurisdiction)); *see also Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983) ("The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation.") (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69).

7. PVHC is the only party with no claims directed toward it, and the only party with claims against each of the other three parties to this suit. Furthermore, central to each of the

claims between the parties is whether Cardwell, in association with Plake, embezzled money from, and defrauded, PVHC.  As it is primarily PVHC's money at issue, and PVHC who seeks to recover that money, PVHC bears the burden of proof on the underlying Fraud/Theft and Intentional Misrepresentation claims; it likewise bears the burden of proof on its claims seeking recovery against HealthTech.  Accordingly, PVHC is now properly the Plaintiff in this action, and all other parties are now properly deemed Defendants because PVHC asserts claims against them.  Furthermore, because Defendant HealthTech asserts claims against the other two Defendants, HealthTech is now properly deemed a Defendant/Crossclaimant.

8. Realignment, as indicated above, is appropriate to reflect the true nature of the dispute and the respective positions of the parties to this lawsuit, now that all have been joined to it.

9. Realignment will promote the interests of efficiency and clarity by ensuring that if these claims are ultimately presented to a jury for determination, the evidence will proceed "in an orderly, sensible manner."  *See, e.g., Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, No. 91 C 6103, 1995 WL 5895, *3 (N.D. Ill. Jan. 4, 1995) (citing FED. R. CIV. P. 16 and FED. R. EVID. 611).  Clarity and simplicity will be advanced because, among other reasons, under the new alignment there will be merely a single "v" rather than the two that currently appear in the caption.  By contrast, there are no valid considerations counseling against realigning the parties as requested.

10. If, on the other hand, the parties are left in their current alignment, confusion is likely to result. This is perhaps best demonstrated by the docket entry for PVHC's Crossclaim, which indicates that PVHC filed an Answer and Crossclaim (presumably because there is no option in the ECF system for filing a crossclaim without an answer), even though there was nothing for PVHC to answer because no claims in this action are asserted against PVHC.

11. While this litigation is in its early stages, the parties should be realigned to better reflect their interests and promote the efficient administration of this matter.[1]

WHEREFORE, the Parties jointly move the Court for an Order Realigning the Parties, naming PVHC as Plaintiff, HealthTech as Defendant/Crossclaimant, and Cardwell and Plake as Defendants.

A proposed order, with an updated caption, is submitted herewith for the Court's convenience.

---

[1] Notwithstanding this Motion, the parties respectfully would reserve all of their respective rights to prosecute or defend this action separately and individually to the full extent authorized by law.

DATED:  June 5, 2012.

| | |
|---|---|
| /s/ Joanna R. Vilos<br>Bradley T. Cave P.C. (Wyo. Bar # 5-2792)<br>Joanna R. Vilos (Wyo. Bar # 6-4006)<br>HOLLAND & HART LLP<br>2515 Warren Avenue, Suite 450<br>P.O. Box 1347<br>Cheyenne, WY  82003-1347<br>Telephone:  (307) 778-4200<br>Facsimile:  (307) 778-8175<br>bcave@hollandhart.com<br>jvilos@hollandhart.com<br><br>Eli J. Richardson *(admitted pro hac vice)*<br>BASS, BERRY & SIMS PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Telephone:  (615) 742-7825<br>Facsimile:  (615) 742-0416<br>richardsonej@bassberry.com<br><br>ATTORNEYS FOR HEALTHTECH MANAGEMENT SERVICES, INC. | /s/ Robert W. York<br>Robert W. York *(admitted pro hac vice)*<br>ROBERT W. YORK & ASSOCIATES<br>7212 North Shadeland Avenue, Suite 150<br>Indianapolis, IN 46250<br>Telephone:  (317) 842-8000<br>Facsimile:  (317) 577-7321<br>rwyork@york-law.com<br><br>Robert W. Horn (Wyo. Bar #5-1720)<br>ROBERT W. HORN, P.C.<br>P.O. Box 4199<br>230 East Broadway, Suite 3A<br>Jackson, WY 83001<br>Telephone:  (307) 733-5747<br>Facsimile:  (307) 733-8215<br>rhornatty@bliss.net<br><br>ATTORNEYS FOR PAUL CARDWELL |
| /s/ Tracy J. Copenhaver<br>Tracy J. Copenhaver (Wyo. Bar # 5-2063)<br>Scott E. Kolpitcke (Wyo. Bar # 6-3083)<br>COPENHAVER, KATH, KITCHEN & KOLPITCKE<br>P. O. Box 839<br>Powell, WY  82435<br>Telephone:  (307)754-2276<br>Facsimile:  (307)754-4744<br>tracy@ckattorneys.net<br><br>ATTORNEYS FOR POWELL VALLEY HEALTH CARE, INC. | /s/ Michael Reese<br>Michael Reese<br>MICHAEL REESE, LLC<br>The Colony Building<br>211 West 19th Street, Suite 400<br>Cheyenne, WY  82001<br>mike@mhrwylaw.com<br><br>ATTORNEYS FOR MICHAEL PLAKE |

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2012, I served a true and correct copy of the foregoing by CM/ECF addressed to the following:

Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
rwyork@york-law.com

Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
tracy@ckattorneys.net

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001
mike@mhrwylaw.com

/s/ Joanna R. Vilos

5603770_2.DOCX