Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
Telephone:   (307) 754-2276
Facsimile:   (307) 754-4744
E-mail:      tracy@ckattorneys.net
Attorney for Third-Party Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 1:12-cv-0042F-NDF |
| PAUL CARDWELL, | ) ) ) | |
| Defendant. | ) ) ) | |
| POWELL VALLEY HEALTH CARE, INC., a Wyoming nonprofit corporation, | ) ) ) ) | |
| Cross Claimant, | ) ) | |
| vs. | ) ) ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC.; PAUL CARDWELL; and MICHAEL J. PLAKE, | ) ) ) ) | |
| Cross Defendants. | ) | |

## POWELL VALLEY HEALTH CARE, INC.'s
## RULE 26(a) INITIAL DISCLOSURE

COMES NOW, Powell Valley Health Care, Inc., (hereinafter "PVHC") by and through its counsel, Tracy J. Copenhaver, and in accordance with Rule 26(a), F.R.C.P., hereby submits its Rule 26(a) initial disclosure as follows:

(i) *The name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

A. **Paul D. Cardwell**, c/o Barbara Cardwell, 421 Mill Street, Tipton, IN 46072, telephone number unknown.  Paul Cardwell may testify as to all matters regarding his scheme to defraud PVHC utilizing a fictitious medical staff recruiting plan.  He may also testify as to the employment and resignation of Dr. Cory Pickens and the decision to forego return of Dr. Pickens' hiring bonus.  Mr. Cardwell may also testify as to his decision to pay an unusual and large bonus to the CFO of PVHC; as to false stories he told to the board and staff at PVHC; and as to his knowledge regarding taking of a PVHC cell phone and laptop and his failure to return the cell phone and computer hard drive to PVHC.  Mr. Cardwell may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

B. **Michael J. Plake**, 2502 Musket Way, West Lafayette, IN 47906, (765)414-3816.  Michael Plake may testify as to all matters regarding his scheme

with Paul Cardwell to defraud PVHC utilizing a fictitious medical staff recruiting plan. Mr. Plake may also testify as to his knowledge regarding Plake & Associates, the medical staff recruiting activities or lack thereof by Plake & Associates, and false statements by Paul Cardwell.  Mr. Plake may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

C. **Calvin Carey**, Morgan Drive, Rexburg, ID.  Calvin Carey may testify as to his involvement as CFO of PVHC and communications with Paul Cardwell and Plake & Associates regarding recruiting and charges for recruiting, as well as Paul Cardwell's decision to forego return of a hiring bonus paid to Dr. Cory Pickens.  Mr. Carey may also testify as to the failure of HealthTech to comply with the terms of its agreement with PVHC.  Mr. Carey may also testify as to damages claimed by PVHC; and as to the budget and all financial transactions which Paul Cardwell was involved in.  Calvin Carey may have information regarding a proposal by Paul Cardwell to pay to Calvin Carey PVHC money which could be invested in Paul Cardwell's outside business activities.  Mr. Carey may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

D. **Vicky Taylor**, c/o Powell Valley Health Care, 777 Avenue H, Powell, WY 82435, (307) 754-2267.  Vicky Taylor may testify as to her involvement and knowledge as an employee in the business office of PVHC with concerns regarding payments for alleged medical staff recruiting efforts.  Ms. Taylor may also testify as

to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

E.  **Sharon Christensen**, 1140 Road 9, Powell, WY 82435, (307) 754-5896. Sharon Christensen may testify as to her knowledge as to the activities of Paul Cardwell and requests for payments to be mailed to Plake & Associates, as well as her involvement and knowledge of information, or lack thereof, shared by Paul Cardwell with the board regarding recruitment of medical staff and expenses.  She may testify as to her knowledge regarding credentialing for prospective medical staff hires, or lack thereof, to support any actual recruiting efforts.  Sharon Christensen may have knowledge that Paul Cardwell and/or Plake & Associates were not involved with recruiting of medical staff that were hired.   Sharon Christensen may also have knowledge regarding the employment of Dr. Cory Pickens.  She may also have knowledge of the absence of Paul Cardwell from the PVHC facility.  She may also have information regarding the actions, or lack thereof, by Paul Cardwell and HealthTech regarding breach of the agreement between HealthTech and PVHC. Mrs.  Christensen may also have knowledge regarding false statements and communications made by Paul Cardwell.  Mrs. Christensen may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

