Michael Reese, (Wyo. Bar # 5-1390)
Michael Reese, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001
Office: (307) 634-7648
FAX: (307)634-5664
Email: mike@mhrwylaw.com

ATTORNEY FOR CROSS-DEFENDANT
 MICHAEL J. PLAKE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| POWELL VALLEY HEALTH CARE, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-CV-042-NDF |
| HEALTHTECH MANAGEMENT, SERVICES, INC | ) ) ) ) | |
| Defendant/Crossclaimant. | ) ) ) | |
| v. | ) ) | |
| PAUL CALDWELL and MICHAEL J. PLAKE, | ) ) ) | |
| Defendants/Cross Defendants | ) ) | |

AMENDED **MOTION TO TEMPORARILY STAY PROCEEDINGS**

Defendant Michael J. Plake respectfully moves this Court for an order to stay this civil action temporarily until the ongoing parallel federal criminal (12 CR 81-F)

y

matter is resolved. Forcing Mr. Plake to defend both cases simultaneously will effectively prevent him from defending either adequately and will force him to choose between sacrificing his Fifth Amendment privilege against self-incrimination or his right to defend the civil claims. As the law makes clear, it is not a choice he should be forced to make.

Conversely, a temporary stay will not prejudice Plaintiffs in this matter. Further, because the criminal matter arises from the same alleged underlying conduct and involves many of the same factual and legal issues, staying this case promotes judicial economy and the Court's convenience.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S.248, 254-55 (1936). Here, a temporary stay is warranted.

Initially, the Court should determine if the civil and criminal matters are sufficiently related to justify a stay. *See, e.g., Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Mgmt., Inc.*, 411 F. Supp. 2d 641, 643 (D.S.C. 2005); *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 531 (S.D. W. Va. 2005). The criminal case and this civil action involve the very same underlying conduct and the same allegations of wrongdoing. There is thus a substantial "nexus" -- if not complete overlap -- between this civil action and the parallel criminal matter.

This Court weighs five factors when considering a motion "to stay a civil proceeding:

(1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay;

(2) the burden on defendants;

(3) the convenience to the courts;

(4) the interest of persons not parties to the civil litigation; and,

(5) the public interest.

*In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981).

There is no hard and fast standard response to pending criminal proceedings. The decision to stay this civil proceeding rests within the Court's discretion. *See, e.g.*, *United States v. Georgia Pac.Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).

Further, Mr. Plake's civil defense is crippled by his inability to testify or submit evidence concerning his relationship with the parties, or lack thereof, without waiving his Fifth Amendment privilege.

Indeed, not only is Mr. Plake's defense of the civil claims in this case but he is severely prejudiced by restriction on his ability affirmatively to provide exculpatory testimony or evidence, but his defense essentially will be rendered futile by negative inferences drawn from the assertion of his constitutional privilege. *See Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (1976) (adverse inferences may be drawn against parties to civil action from their assertion of Fifth Amendment privilege).

3

Granting Mr. Plake's motion for a temporary stay will avert substantial prejudice to Mr. Plake without visiting any prejudice upon the parties in this action, and will serve the Court's and the public's interest in judicial economy. For the foregoing reasons, Mr. Plake respectfully requests that the Court temporarily stay this case until the parallel federal criminal case against him is resolved.

WHEREFORE, Mr. Plake request that this matter be stayed for a period of six months. At that time the parties will advise the Court whether a further stay is necessary.

Rule 7(b)(1)(A)- On July 17, 2012, counsel for parties met by telephone in a previously arranged Rule 26(f) conference and counsel for Mr. Plake conferred with counsel concerning his Motion to Stay. Ms. Joanna Vilos representing HealthTech Management Services, Mr. Tracy Copenhaver, representing Powell Valley Health Care Inc, and Mr. Robert Horn, representing Mr. Paul Cardwell, were in attendance. Counsel for Mr. Cardwell indicated he would either join in this motion or prepare his own motion to stay but would agree in principle to a Motion to Stay. Counsel for HealthTech and Powell Valley could not agree at this point to a stay until they had time to confer with their clients. A discussion was held concerning how a criminal case proceeds and what are the implications concerning pleas, restitution, discovery and the Fifth Amendment. Mr. Copenhaver will prepare the Rule 26(f) conference report.

The relationship of parallel criminal and civil proceedings raises unique constitutional and legal issues which bear on this case so it is respectfully requested that a Temporary Stay be granted to allow time to sort out these issues.

5

Respectfully submitted this 17th day of July 2012, by

/s/ Michael Reese

Michael Reese

On Behalf of Defendant/Cross-Defendant Michael J. Plake

CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of July, 2012, the foregoing document was electronically filed and served upon counsel of record via CM/ECF or the Court's Electronic Filing System.

/s/ Michael Reese

Michael Reese

On behalf of Cross-Defendant Michael J. Plake