Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
Telephone: (307) 754-2276
Facsimile: (307) 754-4744
E-mail: tracy@ckattorneys.net
Attorney for Third-Party Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL CARDWELL,<br><br>Defendant. | Civil Action No. 1:12-cv-0042F-NDF |
| POWELL VALLEY HEALTH CARE, INC., a Wyoming nonprofit corporation,<br><br>Cross Claimant,<br><br>vs.<br><br>HEALTHTECH MANAGEMENT SERVICES, INC.; PAUL CARDWELL; and MICHAEL J. PLAKE,<br><br>Cross Defendants. | |

**PLAINTIFF POWELL VALLEY HEALTH CARE, INC'S RESPONSE AND OBJECTION TO DEFENDANTS PAUL CARDWELL'S AND MICHAEL J. PLAKE'S MOTION TO TEMPORARILY STAY PROCEEDINGS**

COMES NOW, Powell Valley Health Care, Inc., and objects to the Motion of Michael J. Plake and the joinder in the Motion by Paul Cardwell requesting this Court to temporarily stay the litigation pending the ongoing criminal proceedings involving Cross-Defendants Paul Cardwell and Michael J. Plake. Cross-Defendants' Motion to stay this civil litigation would have the effect of promoting the rights and interests of the Cross-Defendants who engaged in serious misconduct, causing huge damages to the Plaintiff. Defendants seek to prevent Plaintiff from timely pursuing its claim against Cross-Defendants as well as numerous other claims against Defendant/Cross-Claimant Health Management Services, Inc. The interests of the perpetrators of this fraud should not be elevated over the rights and interests of the victims of their conduct.

Neither the State nor Federal Constitution requires a stay of civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3rd 322, 325 (9th Cir. 1995), citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *Securities & Exchange Comm'n. v. Dresser Indus*., 628 F.2d 1368, 1375 (D.C. Cir., cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)). The Court in *Keating* further stated: "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence. *Dresser*, 628 F.2d at 1374". *Id*., at 324.

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. This means the decision maker should consider the extent to which the defendants' Fifth Amendment rights are implicated. In addition, the decision maker

should generally consider the following factors: 1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; 2) the burden which any particular aspect of the proceedings may impose on defendants; 3) the convenience of the Court in the management of its cases, and the efficient use of judicial resources; 4) the interests of persons not parties to the civil litigation; and 5) the interest of the public in the pending civil and criminal litigation. *Keating, Id.*, at 324-325.

The Defendants in this case, through their conduct, have deprived Plaintiff of $847,934.00. Plaintiff also seeks reimbursement in excess of $146,000.00 of funds paid to HealthTech as reimbursement for salary and benefits paid to Paul Cardwell for services that were not provided and for damages in excess of $227,000.00 from HealthTech arising out of a management contract allegedly breached, attorney fees which have exceeded $50,000.00, and damages for a signing bonus Defendant Cardwell, without the consent or approval of Plaintiff, excused a medical provider from repaying, contrary to his contract. Plaintiff believes it is owed in excess of $1.3 million in damages primarily as a result of the conduct of Defendants and, to a lesser extent, as a result of the conduct of Defendant/ Cross-Claimant HealthTech Management Services, Inc. Plaintiff has been unable to purchase various equipment that it desired and needed to purchase to provide improved medical services to the public, and specifically, the community that utilizes Powell Hospital. The Plaintiff has been placed in a financial position of not being able to hire personnel it otherwise could have hired and not being able to pay raises and bonuses for current staff that it otherwise would have been able to pay but for the alleged action of the Defendants. The Plaintiff, community, and the patients it serves, are the victims in this litigation; not

Defendants Cardwell or Plake. Defendants Cardwell and Plake asked the Court to delay the civil proceeding, asserting that a failure to do so could impact their ability to fairly defend the civil proceeding because of their intent to assert their Fifth Amendment rights. Whether or not the Defendants choose to assert their Fifth Amendment rights is up to the Defendants. They have that right and they certainly can exercise it, or not. However, being allowed or even arguably required to assert their Fifth Amendment right should not override the public interests and the interest of Plaintiff in a speedy recovery and resolution to the civil litigation. The conduct of the Defendants has caused significant damage to the Plaintiff and the public it serves. Plaintiff believes a significant amount of the money taken by Cardwell and potentially by Plake as well has been transferred to acquire assets in foreign countries and that the greater the delay in the civil proceeding, the more difficult it will be to locate those assets and collect them in the foreign countries.

