U.S. ...
DIST ... OF WYOMING

2012 AUG 1 AM 8 17

STEP... CLERK
...CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HEALTHTECH MANAGMENT SERVICES, INC., <br><br> Defendant/Crossclaimant <br><br> vs. <br><br> PAUL CARDWELL and MICHAEL J. PLAKE, <br><br> Defendants/Crossclaimants. | Case No. 12-CV-42-F |

## ORDER GRANTING MOTION TO STAY PROCEEDINGS

This matter is before the Court on Defendants Paul Cardwell and Michael J. Plake's Motion to temporarily stay proceedings. Defendants seek to stay the proceedings until the parallel criminal matter is resolved. The parallel criminal case is set to start trial on September 18, 2012 in front of Chief Judge Nancy Freudenthal. Both cases stem from the

allegations that Defendants obtained $847,884 from Plaintiff through a fraudulent billing scheme while Defendant Cardwell was the CEO for Powell Valley Health Care, Inc.

## DISCUSSION

"In the interest of justice, the Court may, at its discretion, stay a civil action until completion of parallel criminal proceedings." *Bd. of Cty. Commissioners of the Cty of Adams v. Asay*, No. 11-cv-02238, 2011 U.S. Dist. LEXIS 136709, *4 (D. Colo. Nov. 29, 2011); *see United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal Courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . ."). To determine whether a stay is warranted, the Court balances Plaintiff's interests "in moving forward with the litigation against the interests of a defendant asserting *Fifth Amendment* rights who faces the choice of being prejudiced in the civil action if those rights are asserted or prejudiced in the criminal litigation of those rights are waived." *AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 U.S. Dist. LEXIS 52692, at *2 (D. Colo. July 20, 2007).

The Court considers the following factors when exercising its discretion:

1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*In re CFS-Related Secs. Fraud Litigation*, 256 F. Supp. 2d 1227, 1236-1237 (N.D. Okla. 2003).

Here, the Court finds that a stay is necessary to prevent the possibility of prejudice to Defendants. If Defendants are forced to litigate both cases at the same time, Defendants will likely be prejudiced in defending this civil action or forced to give up their Fifth Amendment privilege and prejudiced in the criminal action.

First, the issues and facts in this case are almost identical to the facts in the criminal case. *See* 12-CR-81-F. In both cases, the allegations are that Defendants deprived Plaintiff of over $847,934. Second, Defendants have already been indicted and trial is set to begin September 18, 2012. Defendants were indicted for the same conduct alleged in the civil case. "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Thus, this factor weighs in favor of granting Defendants motion to stay the proceedings.

Third, the Court recognizes Plaintiff's private interests in proceeding expeditiously. However, Plaintiff does not identify anyway in which it would be prejudiced by a stay. While plaintiffs in almost every case would like to achieve a result as efficiently as possible, Plaintiff failed to identify any way in which a stay would cause additional prejudice. Moreover, as discussed above, the criminal case is set to begin trial in September. A stay

until after the criminal proceedings are completed would only cause minimal delay and inconvenience to Plaintiff.

In contrast, when Plaintiff's interests are balanced against the possible prejudice to Defendants, it is clear Defendants' interests in delaying the civil case outweigh any minimal inconvenience to Plaintiff. For example, it is possible that Defendants would either have to waive their Fifth Amendment to effectively defend the civil case, or assert his Fifth Amendment right and not present any defense. Defendants would likely be prejudiced in either the civil case or criminal case if this matter continued. Thus, the Court finds that Defendants private interests outweigh any possible prejudice to Plaintiff.

The final factors are the Court's interests and the public interests. Here, the Court believes that granting a stay would likely effectuate judicial economy. A jury trial is set in the criminal matter in September 2012. It would likely be more efficient to stay this case until after the criminal matter. For example, the criminal jury trial may resolve many issues for the civil matter. Additionally, the Court has a strong interest in ensuring that criminal prosecutions proceed quickly without constitutional improprieties. Finally, the public has an interest in the prompt resolution of both civil and criminal cases. However, in this case, the criminal case will likely conclude in less than two months. Thus, the delay if the motion to stay is granted would be minimal. Accordingly, the Court finds these factors are in favor of granting Defendants' motion to stay.

4

However, the Court will not grant a stay of six months as requested by Defendants. The criminal trial will likely conclude in less than two months. The Court fails to see any reason why it should further delay the civil matter after the criminal matter concludes. Accordingly, the Court will grant the motion to stay this case until either the entry of a guilty plea by Defendants or the date judgment is entered at the conclusion of the criminal trial.

## CONCLUSION

In exercising its discretion, the Court believes a stay is necessary to prevent substantial prejudice to Defendants. Accordingly, **IT IS ORDERED** that Defendants' motion to stay is **GRANTED.** This matter is stayed until either the entry of guilty pleas by Defendants or a judgment is entered at the conclusion of the criminal trial.

**IT IS FURTHER ORDERED** that the initial pretrial conference set for August 6, 2012 is **VACATED.**

Dated this 31st day of July, 2012.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE