Bradley T. Cave, P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P. O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-CV-0042-F |
| | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) **HealthTech Management** |
| | ) **Services, Inc.'s Motion for** |
| Defendant/Crossclaimant, | ) **Reconsideration of Order** |
| | ) **Granting Amended Motion to** |
| v. | ) **Temporarily Stay Proceedings** |
| | ) **and Brief in Opposition to** |
| PAUL CARDWELL and MICHAEL J. PLAKE, | ) **Amended Motion** |
| | ) |
| Defendants/Cross-Defendants. | ) |

Defendant/cross-claimant HealthTech Management Services, Inc. ("HealthTech") moves the Court for reconsideration of its Order Granting Motion to Stay Proceedings (D.E. 43), pursuant to Fed. R. Civ. P. 60(b), and requests the Court consider its brief in opposition to

Defendant's Amended Motion to Temporarily Stay Proceedings. In support of this motion, HealthTech states as follows:

## PROCEDURAL HISTORY

Defendant Michael J. Plake filed his Amended Motion to Temporarily Stay Proceedings on July 17, 2012 (D.E. 40, the "Amended Motion"). Defendant Paul Cardwell joined that motion on July 18, 2012 (D.E. 41, "Joinder"; Amended Motion and Joinder, collectively the "Motion"). Plaintiff Powell Valley Health Care, Inc. ("PVHC") filed its response and objection to the Motion on July 24, 2012 (D.E. 42). The federal rules provide HealthTech with a 17-day response deadline to the Motion up to and including August 3, 2012 (14 days per U.S.D.C.L.R. 7.1(b)(1)(B) + 3 days per Fed.R.Civ.P. 6(d)).

The Court granted the Motion on August 1, 2012, before HealthTech filed its response and without an opportunity to review and consider the important legal precedents cited and discussed herein. Federal Rule of Civil Procedure 60(b)(6) provides that HealthTech may move for relief from this Court's Order for "any other reason that justifies relief." Therefore, HealthTech moves the Court for reconsideration of its Order granting stay for the reasons set forth more fully below in its brief in opposition to Defendants' Motion, which HealthTech incorporates herein illustrating its justification for this requested relief.

Defendants' collective request for a stay should be denied because it is not legally required, not favored, and not appropriate in light of the recognized factors used to evaluate such requests. As to Defendant Plake, the request should be denied for the additional reason that he has already chosen to invoke the privilege against self-incrimination, thus eliminating the need to choose whether to invoke in the future, and thereby eliminating the very conundrum that underlies the request for a stay. Stated differently, Plake already has invoked the Fifth Amendment in his Answer; in so doing Plake already has subjected himself to the adverse inference instruction he belatedly seeks to avoid. As to Defendant Cardwell, the request should be denied for the additional reason that there is no basis for concluding that the choice about which he complains is even available to him; he is not in the difficult position of choosing

whether to invoke the privilege, given that his own Answers baldly deny any wrong-doing whatsoever, thus indicating that he has no Fifth Amendment privilege; Cardwell has submitted nothing subsequent to explain how, contrary to his Answers, he actually potentially even possesses the privilege because he might incriminate himself in discovery.  For all of these reasons, Defendants have failed to meet their burden of showing that a stay should be granted. Although the Court's discretion is broad, a stay in this case lacks support from the record established to date and is an extraordinary remedy not warranted by the law or facts applicable to this case.

Even if they had met a burden to obtain a stay to some degree, the stay they request is overbroad, as it seeks a stay that is far broader in scope than is warranted to serve the purported purpose of the stay.

## INTRODUCTION – BRIEF IN OPPOSITION TO DEFENDANTS' MOTION

In the Amended Motion and Joinder (collectively referred to hereinafter as the "Motion"), Defendants seek a stay of this civil proceeding until the related criminal case against them has been resolved, primarily because otherwise they will be forced to choose between affectively defending the criminal case and effectively defending the civil case.  In particular, the Defendants essentially claim that they should not be forced to choose between (a) invoking in the civil case their Fifth Amendment privilege against self-incrimination, which would promote their criminal defense but devastate their civil defense by raising an adverse inference; and (b) waiving the privilege in the civil case, which would promote their civil defense by avoiding the adverse inference but harm their criminal defense.[1]  Defendant Plake claims, "As the law makes clear, this is not a choice [Defendants] should be forced to make."  Amended Motion, at 2.

This claim is without merit.  In fact, the law does not prohibit putting Defendants to this choice, and under the circumstances of the current case, they should be put to this choice so that

---

[1] Defendants do not say how their defense of the criminal case would be harmed by their waiver of the privilege in the civil case. However, it seems apparent how this would occur: by testifying truthfully at a deposition and otherwise providing honest answers in discovery, Defendants would necessarily make admissions – admissible in the criminal case – that would help, or perhaps even completely, establish the elements of the criminal offenses with which they are charged in the indictment.

the civil case can proceed without delay. For this reason and the other reasons set forth herein, and as set forth in the response and objection to the Motion filed by Plaintiff Powell Valley Health Care, Inc. ("PVHC") (D.E. 42), the Motion should be denied in its entirety.

I. **AS TO BOTH DEFENDANTS, THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE MOTION BECAUSE A STAY IS NOT WARRANTED UNDER THE CIRCUMSTANCES.**

    A.    A STAY IS NOT LEGALLY REQUIRED, FAVORED, OR NECESSARY TO PROTECT CIVIL DEFENDANTS' FIFTH AMENDMENT RIGHTS, BECAUSE THEY CAN ALWAYS CHOOSE TO INVOKE THOSE RIGHTS AND THEY HAVE NO FIFTH AMENDMENT RIGHT TO AVOID THE ADVERSE INFERENCE THAT WOULD RESULT FROM INVOCATION.

Neither the Constitution nor any law requires that Defendants receive a stay of civil proceedings. *E.g., Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985) ("the law does not require postponement of civil discovery until fear of criminal prosecution is gone"); *United States Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) ("a defendant has no constitutional right to a stay pending the outcome of a related criminal case"). Likewise, there is no legal right, constitutional or otherwise, for Defendants to avoid having to make the choice they seek to avoid having to make via a postponement of this civil case. *E.g., DeVita v. Sills*, 422 F.2d 1172, 1178 (3d Cir. 1970) ("the contention that an actual or potential defendant in a criminal case should not even be put to the difficult choice of having to assert the privilege in a related civil case was rejected in *United States v. Kordel*, 379 U.S. 1"); *United Auto. Ins. Co. v. Veluchamy*, 747 F. Supp. 2d 1021, 1023 (N.D. Ill. 2010) ("While the dilemma may be an uncomfortable one, it is not one the Constitution forbids.") (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)), and at 1026 ("This dilemma, however, is not one forbidden by law. That it is a difficult and perhaps a not particularly palatable choice does not absolve a party in litigation from making it. It is but an instance of the enumerable, difficult choices that life and law require be made."). Nor is it an unusual dilemma, but rather a "dilemma numerous parties face in cases throughout the country in both state and federal courts." *Id*.

Similarly, there is no right to avoid the consequences of making the choice to assert the Fifth Amendment in the civil case. *See Mid-America's Process Serv.*, 767 F.2d at 686 (defendants "may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege, in which event they may have to accept certain bad consequences that flow from that action") (citation omitted). The primary consequence, of course, is that an adverse inference may be drawn against Defendants in the civil case, but this consequence is neither unconstitutional nor out of the ordinary. *See A.S. Templeton Group, Inc.*, 297 F. Supp. 2d at 535 (consequence of adverse inference "'is not unprecedented' nor is it unconstitutional") (quoting *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 807-08 (E.D.N.Y. 1992)).

Indeed, while Defendants may portray the Motion as a matter of grave constitutional concern, in fact it is simply a request that this Court accommodate their trial strategy. The outcome of this Motion will not affect their right against self-incrimination, but only their strategic position in the civil case. *See United States v. Hines*, No. CV-2011-5080, 2012 WL 2993596, at *2 (E.D.N.Y. July 20, 2012) ("'what is at risk is not their constitutional rights – for they cannot be forced to testify . . . but their strategic position in the civil case.'") (quoting *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578 n.4 (S.D.N.Y. 2001)).[2]

Accordingly, rather than being anything close to a constitutional or other legal necessity, "postponement is a matter for the exercise of the trial court's discretion." *Mid-America's Process Svc.*, 767 F.2d at 687. District courts can and regularly do exercise that discretion to decline to postpone the civil case. *See id.* Indeed, "a stay of a civil case is 'an <u>extraordinary remedy</u>,'" *Hines*, 2012 WL 2993596, at *2 (quoting *SEC v. Constantin*, No. 11 CIV 4642 (MHD), 2012 WL 1195700, at *1 (S.D.N.Y. 2012)) (emphasis added), and is discouraged. *See A.S. Templeton Group, Inc.*, 297 F. Supp. 2d at 535. "There is a strong presumption in favor of discovery in a civil case. The party moving for a stay bears the burden of overcoming that presumption." *See, e.g., SEC v. Kiselak Capital Group, LLC*, No. 4:09-cv-256-A, 2011 WL

---

[2] <u>Hines</u> is attached hereto as Exhibit 1.

4398443, *2 (N.D. Tex. Sept. 20, 2011) (citation omitted), and Defendants have failed to carry that burden.

      B.    UNDER THE RECOGNIZED FACTORS GOVERNING THE EXERCISE OF THE COURT'S DISCRETION, THE MOTION SHOULD BE DENIED.

As noted by both Plake and Cardwell, in exercising their discretion, many courts consult five particular factors. While individual courts may articulate each factor in a slightly different way, the factors recognized consistently throughout the country are essentially the same.[3] Under the articulation cited by PVHC, for example, which is as sound as any and which is close to the articulation cited by Plake, the factors are: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (citation omitted).

The first and fifth factors clearly cut against a stay of these civil proceedings. PVHC has thoroughly outlined the strong interest of both the Plaintiff (PVHC, a public hospital) and the public it serves in promptly concluding this litigation. Among many other circumstances, PVHC notes that assets of Plake and Cardwell could be dissipated as time goes on – a circumstance that indeed may prejudice the Plaintiff. *See, e.g., Kiselak Capital Group, LLC*, 2011 WL 4398443, at *3 ("The potential prejudice of a delay is plain: [defendant] may hide the assets and avoid having to pay the judgment. Worse, [defendant] may sell the assets and they will never be recovered. Given that a stay would further prolong already delayed collection efforts, the court believes [this factor] weighs against granting such a stay.").[4] PVHC also notes its interest in a speedy resolution of this matter generally – an interest that counsels against granting a stay, as courts have noted. *See, e.g., A.S. Templeton Group, Inc.*, 297 F. Supp. 2d at 535. HealthTech would

---

[3] Other courts use a similar, six-part test. *See, e.g., Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 & n.14 (2d Cir. 2012).
[4] *Kiselak Capital Group* is attached hereto as Exhibit 2.

note that it, as a cross-claimant against Defendants, has the same interest as PVHC in avoiding dissipation of assets and delay.

As to the fifth factor, courts have noted the public interest in mitigating the consequences of fraud perpetrated against government entities – which is what PVHC is. *See Hines*, 2012 WL 2993596, at *3 ("The public also has an interest in protecting the public fisc from being dissipated" by fraud). They also have noted the interest of the public at large in speedy resolution of civil cases. *E.g., A.S. Templeton Group, Inc.*, 297 F. Supp. 2d at 535; *Kiselak Capital Group, LLC,* 2011 WL 4398443, at *4.

The third factor likewise supports denial of the Motion. Courts have an interest in moving matters expeditiously. *Id.; Hines*, 2012 WL 2993596, at *3. Relatedly, courts also have an interest in avoiding the delay and interference with judicial administration that stays might entail. *See A.S. Templeton Group, Inc.*, 297 F. Supp. 2d at 535-36.

As for the fourth factor, the interests of non-parties (other than the public at large) do not appear implicated in a manner significant to the resolution of the Motion. Finally, the second factor does not militate against granting the Motion; admittedly, Defendants (or at least Cardwell, who, unlike Plake, has not already invoked the Fifth Amendment, as discussed below) have an interest in avoiding a tough strategic decision whether to invoke the Fifth Amendment. However, as discussed above, this interest is not especially strong, since it is not unconstitutional, nor is it uncommon, for a defendant to be forced to make this decision. In addition, the Court could mitigate Defendants' concerns here by, for example, granting a protective order to the effect that the government cannot use otherwise incriminating evidence – including Defendants' deposition testimony – against Defendants and/or that discovery obtained in this civil action cannot be distributed or shown to the government. *See, e.g., Hines*, 2012 WL 2993596, at *4.

Thus, three factors weigh against granting the Motion, and only one weighs in favor of it. Given not just the raw numbers, but the strength and character of the factors on the competing sides, it is apparent that the balance of interests weighs against granting the Motion.

## II.   AS TO DEFENDANT PLAKE, THE MOTION SHOULD BE DENIED ALSO BECAUSE HE HAS ALREADY MADE THE CHOICE THAT HE CLAIMS HE SHOULD BE ABLE TO AVOID VIA A STAY.

As to Plake in particular, his argument fails for an additional reason.  His Amended Motion is grounded on one rationale:  his need to avoid choosing between: (a) waiving, in the civil case, his privilege against self-incrimination (in order to be able to defend the civil case, he implies); and (b) invoking, in the civil case, his privilege against self-incrimination (in order to be able to defend the criminal case, he implies).  *See* Amended Motion, at 2.  Plake essentially complains that if he is forced to choose, and chooses the second option, he will suffer an adverse inference in the civil case.  *See id.* at 3.  (Of course, as noted above, this complaint should fall on deaf ears, as it is a choice that he, like many civil/criminal defendants, simply has to make even though, undoubtedly like many things in life, he would prefer not to have to do).

However, Plake ignores the fact that he <u>already</u> has chosen.  A defendant can choose to invoke the Fifth Amendment in an answer to a complaint.  *See, e.g., A.S. Templeton Group, Inc.*, 297 F. Supp. 2d at 533.  This is precisely what Plake has done (albeit not properly).[5]  In his Answer to both PVHC's and HealthTech's claims, he clearly and unambiguously "assert[ed] his privilege against self-incrimination under the Fifth Amendment to the United States Constitution."  (D.E. 32, at 2).  Having invoked the Fifth Amendment in his response to the allegations of the complaint, Plake is already subject to the very adverse inference he claims; thus, his belated effort to avoid that inference is entirely misplaced.  The stay he seeks will only prejudice PVHC and HealthTech without in any way enabling Plake to avoid the choice he already has made.  *See, e.g., United States v. One Hundred Thirty Thousand Fifty-Two Dollars in U.S. Currency*, 909 F. Supp. 1506, 1517 (M.D. Ala. 1995); *Cf. United Technologies Corp. v. Dean*, 906 F. Supp. 27, 28-29 (D. Mass. 1995) (court acknowledges, but does not adjudicate, plaintiff's claim that defendant already made the choice she supposedly seeks to avoid via motion to stay, by asserting Fifth Amendment privilege in response to a state court criminal complaint).

---

[5] In particular, Plake made a blanket assertion of privilege, using it to justify declining to respond to any allegations in the complaint.  However, a blanket assertion of privilege is improper.  *See infra*, at 14.

In other words, Plake has already chosen to invoke the Fifth Amendment and already is subject to the adverse inference he seeks to avoid via his Amended Motion. Thus, the very basis of his Motion is invalid, and the Amended Motion accordingly should be denied on this basis alone.

### III.  AS TO DEFENDANT CARDWELL, THE MOTION SHOULD BE DENIED ALSO BECAUSE THERE IS NO INDICATION THAT HE POSSESSES A FIFTH AMENDMENT PRIVILEGE.

There are additional reasons why Cardwell in particular is not entitled to a stay. First, joining in the Motion for a Stay, Cardwell states, "The interest of Paul D. Cardwell and Michael Plake are the same in regard to the choice between his capacity to defend the claims expressed in this lawsuit and waiver of his Fifth Amendment privilege against self-incrimination." (D.E. 41)[6] Cardwell apparently here is implying that if he chooses not to waive his Fifth Amendment privilege, he cannot defend this lawsuit, and that if he chooses to defend this lawsuit, he will have to waive his Fifth Amendment privilege. Thus, the very basis for the Motion to Stay is the difficulty of the decision of whether to invoke the Fifth Amendment in this civil lawsuit.

However, for Cardwell, this Hobson's choice <u>does not in fact even exist</u>. Cardwell, unlike Plake, at no point has indicated that he in fact would need to invoke the Fifth Amendment in defending this lawsuit or that he even has a Fifth Amendment privilege. In particular, he has never indicated that any truthful responses in discovery would tend to incriminate him. Quite the contrary in fact. In his Answer to the claims made against him by PVHC (D.E. 19) and especially in his answer to HealthTech's complaint (D.E. 19), he not only denies the allegations but aggressively asserts his complete absence of culpability; in his Answer to HealthTech's complaint (D.E. 19), he also asserts aggressive affirmative defenses and blames others for the wrongdoings. His position, in other words, is that a truthful response to the allegations would

---

[6] Although Cardwell alludes to a choice between being able to defend this lawsuit and waiving his Fifth Amendment privilege, he surely meant to reference a choice between being able to defend this lawsuit and <u>not</u> waiving his Fifth Amendment privilege. Cardwell surely does not mean that he would like to both defend this lawsuit and waive his Fifth Amendment privilege. Rather, he must mean that he would like to both defend this lawsuit and <u>not</u> waive his Fifth Amendment privilege; it is the choice between these two options that he apparently claims is at issue.

tend to vindicate himself; thus, there is no indication whatsoever that it is his position that a truthful response to those allegations would tend to incriminate him.

Cardwell apparently has no Fifth Amendment privilege since, according to his own Answers, his truthful responses to discovery would not incriminate him, inasmuch as he has done nothing wrong. The Fifth Amendment, after all, is not a blanket right to avoid answering questions; it is a right to avoid answering questions <u>where a truthful answer would tend to incriminate the answerer criminally</u>. *See, e.g., Allen v. Illinois*, 478 U.S. 364, 368 (1986) (noting that privilege against self-incrimination "'privileges [a person] not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, <u>where the answers might incriminate him in future criminal proceedings</u>'") (emphasis added) (quoting *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984)).[7]

Indeed, one suspects that Cardwell knows that his Answer and affirmative defenses imply that he has no Fifth Amendment privilege and that that is why he has never invoked it or even admitted he would need to at some point.[8] Indeed, were he ever to invoke the Fifth Amendment, it would seriously call into question the validity of his original Answer and affirmative defenses. In that case, it would seem, at the very least, that Cardwell should be required to file an amended answer. *See Veluchamy*, 747 F. Supp. 2d at 1025, 1030 n.7 (noting that defendant had withdrawn his answer and affirmative defenses and pled the Fifth Amendment in an amended answer).

---

[7] To be sure, the Fifth Amendment could apply to answers given by Cardwell that are not on their face incriminating but could lead to other evidence that could be used to incriminate him by, for example, furnishing a link in the chain of evidence needed to prosecute him. *See Hibel v. Sixth Judicial Court of Nevada*, 542 U.S. 177, 190 (2004). However, this does not help Cardwell, because he has failed to explain – or even attempt to explain – how any answer or other disclosure he might make could be so used. *See id.* ("Even today, petitioner does not explain how the disclosure of his name could have been used against him in a criminal case."). Even if Cardwell had claimed that this might occur, his mere claim would not establish that he has a privilege against self-incrimination; the court must be satisfied that that there is a hazard of incrimination. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951).

[8] The quoted language from Cardwell's Joinder does not constitute an acknowledgment that he would need to invoke the Fifth; it is at most a vague description of a hypothetical conundrum he could possibly find himself in. To this day, Cardwell has not come out and directly stated that at the appropriate time he would invoke the Fifth Amendment.

10

One also suspects that Cardwell wants to have his cake and eat it too: gain a stay of this civil case without so much as having to concede that he would need to invoke the Fifth because he would incriminate himself with truthful discovery responses. Cardwell thus is attempting to do, albeit in a somewhat different way, what the defendant attempted but was not permitted to do in *Veluchamy*: "to answer the complaint, to raise affirmative defenses, to avoid having to respond to discovery, and to avoid having to assert the Fifth Amendment while effectively availing himself of its protections." *Id.* at 1023 (quoting *United Auto. Ins. v. Veluchamy*, No. 09 C 5487, 2010 WL 749980, at * 3 (N.D. Ill. March 4, 2010)). This "'is self-help in its most obvious and unsustainable form.'" *Id.* The Court should not permit Cardwell to enjoy the protection of the Fifth Amendment, via a stay of the civil case to the potential substantial detriment of PVHC and HealthTech, unless and until Cardwell at least admits that he would need to invoke it.

Second, Cardwell may well have waived his privilege against self-incrimination, at least in part, by asserting affirmative defenses. In particular, he may have waived the privilege as to matters encompassed by the affirmative defenses. *See United Auto. Ins. Co. v. Veluchamy*, 747 F. Supp. 2d at 1023-24 (declining to reconsider prior order finding that defendant, by asserting affirmative defenses, waived Fifth Amendment privilege as it related to discovery requests directed to the affirmative defenses).

For these reasons, Cardwell's justification for joining in the Amended Motion is – like the Amended Motion itself – without merit.

## IV.     EVEN IF THE COURT WERE TO FIND SOME STAY IS APPROPRIATE, THE REQUESTED STAY IS OVERBROAD.

As discussed above, Defendants are not entitled to any stay. Moreover, even if some stay were appropriate, the stay requested by Defendants is overbroad in terms of its scope.[9]

---

[9] The requested stay also was overbroad in terms of its duration, requesting a stay of a specific period of six months. As the Court's order granting the Motion indicates, the Court recognizes that this period may prove substantially too long given that Defendants quite possibly will plead guilty or be convicted or acquitted at trial long before the six-month period expires.

The request is substantially overbroad because it seeks a complete stay of discovery. However, stays indiscriminately granted as to <u>all</u> discovery are not viewed favorably by the Tenth Circuit, and should be denied where there is a failure to show good cause for a complete stay. *See United States v. A & P Arora, Ltd.*, No. 93-3390, 1995 WL 18276, at *2, 3 n.4 (10th Cir. Jan. 18, 1995).

As noted above, a stay can be justified only by Defendants' interest in not having to choose whether to invoke the Fifth Amendment; the purpose of a stay would be only to save Defendants from the vexation of making this choice and from the consequences of whatever choice is made. Thus, to the extent that discovery can continue without forcing Defendants to make this choice, the rationale for the stay is inapplicable, and the stay should not apply.

A great deal of discovery can take place without forcing Defendants to choose whether to invoke the privilege against self-incrimination, because the privilege would not apply to all discovery requests. Indeed, blanket assertions of the privilege are improper. *See, e.g., Kiselak Capital Group, LLC*, 2011 WL 4398443, at *2. The privilege may or may not apply based on what is asked, and whether it applies is an item-by-item determination. *E.g. Hibel*, 542 U.S. at 190 (petitioner's involuntary disclosure of simply his name would not have tended to incriminate him and thus would have caused no Fifth Amendment violation); *A.S. Templeton Group, Inc.*, 297 F. Supp. 2d at 533. The privilege applies to particular discovery requests only when they implicate the privilege, *see A & P Arora, Ltd.*, 1995 WL 18276, at *2, 3 n.4, *i.e.*, force defendants to incriminate themselves. With respect to requests for production of documents, the privilege generally does not apply unless the defendant's act of producing the documents would itself be incriminating. *E.g. Fisher v. United States*, 425 U.S. 391, 410-11 (1976); *Foster v. Hill*, 188 F.3d 1259, 1269 (10th Cir. 1999).

For all of these reasons, even if the Motion is not denied outright, it should be granted only in small part. That is, the Court could stay discovery that would tend to force Defendants to choose whether to invoke the privilege, yet permit all other discovery, including non-party depositions, requests to Defendants (and anyone else) for production of documents, and certain basic interrogatories to Defendants.

For all of the above reasons, no stay is appropriate as to either Defendant.

WHEREFORE, HealthTech respectfully requests that this Court reconsider its prior order granting the Motion and deny the Amended Motion and the Joinder in their entirety or, alternatively, grant only a very limited stay as discussed herein.

DATED:  August 2, 2012.

>
> /s/ Bradley T. Cave
> Bradley T. Cave P.C. (Wyo. Bar # 5-2792)
> Joanna R. Vilos (Wyo. Bar #6-4006)
> HOLLAND & HART LLP
> 2515 Warren Avenue, Suite 450
> P. O. Box 1347
> Cheyenne, WY  82003-1347
> Telephone:  (307) 778-4200
> Facsimile:   (307) 778-8175
> bcave@hollandhart.com
> jvilos@hollandhart.com
>
> Eli J. Richardson (admitted pro hac vice)
> BASS, BERRY & SIMS PLC
> 150 Third Avenue South, Suite 2800
> Nashville, TN  37201
> Telephone:  (615) 742-7825
> Facsimile:   (615) 742-0416
> erichardson@bassberry.com
>
> *Attorneys for Plaintiff*
> *HealthTech Management Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2012, I served a true and correct copy of the foregoing by CM/ECF to the following:

>Robert W. Horn
>ROBERT W. HORN, P.C.
>230 East Broadway, Suite 3A
>P. O. Box 4199
>Jackson Hole, WY  83001
>rhornatty@me.com
>
>Robert W. York
>ROBERT W. YORK & ASSOCIATES
>7212 North Shadeland Avenue, Suite 150
>Indianapolis, IN  46250
>rwyork@york-law.com
>
>Tracy J. Copenhaver
>COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
>P. O. Box 839
>Powell, WY  82435
>tracy@ckattorneys.net
>
>Michael Reese
>MICHAEL REESE, LLC
>The Colony Building
>211 West 19th Street, Suite 400
>Cheyenne, WY  82001
>mike@mhrwlaw.com

/s/ Bradley T. Cave