Robert W. Horn
ROBERT W. HORN, P.C.
P.O. Box 4199
230 East Broadway, Suite 3A
Jackson, WY 83001
Tel:  (307) 733-5747
Fax:  (307) 733-8215
Email: rhornatty@me.com

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF WYOMING

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:12-cv-00042-F |
| ) | |
| PAUL CARDWELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| POWELL VALLEY HEALTH CARE, INC., a Wyoming ) | |
| non-profit corporation, ) | |
| ) | |
| Cross Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC.; ) | |
| PAUL CARDWELL and MICHAEL J. PLAKE, ) | |
| ) | |
| Cross Defendants. ) | |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PAUL CARDWELL**

Come now attorneys, Robert W. York ("York), admitted as *Pro Hac Vice,* and Robert W. Horn ("Horn"), having heretofore entered their appearances for Defendant, Paul Cardwell ("Cardwell"), and move the Court to grant them leave to withdraw as counsel for Cardwell.  In support thereof, said attorneys state as follows:

12-013

1.      Plaintiff, HealthTech Management Services, Inc. ("HealthTech") and Powell Valley Health Care, Inc. ("PVHC") filed their respective Complaint and Cross Claim against Cardwell and Michael J. Plake ("Plake") asserting that Cardwell and Plake participated in a fraudulent billing scheme to defraud them of more than $847,000.

2.      In case number 12-CR-81-F (the "Criminal Case"), also pending in this Court, the United States of America has charged Cardwell and Plake with fifteen (15) criminal counts based upon allegations paralleling those asserted in this case.

3.      York and Horn appeared as attorneys for Cardwell and, based upon his statements to said attorneys, timely filed his Answer to HealthTech's Complaint and Answer to PVHC's Cross Claim, essentially denying the allegations of the Complaint and Cross Claim.

4.      On July 31, 2012, the Court granted the motion to temporarily stay the proceedings in this case, filed by Cardwell and Plake, until "either the entry of guilty pleas by Defendants or a judgment is entered at the conclusion of the criminal trial."

5.      The Criminal Case is set for trial on September 18, 2012.

6.      York and Horn have been notified by the Court that Plake intends to change his "not guilty" plea on September 17, 2012.

7.      York and Horn are also two of the three attorneys for Cardwell in the Criminal Case, along with attorney, James Voyles, and said attorneys were directed and authorized by Cardwell to engage in settlement discussions with the United States. Those discussions resulted in a proposed Plea Agreement which, among other things, requires that Cardwell make restitution to PVHC and HeathTech and to provide full and complete disclosure to the United States of his financial status.

8. The Plea Agreement was sent to Cardwell and he instructed his attorneys to notify the United States that he fully agreed with and would sign and file the Plea Agreement.

9. The parties in the Criminal Case agreed that a change of plea hearing in the Criminal Case would be set for Cardwell on August 29, 2012 and that the Plea Agreement would be filed with the Court before that date.

10. On and before August 15, 2012 and continuing through August 28, 2012, York has had communications from Cardwell but only by way of emails from him and a voice mail from him.

11. Cardwell agreed to personally meet with York on August 23, 2012 and then again on August 25, 2012, but never arrived at York's office for such meetings.

12. Cardwell's residence, as provided in the Order Setting Conditions of Release issued in the Criminal Case, was to be at the home of his mother, Barbara Cardwell, in Tipton, Indiana (the "Residence").

13. On August 28, 2012 York sent his paralegal and investigator to the Residence in an attempt to personally meet with Cardwell. On that date, they met with Cardwell's mother and York personally spoke to her by telephone with his paralegal and investigator present and able to hear both sides of the conversation, and she informed York that Cardwell had been gone since August 25, 2012 and that she did not know where he was, nor, did she know how to contact him except to send him an email and hope that he responded.

14. York immediately attempted to contact Cardwell at the telephone number he had provided to his attorneys, and was informed that that number was no longer in service.

15.     Pursuant to their duties as officers of the Court, on August 28, 2012, Cardwell's three attorneys telephoned, Lisa Leschuk, the Assistant United States Attorney involved in the Criminal Case, and informed her of the circumstances above described.

16.     On August 29, 2012, this Court in the Criminal Case issued a warrant for the arrest of Cardwell on the basis: "That on or about June 25, 2012, the defendant applied for a U.S. Passport Book using the name of Paul D. Sappington."

17.     On August 29, 2012, York spoke to Barbara Cardwell and informed her that an arrest warrant had been issued, that Cardwell should surrender himself and that Barbara should not in any way interfere with the authorities.

18.     As of the filing of this motion to withdraw, none of Cardwell's attorneys have received any communication from him regarding the arrest warrant, none of his attorneys know his current whereabouts nor a telephone number where he may be reached and Cardwell has not immediately advised the Court, his attorneys and the U.S. Attorney in writing of any change in his address and telephone number – contrary to the Order Setting Conditions of Release.

19.     At no time during their representation of Cardwell has he provided to his attorneys even an inkling that he would not enter into the Plea Agreement nor that he would move from his mother's residence.

20.     As of the filing of this motion to withdraw, Cardwell has not complied with the written fee agreements with his attorneys.

21.     Rule 83.12.1 (a)(1), U.S.D.C.L.R, requires that York and Horn at all times exercise candor, diligence and utmost respect to the judiciary, litigants and other attorneys. York and Horn have had repeated communications with counsel for PVHC and HealthTech and provided to them candid responses to their inquiries based upon information provided by

Cardwell. Based upon Cardwell's current conduct, it is now uncertain as to whether the information provided to said counsel was accurate and York and Horn believe that they can make no further representations to opposing counsel upon which any of said counsel can rely to be truthful.

     22.     York and Horn acknowledge that Local Rule 83.12.3 (b), U.S.D.C.L.R, provides as follows:

     (b)     Withdrawal of Appearance. An attorney who has appeared of record in a case may, with Court permission, withdraw for good cause shown. An attorney seeking withdrawal shall be relieved of his duties to the Court, the client and opposing counsel, only after the completion of the following procedures:

     (1)     filing of a motion seeking leave to withdraw, specifying the reasons therefore, unless to do so would violate the Code of Professional Responsibility, and service of a notice of withdrawal on his client and other counsel. Notice to the attorney's client must contain the admonition that the client is personally responsible for complying with all orders of the Court and time limitations of the Local Rules and Federal Rules of Civil Procedure;

     (2)     the filing with the Clerk of Court a notice of withdrawal, proof of service thereof and the written consent of the client to the withdrawal; and

     (3)     the filing of an entry of appearance or a commitment to represent the client by a substitute attorney. After such procedure has been completed, the court shall enter an order authorizing such a withdrawal. If the client has not consented in writing to such a withdrawal, the motion shall be set down for hearing before the Court.

     23.     A Word version of this motion to withdraw has been sent to Cardwell's last known email address along with the admonition that: **he is personally responsible for complying with all orders of the Court and time limitations of the Local Rules and Federal Rules of Civil Procedure.** But, York and Horn have no way of guaranteeing that Cardwell has received the motion or that he will respond, by among other things, providing his true current address and telephone number.

     24.     Given Cardwell's past and current conduct towards his counsel, York and Horn doubt that Cardwell will voluntarily consent to their withdrawal.

26. York and Horn believe the allegations hereinabove set forth establish good cause for the Court to grant them leave to withdraw from their representation of Cardwell in this matter and request that the Court grant them that leave.

Wherefore, attorneys, Robert W. York and Robert W. Horn, move the Court to grant them leave to withdraw as counsel for Paul Cardwell and for all other just and proper relief.

Respectfully submitted,

Attorneys for Paul Cardwell

/s/ Robert W. York
Robert W. York, admitted *Pro Hac Vice*
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
Tel: (317) 842-8000
Fax: (317) 577-7321
Email: rwyork@york-law.com

/s/ Robert W. Horn
Robert W. Horn
ROBERT W. HORN, P.C.
P.O. Box 4199
230 East Broadway, Suite 3A
Jackson, WY 83001
Tel: (307) 733-5747
Fax: (307) 733-8215
Email: rhornatty@me.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September       5    , 2012, a copy of the foregoing Motion to Withdraw was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

| Bradley T. Cave, P.C.<br>HOLLAND & HART<br>Attorneys for HealthTech<br>2515 Warren Ave., Suite 450<br>P.O. Box 1347<br>Cheyenne, WY 82003<br>bcave@hollandhart.com | Joanna R. Vilos<br>HOLLAND & HART<br>Attorneys for HealthTech<br>2515 Warren Ave., Suite 450<br>P.O. Box 1347<br>Cheyenne, WY 82003<br>jvilos@hollandhart.com |

| | |
|---|---|
| Eli J. Richardson<br>BASS, BERRY & SIMS PLC<br>Attorneys for HealthTech<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>richardsonej@bassberry.com | Tracy J. Coopenhaver<br>COPENHAVER, KATH, KITCHEN & KOLPITCKE<br>Attorneys for Powell Valley Healthcare<br>P.O. Box 839<br>Powell, WY 82435<br>tracy@ckattorneys.net |
| Michael Reese<br>MICHAEL REESE, LLC<br>Attorney for Michael Plake<br>The Colony Building<br>211 West 19th Street<br>Suite 400<br>Cheyenne, WY 82001<br>mike@mhrwylaw.com | |

         ___*/s/ Robert W. Horn*_____
         Robert W. Horn