Bradley T. Cave, P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson *(admitted pro hac vice)*
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC., | )  Civil Action No. 12-CV-0042-F |
| | ) |
| Defendant/Crossclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL CARDWELL and MICHAEL J. PLAKE, | ) |
| | ) |
| Defendants/Cross Defendants. | ) |

**Reply Of Defendant/Cross-Claimant
Healthtech Management Services, Inc.
To Defendant Cardwell's Motion To Withdraw**

Defendant/Cross-Claimant HealthTech Management Services, Inc. ("HealthTech") submits its reply to the Motion for Leave to Withdraw as Counsel for Paul Cardwell.

1.  Paul Cardwell's counsel seek leave of the Court to withdraw because Mr. Cardwell has terminated communications with his counsel, and is apparently in violation of the terms of the Order Setting Conditions of Release in the criminal case against him also pending in this Court.  HealthTech has no desire to saddle Cardwell's counsel with continuing representation of a client who refuses to communicate with counsel and has not paid his attorneys' fees.  However, permitting withdrawal at this stage of this case will complicate the efficient resolution of this case, effectively reward Cardwell for violations of this Court's orders, and run contrary to the rules of this Court.

2.  Cardwell's counsel has complied with this Court's rules to the extent within their control under the circumstances they describe in their motion.  However, Rule 83.12.3(b)(3), U.S.D.C.L.R., conditions withdrawal of counsel on the entry of appearance or a commitment by a substitute attorney to represent the party.   Also, that rule requires a hearing on the motion if the party represented by withdrawing counsel does not consent to the withdrawal in writing.  *Id.* Those requirements are apparently designed to protect the Court, the other parties and the judicial process from the damage that would be caused by a party who does not have counsel to represent him and has not submitted as a *pro se* party to comply with the orders of the Court and the Rules of Civil Procedure and local rules.

3.      The damage that would result from permitting the withdrawal of counsel is also apparent.  First, withdrawal of Cardwell's counsel would transfer the burden and expense of attempting to communicate with Cardwell from Cardwell to the Court, Powell Valley, HealthTech and Plake.  Now, because Cardwell has formally appeared in this action through counsel, the parties formally communicate through the service of pleadings on counsel as required by Rule 5(b)(1), Fed. R. Civ. Pr.  Rule 5 does not address service on Cardwell if his counsel withdraws without any appearance by Cardwell in a *pro se* capacity, as would be accomplished through his written consent to the withdrawal of his counsel as required by Local Rule 83.12.3(b)(3).  Cardwell has not consented to accept service of pleadings through any means other than his counsel.

4.      Second, if counsel is permitted to withdraw, the progress of this case is likely to remain stalled.  Any effort by Powell Valley and HealthTech to conduct discovery, present dispositive motions or otherwise prepare the case for disposition or trial will be hindered, stymied or at least delayed by Caldwell's absence as an active party, and the lack of awareness of Caldwell's whereabouts.  See, Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1145 (3d ed.) fn. 7 (service must be made on the party himself after his counsel permitted to withdraw).  The Court can partially address this damage through various sanctions, but only after the remaining parties have carried the burden of proving the inability to effectively serve Cardwell and engage him in the litigation process, and drafted the necessary motions to request the sanctions.   Even worse, if Cardwell occasionally files some sort of response or otherwise participates in the case from an

undisclosed location while not being available for discovery, he may be able to further delay the inevitable entry of judgment against him while the Court and the other parties deal with his piecemeal responses. At this time, these problems are avoided entirely simply by serving Cardwell's counsel. Even if Cardwell does not communicate with his counsel, he has consented to their representation of him. If he deprives his counsel of the ability to represent his interests it is only appropriate that he, and only he, bear the burden of it.

WHEREFORE, HealthTech requests that the Court deny the motion of Cardwell's counsel to withdraw unless and until substitute counsel is appointed or Cardwell files a *pro se* entry of appearance and consents to a method for service of pleadings under Rule 5.

DATED: September 7, 2012

/s/ Bradley T. Cave
Bradley T. Cave P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416
richardsonej@bassberry.com

ATTORNEYS FOR CROSS-PLAINTIFF
HEALTHTECH MANAGEMENT SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2012, I served a true and correct copy of the foregoing by CM/ECF addressed to the following:

Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
rwyork@york-law.com

Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
tracy@ckattorneys.net

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001
mike@mhrwylaw.com

/s/ Bradley T. Cave

5621001_1