Bradley T. Cave, P.C. (Wyo. Bar No. 5-2792)
Joanna R. Vilos (Wyo. Bar No. 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P. O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 12-CV-0042-F |
| | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Defendant/Crossclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL CARDWELL and MICHAEL J. PLAKE, | ) |
| | ) |
| Defendants/Cross-Defendants. | ) |

**MOTION OF DEFENDANT/CROSSCLAIMANT HEALTHTECH MANAGEMENT SERVICES, INC. TO LIFT TEMPORARY STAY**

Defendant/Crossclaimant HealthTech Management Services, Inc. ("HealthTech") moves the Court to lift the temporary stay of this action ordered by the Court on July 31, 2012 because the reasons for that stay are no longer present.

1.  Defendants Michael Plake and Paul Cardwell filed motions to stay this case on July 17, 2012 and July 18, 2012, respectively.  Both argued in pertinent part that discovery in this civil case would prejudice their constitutional rights and their defense on the merits of the criminal charges pending against them in Case No. 12CR81-F before this Court ("the criminal case").  On July 31, 2012, the Court issued its Order Granting Motion to Stay Proceedings, based largely on the conclusions that (a) discovery in this civil action created a threat of prejudice to Cardwell and Plake in the defense of the criminal case; (b) resolution of the criminal charges may promote judicial efficiency in this case; and (c) due to the relatively short time until the scheduled trial of the criminal case, Plaintiff[1] could not demonstrate prejudice resulting from a stay.

2.  None of those reasons continues to exist.  Cardwell is a fugitive from justice, the criminal trial has been vacated, and Plake has pleaded guilty to two of the charges against him. On August 29, 2012, the United States filed its Petition for Action on Conditions of Pretrial Release in 12-CR-81-02F notifying the Court that Cardwell had attempted to apply for a passport contrary to the conditions of his bail and requesting the issuance of a warrant for his arrest.  On September 12, 2012, this Court issued its Order Granting Government's Motion to Vacate Trial

---

[1] The Court entered the Order Granting Motion to Stay Proceedings over the objection of Plaintiff Powell Valley Health Care, Inc. and before HealthTech had filed its opposition.  HealthTech filed its motion to reconsider the Court's order on August 2, 2012, and incorporates those arguments in support of this motion.

Setting, finding that Cardwell's whereabouts are unknown and he is a fugitive from justice and vacating the criminal trial scheduled for September 18, 2012.  Finally, on September 17, 2012, Plake changed his plea and pleaded guilty to one count of conspiracy to commit mail and wire fraud and one count of conspiracy to launder money, pursuant to a plea agreement with the United States in which it is anticipated that the other counts against Plake will be dismissed.  The Court has scheduled a sentencing for November 26, 2012.

       3.       As a result of these recent events, none of the reasons offered by Plake and Cardwell in support of the stay or credited by the Court as grounds for the order continues to exist.  First, Plake's guilty plea removes any prejudice he allegedly faced from having to defend the civil case while the criminal charges were pending.  The Court's Order stated that the case would be stayed until "either the entry of guilty please by Defendants or a judgment is entered as the conclusion of the criminal trial."  Plake's plea satisfies one of those conditions.

       4.       Cardwell can no longer make any legitimate claim of prejudice, as he is not actively defending the criminal charges.  He has opted to violate his terms of release, terminate communications with his counsel, leave his place of residence and go on the lam, apparently after ostensibly agreeing to the terms of a plea agreement.  *See* Motion for Leave to Withdraw as Counsel for Paul Cardwell, filed on September 5, 2012.  Under these circumstances, Cardwell's assertions that the civil case would force him to compromise his constitutional rights should not be countenanced.

       5.       Finally, the Court has vacated the criminal trial originally scheduled for September 18, 2012.  The promise of judicial efficiency and protection from prejudice that was

represented by the pending criminal trial no longer exist (assuming those benefits were present before).  Also, because of Cardwell's absence, there can be no reliable prediction of when the charges against him will be tried or resolved.

6. Continuing the stay will create continuing prejudice against Plaintiff and HealthTech and undermine judicial efficiency.  HealthTech and Powell Valley must obtain a civil judgment as the first step to pursue the recovery of Cardwell and Plake's assets within the United States and internationally.  As long as Cardwell remains at large, any delay in the pursuit of a civil judgment feeds a substantial risk of the dissipation of assets by Cardwell, causing significant prejudice to HealthTech, Powell Valley and Plake.  Likewise, the interests of judicial efficiency are hampered by further delaying this civil case indefinitely simply because Cardwell is a fugitive from justice.  A party to litigation should not be permitted to benefit through his own violations of law and court orders.

WHEREFORE, HealthTech respectfully requests that the Court lift the stay entered on July 31, 2012, and schedule an initial pretrial conference and a prompt trial date.

Dated September 18, 2012.

        /s/ Bradley T. Cave
        Bradley T. Cave P.C. (Wyo. Bar No. 5-2792)
        Joanna R. Vilos (Wyo. Bar No. 6-4006)
        HOLLAND & HART LLP
        2515 Warren Avenue, Suite 450
        P. O. Box 1347
        Cheyenne, WY  82003-1347
        Telephone:  (307) 778-4200
        Facsimile:   (307) 778-8175
        bcave@hollandhart.com
        jvilos@hollandhart.com

        Eli J. Richardson (admitted pro hac vice)
        BASS, BERRY & SIMS PLC
        150 Third Avenue South, Suite 2800
        Nashville, TN  37201
        Telephone:  (615) 742-7825
        Facsimile:   (615) 742-0416
        erichardson@bassberry.com

        *Attorneys for Plaintiff*
        *HealthTech Management Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2012, I served a true and correct copy of the foregoing by CM/ECF to the following:

>Robert W. Horn
>ROBERT W. HORN, P.C.
>230 East Broadway, Suite 3A
>P. O. Box 4199
>Jackson Hole, WY  83001
>rhornatty@me.com
>
>Robert W. York
>ROBERT W. YORK & ASSOCIATES
>7212 North Shadeland Avenue, Suite 150
>Indianapolis, IN  46250
>rwyork@york-law.com
>
>Tracy J. Copenhaver
>COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
>P. O. Box 839
>Powell, WY  82435
>tracy@ckattorneys.net
>
>Michael Reese
>MICHAEL REESE, LLC
>The Colony Building
>211 West 19th Street, Suite 400
>Cheyenne, WY  82001
>mike@mhrwlaw.com

                                          /s/ Bradley T. Cave

5765133_1.DOCX