FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 NOV 7 PM 4 57

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

POWELL VALLEY HEALTH CARE, INC.,

Plaintiff,

vs.

HEALTHTECH MANAGMENT SERVICES, INC.,

Defendant/Crossclaimant,

vs.

PAUL CARDWELL and MICHAEL J. PLAKE,

Defendants/Cross Defendants.

Case No. 12-CV-42-F

## INITIAL PRETRIAL ORDER

On November 7, 2012, the Court held an initial pretrial conference in the above-entitled matter before the Honorable Nancy D. Freudenthal, District Judge for the District of Wyoming. Counsel participating were Tracy Copenhaver for Plaintiff Powell Valley Health Care, Bradley Cave and Eli Richardson for Defendant/Crossclaimant HealthTech Management Services, Inc., Michael Reese for Defendant/Cross Defendant Michael Plake, and Robert Horn and Robert York for Defendant/Cross Defendant Paul Cardwell, whose current whereabouts remain unknown.

**Jurisdiction and Venue —**

The Court has jurisdiction over the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

HealthTech Services, Inc. (hereinafter "HealthTech") commenced this action by filing a Complaint against Paul Cardwell (hereinafter "Cardwell"). HealthTech, a provider of hospital management services, alleges Defendant Cardwell implemented a scheme to defraud HealthTech's client, Powell Valley Health Care (hereinafter "PVHC"). HealthTech alleges that shortly after it selected Cardwell to serve as CEO of PVHC, Cardwell began embezzling and misappropriating PVHC funds. HealthTech further alleges Cardwell caused PVHC to make payments to a straw company for fictitious services. HealthTech's Complaint asserts claims for

Breach of Fiduciary Duty and Breach of the Implied Covenant of Good Faith and Fair Dealing (both in contract and tort). HealthTech seeks compensatory and punitive damages.

The Court granted PVHC leave to intervene. PVHC then asserted a Crossclaim against Cardwell and Michael Plake (hereinafter "Plake"). PVHC alleges Cardwell and Plake co-conspired to distribute funds to fraudulently obtain over $847,000 from PVHC for physician recruiting services Cardwell and Plake knew would never be rendered. PVHC's Crossclaim asserts claims for Fraud/Theft and Intentional Misrepresentation against Cardwell and Plake. PVHC's Crossclaim also asserts claims against HealthTech for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing (in tort), and Negligence. These claims are premised on the actions of Cardwell as HealthTech's alleged agent, as well as HealthTech's alleged failure to exercise proper oversight over Cardwell. PVHC seeks compensatory damages, attorneys fees and costs, plus pre and post judgment interest.

Finally, HealthTech asserted its own Crossclaim for indemnification against Cardwell; HealthTech seeks to be indemnified by Cardwell to the extent it is ultimately liable to PVHC. HealthTech's Crossclaim also asserts a claim against Plake under civil conspiracy theory. HealthTech argues Plake, as Cardwell's co-conspirator, is liable to HealthTech to the same extent as Cardwell.

Given PVHC's intervention and Crossclaim, the parties filed a stipulated motion for realignment of the parties to avoid confusion. The Court granted this motion and ordered the

parties realigned as follows: PVHC now stands as Plaintiff, HealthTech as Defendant/Crossclaimant, and Cardwell and Plake as Defendants.

Defendant Cardwell generally denies HealthTech's allegations and affirmatively asserts (1) HealthTech's Complaint fails to state a claim upon which relief can be granted; (2) the document claimed by HealthTech to constitute a contract between the parties is not an enforceable contract; (3) Exhibit B to HealthTech's Complaint was the only document signed by Defendant with respect to any agreement between HealthTech and Cardwell; (4) all ambiguities in the documents claimed by HealthTech to form the employment contract between the parties should be construed against HealthTech as the drafter of said documents; (5) there was no meeting of the minds on all essential terms necessary to create a binding contract between the parties; (6) Cardwell was not HealthTech's employee since PVHC had the right to control Cardwell's employment related conduct; (7) HealthTech had a duty to support Cardwell's reasonable efforts as CEO of PVHC and breached such duty, thereby committing the first breach of any contractual relationship between the parties and precluding HealthTech's recovery; (8) Cardwell acted in accordance with the customs and standards of the healthcare-provider recruiting industry and hospital CEO industry in his dealings with the "straw company" identified as Plake & Associates, LLC; (9) all alleged losses of HealthTech were caused by Plake; (10) Plake's conduct was an intervening cause of all losses claimed by HealthTech; (11) HealthTech's Complaint fails to name required parties, Plake and PVHC; (12) Cardwell's

conduct was not reasonably foreseeable as causing a loss to HealthTech; (13) HealthTech has failed to mitigate damages; (14) HealthTech may not receive punitive damages in a breach of contract action; (15) punitive damages may be awarded only if there is clear and convincing evidence Cardwell acted with malice, fraud, gross negligence or oppressiveness, which were not the result of mistake of fact or law, honest error or judgment, over-zealousness, mere negligence or other human failing, and such acts cannot be proven.

Defendant Cardwell also generally denies PVHC's allegations, but asserts no affirmative defenses in answering PVHC's Crossclaim.

Defendant Plake generally denies all allegations contained in the Crossclaims of PVHC and HealthTech.

Defendant/Crossclaimant HealthTech generally denies PVHC's allegations, but admits Cardwell was HealthTech's agent for purposes of carrying out his duties under HealthTech's agreement with PVHC and that Cardwell failed to properly carry out his duties to the extent he engaged in the unlawful conduct alleged. HealthTech affirmatively asserts (1) PVHC's Crossclaim fails to state a claim against HealthTech upon which relief may be granted; (2) to the extent Cardwell engaged in the unlawful conduct alleged in PVHC's Crossclaim, he was acting outside the scope of his employment with HealthTech and was not HealthTech's agent; (3) PVHC's Crossclaim may be barred by the doctrine of waiver; (4) any damages that PVHC could recover against HealthTech must be eliminated or reduced by PVHC's failure to mitigate and/or

PVHC's own negligence; (5) to the extent HealthTech is liable for PVHC's alleged damages, HealthTech is entitled to an offset for any amounts recovered by PVHC from other sources, and the amount of PVHC's recovery against HealthTech should be reduced accordingly; (6) the injuries alleged by PVHC were not proximately caused by any act or omission of HealthTech; (7) the injuries alleged by PVHC were not the result of any breach of contract by HealthTech; (8) HealthTech acted in good faith and dealt fairly with PVHC, as demonstrated by, among other things, HealthTech's continuous and responsible efforts to investigate the unlawful and inappropriate acts of Cardwell and Plake, which began immediately after HealthTech received information suggesting the existence of such acts; (9) Plaintiff's claims and damages are barred or reduced by the principles of comparative fault; (10) to the extent PVHC's damages resulted from the acts or omissions of individuals over whom HealthTech had no control and for whom HealthTech was not responsible, the comparative fault of these individuals should be fully assigned or apportioned; and (11) pursuant to the Management Services Agreement, HealthTech's liability, including liquidated damages, is generally limited to an amount not to exceed $750,000.

**Complexity of the Case —**

The Judge is of the opinion that this case is non-complex.

**Rule 26(f) Scheduling Conference —**

Plaintiff PVHC and Crossclaimant HealthTech have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. Defendants Plake and Cardwell have not complied. Defendant Cardwell's non-compliance is excused to the extent that non-compliance is the result of Paul Cardwell's fugitive status.

**Self-Executing Routine Discovery —**

Plaintiff PVHC and Crossclaimant HealthTech have complied with self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c). Defendants Plake and Cardwell have not provided self-executing routine discovery at this time, although Defendant Plake has communicated that he will attempt to do so forthwith. Defendant Cardwell's non-compliance is excused to the extent that non-compliance is the result of Paul Cardwell's fugitive status.

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).**

**Proposed Orders —**

All proposed orders regarding civil motions should be submitted to Judge Freudenthal's chambers in a word processing format and emailed to wyojudgendf@wyd.uscourts.gov.

**Dispositive Motions — Hearing: April 22, 2013 at 1:30 p.m.**

**Deadline: March 29, 2013; Responses: April 12, 2013**

The deadline for the parties to file all dispositive motions with briefs and affidavits in support thereof is March 29, 2013.

The parties shall file responsive briefs and affidavits on or before April 12, 2013.

If the dispositive motions are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

**Parties submitting deposition testimony in support of their motions shall also provide to the Court via email to wyojudgendf@wyd.uscourts.gov, the e-transcript version of the deposition provided to the parties by the Court Reporter in pdf format.**

The dispositive motions are hereby set for oral hearing before the Honorable Nancy D. Freudenthal on April 22, 2013 at 1:30 p.m. in Cheyenne, Wyoming. **The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1. Counsel for the parties shall submit to the Court, together with their briefs, proposed findings of fact and conclusions of law and orders supported by the record which reflect the position of the parties to be taken at the hearing. [U.S.D.C.L.R. 7.1(b)(2)(D)].** In the event all dispositive motions have been argued and briefed before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

**Expert Witness Designation —**

**Plaintiff's Designation Deadline — February 1, 2013**

**Defendants' Designation Deadline — March 1, 2013**

In accordance with U.S.D.C.L.R. 26.1(g), Plaintiff shall designate expert witnesses and provide Defendants with a complete summary of the testimony of each expert by February 1, 2013. **In a personal injury lawsuit, Plaintiff's designation SHALL include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert witness.** In accordance with U.S.D.C.L.R. 26.1(g), Defendants shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by March 1, 2013. These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendants' experts after the discovery cutoff date, but must complete the depositions fourteen (14) days **PRIOR** to the final pretrial conference.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(g).

**Discovery Cutoff Date — March 29, 2013**

The discovery cutoff date is March 29, 2013. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Trial depositions may be taken up to seven (7) days prior to the trial date.

**Stipulations as to Facts — April 5, 2013**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b) by April 5, 2013.

**Final Pretrial Conference — June 17, 2013 at 9:00 a.m.**

A final pretrial conference in this matter has been scheduled for June 17, 2013 at 9:00 a.m., in the Chambers of the Honorable Nancy D. Freudenthal, Cheyenne, Wyoming. Counsel shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL ORDER PREPARED FOR JUDGE FREUDENTHAL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. **UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT PRETRIAL ORDER**. All represented

parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. **A copy of the proposed order must be delivered directly to Judge Freudenthal's chambers (but not filed) via e-mail to wyojudgendf@wyd.uscourts.gov at least five (5) days before the final pretrial conference.**

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition, or by video tape. Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the attached form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

**COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.** If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

***A. Marking of Exhibits***: All exhibits must be marked by the parties before trial. The Plaintiff shall list and mark each exhibit with numerals and the number of the case, and counsel for the Defendants shall mark each exhibit intended to be offered at the

pretrial conference with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. ______, Defendants' Exhibit A. In the event there are multiple parties, the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

***B. Elimination of Duplicate***. The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the Plaintiff.

***C. Copies for the Court***. Before trial, each party must supply an original and one (1) copy of all exhibits to be used at trial. The copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LIST:** The parties' exhibit lists are to be prepared in the following format:

| Plaintiff's Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

* This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.

The following categories are to be used for objections to exhibits:

A. **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

B. **Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

C. **Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**Motions in Limine —**

MOTIONS IN LIMINE OR MOTIONS RELATING TO THE EXCLUSION OF EVIDENCE SHALL BE FILED NO LATER THAN SEVEN (7) DAYS PRIOR TO THE **FINAL PRETRIAL CONFERENCE**. Responses shall be filed two (2) court days before the final pretrial conference.

**The Court will not hold bench or chamber conferences during trial to consider legal issues including evidentiary rulings that could have been raised before trial without a showing that counsel could not, by the exercise of due diligence, have anticipated them in advance of trial.**

**Jury Trial — June 24, 2013**

A jury trial is set before the Honorable Nancy D. Freudenthal on June 24, 2013 at 8:30 a.m. in Cheyenne, Wyoming, and is expected to last five (5) days. This case is stacked #2 on the civil docket. U.S.D.C.L.R. 40.1(a).

The parties SHALL file their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial. U.S.D.C.L.R. 51.1. Jury instructions must include citations of authority. **The proposed voir dire questions, jury instructions, and special verdict forms shall be submitted directly to Judge Freudenthal's chambers via e-mail to wyojudgendf@wyd.uscourts.gov. The instructions must be formatted as a single word processing document.** Counsel need submit only proposed

substantive jury instructions; the Court has its own **general instructions**, which can be found on the district court website under forms.

**THE PARTIES MUST SUBMIT JOINT JURY INSTRUCTIONS AND A JOINT PROPOSED VERDICT FORM. UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT JURY INSTRUCTIONS.** In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date. The instructions should be submitted in the order in which the parties wish to have the instructions read.

If the parties cannot reach an agreement on the instructions then instructions shall be submitted in three (3) sets as follows:

1. The agreed upon instructions.
2. Those instructions propounded by Plaintiff, opposed by Defendants.
3. Those instructions propounded by Defendants, opposed by Plaintiff.

For disputed instructions, the party should note its objections to the proposed instruction. The parties should also submit differing versions of disputed instructions or a statement as to why the instruction should not be included.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendants contend . . . ."

**Settlement Possibilities —**

The settlement possibilities of this case are considered by the Judge to be good. Counsel for Defendant Cardwell did not comment on settlement possibilities as they have had no communication with their client since August.

Dated this 7 day of November, 2012.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE