FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 NOV 21  AM 10 05

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHTECH MANAGMENT SERVICES, INC.,<br><br>Defendant/Crossclaimant,<br><br>vs.<br><br>PAUL CARDWELL and MICHAEL J. PLAKE,<br><br>Defendants/Cross Defendants. | Case No. 12-CV-42-F |

## ORDER DENYING SUPPLEMENTAL MOTION FOR LEAVE TO WITHDRAW

This matter is before the Court on the Verified Supplemental Motion for Leave to Withdraw as Counsel for Paul Cardwell (hereinafter "Cardwell"), filed by Robert W. York, admitted *Pro Hoc Vice*, and Robert W. Horn (hereinafter "Counsel"). This is the second motion filed in which Counsel for Cardwell seek leave to withdraw from the above-captioned matter. The Court has carefully considered the instant motion and is otherwise fully

Counsel have thus been unable to have meaningful exchange with their client, let alone secure his consent to their withdrawal from this case. As it stands, Counsel now find themselves in the unenviable position of having entered an appearance on behalf of a client who by all accounts appears to have fled the jurisdiction of this Court. It is unsurprising that no other attorney is willing to enter an appearance on Cardwell's behalf.

Under the Local Rule, the decision of whether or not to grant leave to withdraw is within the discretion of the District Court. The Court acknowledges there may be circumstances when a client refuses to consent and/or substitute counsel is not identified, but when withdrawal should nonetheless be permitted. However, in the Court's estimation, this is not one such circumstance.

For one, there is a possibility Cardwell may as yet resume communication with Counsel or be apprehended by law enforcement in the near future. If this occurs, it will serve the interests of judicial efficiency for Cardwell to be immediately represented and for his Counsel to have some insight into the events that have occurred in his absence. Second, Cardwell's ongoing representation will enable the other parties to effectively move forward with their claims. If Counsel are permitted to withdraw, the burden and expense of attempting to communicate with and locate Cardwell would be transferred to these parties. Furthermore, the parties' efforts in serving Cardwell would be complicated if Counsel are

3

permitted to withdraw. While it is perhaps unfair that anyone other than Cardwell should suffer for his decision to flee, it seems only appropriate that Cardwell's Counsel should bear the added burden of navigating these proceedings in his absence. After all, Cardwell did engage the services of Counsel, and at no point has Cardwell indicated he no longer desires their representation. As such, it is not clear to the Court that withdrawal can be accomplished without material adverse effect on Cardwell's interests, however undeserving he may be of consideration. *See* W.R.P.C. 1.16 (b).

Finally, the Engagement Letter sent to Cardwell by Counsel does not provide a sufficient basis for withdrawal. This letter provides Counsel "the right to withdraw" if Cardwell "fail[s] to cooperate," or "follow . . . advice" or otherwise "[renders] continuing representation unlawful or unethical." The Court does not equate Counsel's reservation of a "right to withdraw" in an engagement letter with an absolute right to withdraw without complying with the local rules. Instead, as is always the case, "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation." *See* W.R.P.C. 1.16(c). While Cardwell's actions certainly qualify as uncooperative, they are not enough to convince the Court that Counsel should be completely excused of their obligations. Moreover, continued representation under these circumstances is not unethical under Wyoming's Rules of Professional Conduct.

4

The Court will continue to entertain future motions to withdraw as this case develops. In addition, the Court remains sensitive to the fact that Counsel's authority to affirmatively advocate for Cardwell will be limited throughout these proceedings.

IT IS ORDERED the Verified Supplemental Motion for Leave to Withdraw as Counsel for Paul Cardwell is DENIED.

Dated this 21st day of November, 2012.

*Nancy D. Freudenthal*
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE