Robert W. Horn
ROBERT W. HORN, P.C.
P.O. Box 4199
230 East Broadway, Suite 3A
Jackson, WY 83001
Tel:  (307) 733-5747
Fax:  (307) 733-8215
Email: rhornatty@bliss.net

**UNITED STATES DISTRICT COURT**
for the
**DISTRICT OF WYOMING**

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:12-cv-00042-F |
| | ) |
| PAUL CARDWELL, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| POWELL VALLEY HEALTH CARE, INC., a Wyoming non-profit corporation, | ) |
| | ) |
| Cross Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC.; PAUL CARDWELL and MICHAEL J. PLAKE, | ) |
| | ) |
| Cross Defendants. | ) |

**MOTION FOR EXTENSION OF TIME TO ANSWER AND OBJECT TO FIRST REQUESTS FOR ADMISSION SUBMITTED TO PAUL CARDWELL**

Come now attorneys, Robert W. York ("York), admitted as *Pro Hac Vice,* and Robert W. Horn ("Horn"), having heretofore entered their appearances for Defendant, Paul Cardwell ("Cardwell"), and move the Court for an extension of time within which Cardwell is to submit

12-013

answers and objections to the 75 Requests for Admission submitted to him by HealthTech Management Services, Inc. ("HealthTech").  In support thereof, said counsel state as follows:

1.	On March 29, 2013, HealthTech electronically served on said counsel for Cardwell, 75 individual Requests for Admission by him.

2.	To comply with the discovery rules, Cardwell must submit his answers or objections to the Requests by April 29, 2013 or they will be deemed to have been admitted.

3.	In case number 12-CR-81-F (the "Criminal Case"), also pending in this Court and based upon allegations paralleling those asserted in this case, the United States of America has charged Cardwell with fifteen (15) criminal counts.

4.	The Court in the Criminal Case has issued a re-arrest warrant for Cardwell and to the best knowledge and belief of said counsel, Cardwell has not been arrested or otherwise presented his person to the Court.

5.	As established by the following particulars, said counsel has had no recent communications with Cardwell:

A.	Last personal meeting - July 18, 2012 with York to discuss potential terms of a plea agreement in the Criminal Case.

B.	Last telephone call - August 23, 2012 to York complaining that he had such a personal medical condition that he could not travel to Wyoming to participate in a Change of Plea hearing in the Criminal Case.

C.	Last electronic mail - August 28, 2012 – from him to York that he had signed the plea agreement proposed by the United States Attorney in the Criminal Case.

6.	Cardwell's counsel has no personal relationship with him or his family and has no ability determine his whereabouts or status.

7. As of the filing of this Motion for Extension: (A) none of Cardwell's attorneys know his current whereabouts nor a telephone number where he may be reached; (B) Cardwell has not communicated with any of his counsel by telephone or email, or by way of others; (C) said counsel does not know whether Cardwell remains among the living; and, (D) said counsel does not know whether Cardwell is being held captive by others or is otherwise in a physical or mental state which prohibits him from contacting his counsel.

8. Although it may be supposed that Cardwell is a knowing and voluntary fugitive from justice, said counsel knows of nothing in the record, or has information that has been communicated to them by others, that establishes that fact.

9. Said counsel has twice requested leave to withdraw as counsel for Cardwell in this case and both requests have been denied.

10. Upon electronic receipt of the Requests for Admission from HealthTech's counsel, they were forwarded by York to Cardwell by way of electronic mail to his last known email address. Said counsel has no way of knowing whether Cardwell received that email and has had no response to that email.

11. Unless and until Cardwell communicates with his said counsel to provide direction in the course of his defense under this cause, York and Horn have no authority to proceed with respect to any matter or issue herein and have no authority to determine the manner in which to respond to the Requests for Admission.

12. Although Rule 36 (a)(3), F. R. Civ. Pro., permits Cardwell's counsel to answer and/or object to the Request for Admission, neither York nor Horn have independent knowledge upon which to rely in providing any answers to the Requests for Admission.

13. If the Requests are deemed to seek the mental impressions, conclusions, opinions, or legal theories of Cardwell's counsel, those are protected from disclosure by Rule 26 (b)(3)(B), Fed. R. Civ. Pro., and said counsel is duty bound not to disclose such information.

14. Until HeathTech establishes that Cardwell is knowingly and intentionally not cooperating with his counsel in order to provide a proper defense in this cause, the Court should grant an extension of time to Cardwell to file answers and objections to HeathTech's 75 Requests for Admission.

Wherefore, attorneys, Robert W. York and Robert W. Horn, counsel for Paul Cardwell, moves the Court to grant an extension of time to him to answer and object to HealthTech's Request for Admission until thirty (30) days after HealthTech provides satisfactory evidence that Cardwell is knowingly and intentionally not cooperating with his counsel in order to provide a proper defense in this cause, and for all other just and proper relief.

I affirm, under the penalties that the above representations are true.

Respectfully submitted,

Attorneys for Paul Cardwell

/s/ Robert W. York
Robert W. York, admitted *Pro Hac Vice*
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
Tel: (317) 842-8000
Fax: (317) 577-7321
Email: rwyork@york-law.com

/s/ Robert W. Horn
Robert W. Horn
ROBERT W. HORN, P.C.
P.O. Box 4199
230 East Broadway, Suite 3A
Jackson, WY 83001
Tel: (307) 733-5747

Fax: (307) 733-8215
Email: rhornatty@bliss.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 3rd, 2013, a copy of the foregoing Motion for Extension of Time was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

| | |
|---|---|
| Bradley T. Cave, P.C.<br>HOLLAND & HART<br>Attorneys for HealthTech<br>2515 Warren Ave., Suite 450<br>P.O. Box 1347<br>Cheyenne, WY 82003<br>bcave@hollandhart.com | Joanna R. Vilos<br>HOLLAND & HART<br>Attorneys for HealthTech<br>2515 Warren Ave., Suite 450<br>P.O. Box 1347<br>Cheyenne, WY 82003<br>jvilos@hollandhart.com |
| Eli J. Richardson<br>BASS, BERRY & SIMS PLC<br>Attorneys for HealthTech<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>richardsonej@bassberry.com | Tracy J. Coopenhaver<br>COPENHAVER, KATH, KITCHEN & KOLPITCKE<br>Attorneys for Powell Valley Healthcare<br>P.O. Box 839<br>Powell, WY 82435<br>tracy@ckattorneys.net |
| Michael Reese<br>MICHAEL REESE, LLC<br>Attorney for Michael Plake<br>The Colony Building<br>211 West 19th Street<br>Suite 400<br>Cheyenne, WY 82001<br>mike@mhrwylaw.com | |

                                                      */s/ Robert W. Horn*
                                                      Robert W. Horn