Bradley T. Cave, P.C.
Joanna R. Vilos
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Facsimile: (307) 778-8175

Eli J. Richardson *(admitted pro hac vice)*
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
Facsimile: (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-CV-0042-F |
| ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC., ) | |
| ) | **RESPONSE TO DEFENDANT** |
| Defendant/Crossclaimant, ) | **PAUL CARDWELL'S** |
| ) | **MOTION FOR EXTENSION** |
| v. ) | **OF TIME TO ANSWER AND** |
| ) | **OBJECTION TO REQUESTS** |
| PAUL CARDWELL and MICHAEL J. PLAKE, ) | **FOR ADMISSION** |
| ) | |
| Defendants/Cross Defendants. ) | |

Cross-Defendant HealthTech Management Services, Inc. (HealthTech) responds to Defendant Paul Cardwell's Motion for Extension of Time to Answer and Objection to Requests for Admission ("Cardwell's Motion").

1. Paul Cardwell's whereabouts appear to be a mystery to all but him. Nevertheless, his absence does not constitute a valid objection to discovery in this case. Nor does HealthTech bear any burden to prove why Cardwell has chosen not to communicate with his counsel or continue to participate in this litigation. He was properly served, and his counsel entered an appearance. His absence does not deprive the Court of jurisdiction or require any modification of the procedures for completing this case.

2. Cardwell, through his counsel, essentially argues that Cardwell should be permitted to participate in this litigation when it suits his purposes, and depart without consequence when it does not. Cardwell has actively denied liability. After service of HealthTech's complaint, his counsel entered an appearance, denied the allegations of the complaint, and moved to dismiss the case. (Dkt. No. 19.) He answered the crossclaims of Powell Valley Health Care on May 7, 2012 (Dkt. No. 29) and the crossclaims of HealthTech on June 1, 2012, both with blanket denials of liability. (Dkt. No. 33.) Later, on July 18, 2012, he joined in a motion to stay this case claiming that participation in this civil case would complicate his criminal defense. (Dkt. Nos. 40, 41.)  He has not declined the opportunity to assert his position.

3. Only in late August, when faced with executing a plea agreement and participating in a change of plea hearing in his criminal case, did Cardwell stop participating in the defense of the claims against him in this case. *See* Cardwell's Motion, ¶¶ 5A, 5B. On August

28, Cardwell stated to his counsel that he signed the plea agreement. *See* Cardwell's Motion, ¶ 5C. But then on September 5, 2012, Cardwell's counsel filed their first Motion for Leave to Withdraw as Counsel, notifying the Court that Cardwell was no longer at his place of residence and had stopped communicating with them. *See* Motion to Withdraw (Dkt. No. 45). This course of events provides strong circumstantial evidence of Cardwell's motive.

      4.      Now, Cardwell argues that it is HealthTech's burden to prove that "Cardwell is knowingly and intentionally not cooperating with his counsel . . ." Cardwell's Motion, ¶ 14. Obviously, Cardwell can cite no authority for this assertion. In fact, the opposite is true: evidence that a person subject to criminal charges flees from prosecution has been viewed as an admission by conduct which tends to establish guilt. *See U.S. v. Martinez*, 681 F.2d 1248, 1256-57 (10th Cir. 1982). While this is not a criminal case, the circumstantial evidence of Cardwell's conduct is equally relevant and admissible in this civil case.

      5.      In light of Cardwell's apparent fugitive status, HealthTech's requests for admission are a valid and efficient method to obtain discovery from Cardwell.  Cardwell's counsel has not established any basis under Rule 27(c), Fed. R. Civ. Pr., to shield Cardwell from his obligation to respond to the requests for admission or the consequences of a failure to respond.  Any delay will prejudice HealthTech's efforts to pursue a judgment against Cardwell in this case.

      6.      Finally, Cardwell's counsel failed to confer with HealthTech's counsel prior to filing Cardwell's Motion, as required by Local Rule 37.1(b), U.S.D.C.L.R.

WHEREFORE, HealthTech respectfully requests that the Court deny Cardwell's Motion for Extension of Time.

DATED: April 11, 2013.

/s/ Bradley T. Cave
Bradley T. Cave, P.C.
Joanna R. Vilos
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416
richardsonej@bassberry.com

ATTORNEYS FOR CROSS-PLAINTIFF
HEALTHTECH MANAGEMENT SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2013, I served a true and correct copy of the foregoing by CM/ECF addressed to the following:

>Robert W. Horn
>ROBERT W. HORN, P.C.
>230 East Broadway, Suite 3A
>P.O. Box 4199
>Jackson Hole, WY 83001
>rhornatty@me.com
>
>Robert W. York
>ROBERT W. YORK & ASSOCIATES
>7212 North Shadeland Avenue, Suite 150
>Indianapolis, IN 46250
>rwyork@york-law.com
>
>Tracy J. Copenhaver
>COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
>P.O. Box 839
>Powell, WY 82435
>tracy@ckattorneys.net
>
>Michael Reese
>MICHAEL REESE, LLC
>The Colony Building
>211 West 19th Street, Suite 400
>Cheyenne, WY  82001
>mike@mhrwylaw.com

>/s/ Bradley T. Cave

6139529_1.DOCX