F.  **Kara Beech**, Green River, WY, telephone number unknown, former compliance officer for PVHC, may testify as to her knowledge of false communications by Paul Cardwell, of Paul Cardwell's absence from the PVHC

facility, and may further testify as to her knowledge regarding the employment of Dr. Cory Pickens.  She may further testify as to her concerns regarding the financial position of PVHC, the large payments made by PVHC to Plake & Associates, and the possible nonexistence of Plake & Associates as a business entity.  Ms. Beech may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

G.  **Mark Wurzel, M.D**, PVHC Board President, c/o Express Care Clinic, 450 Mountain View, Powell, WY 82435, (307) 754-7708, may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Dr. Wurzel may testify as to his knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses.  Dr. Wurzel may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Dr. Wurzel may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Dr. Wurzel may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Dr. Wurzel may further testify generally as to damages.  Dr. Wurzel may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

H. **Deb Kleinfeldt**, PVHC Board Vice President, 1182 Lane 9, Powell, WY 82435, (307) 202-0562, may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Deb Kleinfeldt may testify as to her knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses. Deb Kleinfeldt may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Deb Kleinfeldt may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Deb Kleinfeldt may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus. Deb Kleinfeldt may further testify generally as to damages, and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

I. **Jim Beukelman**, Board Secretary, 1012 Road 10, Powell, WY 82435, (307) 754-5663, may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Mr. Beukelman may testify as to his knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses. Mr. Beukelman may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of

Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Mr. Beukelman may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Mr. Beukelman may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Mr. Beukelman may further testify generally as to damages, and may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

J.  **Larry Parker**, Board Treasurer, 589 Maddox Lane, Powell, WY 82435, (307) 754-4671.  Mr. Parker may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Mr. Parker may testify as to his knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses.  Mr. Parker may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Mr. Parker may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Mr. Parker may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Mr. Parker may further testify generally as to damages, and he may also testify as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

7

K.  **Robert Chandler, M.D.**, Chief of Staff, c/o Powell Valley Clinic, 777 Avenue H, Powell, WY 82435, (307) 754-2267.  Dr. Chandler may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Dr. Chandler may testify as to his knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses.  Dr. Chandler may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Dr. Chandler may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Dr. Chandler may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Dr. Chandler may further testify generally as to damages, and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

L.  **Betsy Spomer, M.D.**, Board member, c/o Powell Valley Clinic, 777 Avenue H, Powell, WY 82435, (307) 754-7257.  Dr. Spomer may be called to testify as to her information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Dr. Spomer may testify as to her knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses.  Dr. Wurzel may testify as to her knowledge of

Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Dr. Spomer may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Dr. Spomer may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Dr. Spomer may further testify generally as to damages, and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

M. **Mark Kitchen**, Board member, 717 Greenfield Drive, Powell, WY 82435, (307) 754-6405.  Mark Kitchen may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Mr. Kitchen may testify as to his knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses.  Mr. Kitchen may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Mr. Kitchen may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Mr. Kitchen may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Mr. Kitchen may further testify generally as to damages, and as to any exhibits or

documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

N.  **R.J. Kost**, Board member, 680 Road 11, Powell, WY 82435, (307) 754-7174.   R.J. Kost may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.   Mr. Kost may testify as to his knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses. Mr. Kost may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and   HealthTech.  Mr.  Kost  may  also  have  knowledge  regarding  the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Mr. Kost may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Mr. Kost may further testify generally as to damages, and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

N.   **Jim Carlson**, Board member, 1010 Road 9, Powell, WY 82435, (307) 754-0490.  Mr. Carlson may be called to testify as to his information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.   Mr. Carlson may testify as to his knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses.

Mr. Carlson may testify as to his knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.   Mr. Carlson may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.  Mr. Carlson may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Mr. Carlson may further testify generally as to damages and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

O.   **Renee Humphries**, Board member, 632 Oakwood Drive, Powell, WY 82435, (307) 254-2928.   Renee Humphries may be called to testify as to her information regarding the disclosure or lack thereof by Paul Cardwell regarding recruiting and expenditures for recruiting.  Ms. Humphries may testify as to her knowledge regarding the lack of consent and authority given to Paul Cardwell for recruiting efforts and expenses.  Ms. Humphries may testify as to her knowledge of Paul Cardwell's absence from the PVHC facility, of Paul Cardwell's false statements to the board, and the failure of Paul Cardwell and HealthTech to comply with the terms of the agreement between PVHC and HealthTech.  Ms. Humphries may also have knowledge regarding the unreasonableness of alleged recruiting efforts of Paul Cardwell and his failure to involve the board.   Ms. Humphries may have knowledge regarding the lack of consent and authority to forego repayment of Dr. Cory Pickens' hiring bonus.  Ms. Humphries may further testify generally as to

11

damages and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

P.   **Sina Coguill**, 1105 Lane 11, Powell, WY 82435, (307) 754-5443.  Sina Coguill may have information regarding recruiting and the actions of Paul Cardwell to exclude PVHC staff that should have been involved with recruiting.  Mrs. Coguill may have knowledge regarding recruiting by Paul Cardwell, and also of false statements made by Paul Cardwell.  Mrs. Coguill may have knowledge that Paul Cardwell and/or Plake & Associates were not involved with recruiting of medical staff that were hired.  Mrs. Coguill may have knowledge regarding credentialing, or the lack thereof,  for prospective medical staff hires, to support any actual recruiting efforts.  Mrs. Coguill may further testify generally as to damages and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

Q.   **Mike Gilmore**, Vice President of Physician Services, Powell Valley Health Care, 777 Avenue H, Powell, WY 82435, (307) 754-1107.  Mike Gilmore may have information regarding recruiting and the actions of Paul Cardwell to exclude PVHC staff that should have been involved with recruiting.  Mr. Gilmore may have knowledge regarding the normal recruiting practices of PVHC.  Mr. Gilmore may have knowledge that Paul Cardwell and/or Plake & Associates were not involved with recruiting of medical staff that were hired.  Mr. Gilmore may further testify generally as to damages and as to any exhibits or documents produced in self-

executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

R.  **Robin Roling**, c/o Hot Springs County Memorial Hospital, 150 E. Arapahoe Street, Thermopolis, WY 82443, (307) 864-3121, may have information regarding a proposal by Paul Cardwell to pay Robin Roling PVHC money which could be invested in Paul Cardwell's outside business activities.  Robin Roling may further testify generally as to damages and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

S.  **Josh Baxter**, 1072 Lane 9, Powell, WY 82435, (307) 754-5700, may have knowledge regarding Paul Cardwell's cell phone records, PVHC computer use by Paul Cardwell; knowledge that Paul Cardwell attempted to deceive PVHC by returning a different hard drive with the laptop computer that he took from PVHC without appropriate permission or authority.  Josh Baxter may have information regarding the contents of the hard drive that was not returned by Paul Cardwell. Josh Baxter may further testify generally as to damages and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

T.  **Cassie Tinsley**, Human Resources Director, PVHC, 777 Avenue H, Powell, WY 82435, (307) 754-2267, may have information as to actual job openings at PVHC and information or the lack thereof regarding alleged recruitment efforts by Paul Cardwell.

U.  **Any medical staff employed by PVHC** while Paul Cardwell was CEO would have information confirming they were not employed as a result of recruiting efforts by Plake & Associates. These individuals may further testify generally as to damages and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by them.

V.  **Neil Todhunter**, HealthTech Management Services, 405 Duke Drive, Suite 210, Franklin, TN 37067, (615) 309-6053, may have information regarding the performance and/or lack thereof of Paul Cardwell; Paul Cardwell's absence from the PVHC facility; and the failure of HealthTech and Paul Cardwell to comply with the terms of the agreement between PVHC and HealthTech.  Neil Todhunter may also have information regarding damages claimed by PVHC.  Neil Todhunter may further testify generally as to damages and as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

W.  **Cary Rowan,** HealthTech Management Services, 405 Duke Drive, Suite 210, Franklin, TN 37067, (615) 309-6053, may have information regarding the performance and/or lack thereof of Paul Cardwell; Paul Cardwell's absence from the PVHC facility; and the failure of HealthTech and Paul Cardwell to comply with the terms of the agreement between PVHC and HealthTech.  Cary Rowan may also have information regarding damages claimed by PVHC.  Cary Rowan may further testify generally as to damages and as to any exhibits or documents produced in

self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

X.   **Corey Pickens, M.D.**, 1233 N. 30th St., Billings, MT 59101, (406) 254-0707.   Dr. Pickens may have information regarding his hiring, his employment contract with PVHC, his resignation, and communication with PVHC and/or Paul Cardwell regarding his employment, resignation, and receipt of a hiring bonus, and communication with Paul Cardwell indicating that he need not repay the signing bonus.   Dr. Pickens may further testify generally as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

Y.   **Clayton Wade**, Premier Land & Development, 240/21 Jomtien Beach Road, Moo 12, Nongprue, Banglamung, Thailand, (66-38) 231-931, may have information regarding Paul Cardwell and his absence from the PVHC facility, and Paul Cardwell's expenditure of funds fraudulently taken from PVHC.   Mr. Wade may further testify generally as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

Z.  **Barbara Cardwell**, 421 Mill Street, Tipton, IN 46072, telephone number unknown, may have information as to false statements of Paul Cardwell and information regarding his scheme to defraud PVHC through phony recruiting efforts.   Ms. Cardwell may further testify generally as to any exhibits or documents produced

in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

AA.  **Khun Bo**, Thailand, phone number unknown, may have information regarding false statements of Paul Cardwell, his absence from the PVHC facility, and his expenditures of funds fraudulently taken from PVHC.  Khun Bo may further testify generally as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

BB.  **Kim Cardwell**, 1407 Indian Hills, Monticello, IN 47960, (574) 583-9083, may have knowledge regarding false statements of Paul Cardwell and his potential expenditure of funds fraudulently taken from PVHC.  Kim Cardwell may further testify generally as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

CC.  **Kim Plake**,  2502 Musket Way, West Lafayette, IN 47906, (765)414-3816, may have knowledge regarding the fraudulent recruiting scheme of Paul Cardwell and Michael Plake, and the expenditure of funds fraudulently acquired from PVHC.   Kim Plake may further testify generally as to any exhibits or documents produced in self-executing discovery or thereafter by any party sent from, received by, prepared by, or reviewed by this witness.

DD.  **An undesignated representative from the Federal Bureau of Investigation, Internal Revenue Service, and United States Postal Service.**

These undesignated individuals may have information they acquired during the criminal investigation of Defendants Michael J. Plake and Paul Cardwell.

      EE.   **A representative from Navigant**, 30 South Wacker Drive, Suite 3100, Chicago, IL 60606, (312) 583-2188, may have information regarding testing of the hard drive returned with the PVHC laptop computer by Paul Cardwell.

(ii)   *A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party hands in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

See attached list of documents being provided on enclosed CD.

(iii)   *A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

| | |
|---|---|
| $847,934.00 | Improperly taken for non-existent recruiting |
| $146,445.15 | Salary, benefits, and costs paid to HealthTech to hire and compensate Paul Cardwell |
| $227,435.38 | HealthTech Management contract November 1, 2010 - October 31, 2011 |
| $ 35,000.00 | Signing bonus for Dr. Cory Pickens that Paul Cardwell/HealthTech agreed did not need to be repaid |
| | Prejudgment interest at the rate of seven percent (7%) per annum on all above damages from the |

|  | date taken, paid or, with regard to bonus, from date of release by Paul Cardwell/HealthTech |
|---|---|
| $ 47,638.24 | Attorneys fees and costs September 26, 2011 - June 21, 2012.  These fees will be ongoing and will be recalculated through the trial of this matter. |

*(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Not applicable.

DATED this 2nd day of July, 2012.

/s/  Tracy J. Copenhaver
TRACY J. COPENHAVER, State Bar #5-2063
SCOTT E. KOLPITCKE, State Bar #6-3083
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839, Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net
Attorneys for Powell Valley Health Care, Inc., Cross Claimant

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2012, a copy of the foregoing Rule 26(a) Initial Disclosure was filed electronically.  Notice of this filing will be sent to the following parties

by operation of the Court's CM/ECF system, and hard copies of this Initial Disclosure together with enclosures will be sent to the following parties:

Bradley T. Cave, P.C.
HOLLAND & HART
P.O. Box 1347
Cheyenne, WY 82003-1347
bcave@hollandhart.com
Attorney for HealthTech

Joanna R. Vilos
HOLLAND & HART
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com
Attorneys for HealthTech

Robert W. Horn
ROBERT W. HORN, P.C.
P.O. Box 4199
Jackson, WY 83001-4199
Attorney for Paul Cardwell
rhornatty@me.com

Eli J. Richardson
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Attorneys for HealthTech
richardsonej@bassberry.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shade land Ave.,
Suite 150
Indianapolis, IN 46250
Attorney for Paul Cardwell
rwyork@york-law.com

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY 82001
mike@mhrwylaw.com

/s/  Tracy J. Copenhaver
COPENHAVER,  KATH,  KITCHEN  & KOLPITCKE, LLC