Defendants have represented that they have a meeting scheduled with the U.S. Attorney's office at the end of July to discuss a potential plea to the criminal prosecution. The criminal trial is scheduled for the middle of September. There is no question that the criminal process will be over before any trial is scheduled in the civil proceeding. In the meantime, Plaintiff has complied with the rules regarding self-executing discovery and Defendants should be required to do the same. In fact, Defendant Cardwell and/or his attorney signed the answer to the complaints filed in this litigation, denying all responsibility and any wrongdoing. Assuming those pleadings were signed in good faith and in accordance with the rules, there has been a representation at least on behalf of Cardwell that he did nothing wrong and therefore there would be no basis for pleading the Fifth. Cardwell denied all allegations of wrongdoing. As such, the burden which any particular

aspect of the proceedings may impose on the Defendants is minimal at best. Element 4 of the factors to be weighed by the Court is in the interest of persons not parties to civil litigation. In this case, that would be particularly relevant to all the staff at Powell Hospital as well as the patients that are served by the providers at Powell Hospital. The money that was taken and has been expended as a result of the inappropriate conduct of the Defendants in this case definitely has had an adverse impact on those persons not parties to this civil litigation and warrants a prompt resolution of this civil proceeding. Similarly, element 5 of the issues to be examined also weighs in favor of denying the motion. The interests of the public in the pending civil and criminal litigation merit this Court denying the motion and facilitating a speedy civil litigation process to reach the merits of Plaintiff's claim and ultimately the payment of damages due to Plaintiff. Plaintiff will then be able to better serve the interests of the public and try to recover from the serious damage caused by the Defendants.

Defendant's Motion to Temporarily Stay Proceedings will stay not only any claims that Plaintiff has against these Defendants, but will also prohibit Plaintiff from being able to pursue its other claims against HealthTech Management Services, Inc.

The Court in *Keating, Id.*, concluded that any burden on Keating was far outweighed by the public interest in a speedy resolution of the case. Another factor weighed by the *Keating* court was that the Defendant had ample opportunity to prepare for the civil proceeding despite the pending criminal process. Because the criminal proceeding involving these Defendants will be over either shortly after the end of July or as result of the criminal trial scheduled for the middle of September, there is no reason to believe that these Defendants will not have ample time to prepare their civil defense. The Court in

*Keating* specifically found unpersuasive the argument that not granting the motion to stay would force him to assert his Fifth Amendment privilege in the civil proceeding. *Id*., at 325. The Court specifically found: "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976)." The Court then determined that in deciding whether to proceed with the civil matter, the extent to which the defendants' Fifth Amendment rights are implicated is a significant factor for the judge to consider but it is only one consideration to be weighed against others. The appellate court then concluded that the administrative law judge's decision not to stay the civil proceeding was not an abuse of his discretion in deciding that the balance favored proceeding with the civil matter. Plaintiff respectfully requests that this Court deny the Motion to Stay Civil Proceedings filed by Defendant Michael J. Plake and joined in by Defendant Paul D. Cardwell. If, however, the Court is inclined to grant the motion, then Plaintiff would request that the Court not grant the motion for the six month period requested, but rather, limit the motion to the date of either the entry of a guilty plea or the date the judgment is entered at the conclusion of the criminal trial.

DATED this 24th day of July, 2012.

/s/ Tracy J. Copenhaver
TRACY J. COPENHAVER, State Bar #5-2063
SCOTT E. KOLPITCKE, State Bar #6-3083
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839, Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net
Attorneys for Powell Valley Health Care, Inc., Cross Claimant

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2012, a copy of the foregoing Response and Objection was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system, and hard copies of this Initial Disclosure together with enclosures will be sent to the following parties:

Bradley T. Cave, P.C.
HOLLAND & HART
P.O. Box 1347
Cheyenne, WY 82003-1347
bcave@hollandhart.com
Attorney for HealthTech

Joanna R. Vilos
HOLLAND & HART
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com
Attorneys for HealthTech

Robert W. Horn
ROBERT W. HORN, P.C.
P.O. Box 4199
Jackson, WY 83001-4199
Attorney for Paul Cardwell
rhornatty@me.com

Eli J. Richardson
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Attorneys for HealthTech
richardsonej@bassberry.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shade land Ave.,
Suite 150
Indianapolis, IN 46250
Attorney for Paul Cardwell
rwyork@york-law.com

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY 82001
mike@mhrwylaw.com

/s/ Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC