IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC.,<br><br>Plaintiff(s),<br><br>vs.<br><br>PAUL CARDWELL,<br><br>Defendant(s).<br><br>POWELL VALLEY HEALTH CARE, INC., a Wyoming non-profit corporation,<br><br>Cross Claimant,<br><br>vs.<br><br>HEALTHTECH MANAGEMENT SERVICES, INC.;<br>PAUL CARDWELL and MICHAEL J. PLAKE,<br><br>Cross Defendants. | Case No. 12-CV-42-F |

## ORDER ON MOTION FOR EXTENSION OF TIME

This matter comes before the court upon two motions filed on behalf of Paul Cardwell seeking an extension of time in which to respond to requests for admissions. The first motion [Document 61] was filed on April 2, 2013 and addresses 75 requests for admissions submitted by

1

HealthTech Management Services, Inc. ("HealthTech"). The second motion was filed on April 4, 2013 [Document 62] and addresses eight additional requests for admissions submitted by HealthTech. The motions have an identical basis, that being that counsel for Paul Cardwell have had no communication from their client since August 2012. For this reason counsel have moved on two occasions to be allowed to withdraw, which have been denied by this Court.

Counsel is unable to provide any information regarding Mr. Cardwell's location and have been unable to obtain information or direction from him since their last contact. They assert that it is not established as to why Mr. Cardwell is no longer in communication or if he is a voluntary fugitive from justice. It should be noted that Mr. Cardwell is named as a defendant in a felony criminal prosecution pending in this Court which arises from the same factual circumstances as this civil matter. Mr. Cardwell stopped communicating with his attorneys at about the same time he was to execute a plea agreement on the criminal charges. Mr. Cardwell's attorneys assert that without contact from their client they are unable to obtain the necessary information or authority to respond to the pending Requests For Admissions and further that it is the burden of HealthTech to establish than Mr. Cardwell "is knowingly and intentionally not cooperating with his counsel."

HealthTech asserts that Mr. Cardwell's absence is not a valid objection to discovery in this matter, that this Court has personal jurisdiction in this matter and HealthTech does not have the burden to prove why Mr. Cardwell is not in communication with his attorneys. HealthTech further asserts that the circumstances of Mr. Cardwell's disengagement in this matter provides strong evidence of his motives. Finally, HealthTech asserts that it would suffer prejudice in its ability to pursue a successful conclusion of this matter.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court has broad discretion in fashioning the terms and conditions of discovery. FED. R. CIV. P. 26(b). The purpose of the rule is to allow broad discovery of relevant information, even if that information is not admissible at trial, so long as it is reasonably calculated to lead to the discovery of admissible information. *Id.* However, Rule 26 and controlling precedent from this circuit allow a trial court broad discretion in fashioning the terms of discovery, including protective orders "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." *See, e.g.,* FED. R. CIV. P. 26(c); *Marsee v. U.S. Tobacco Co.*, 866 F.2d 319 (10th Cir. 1989).

Rule 36 of the Federal Rules of Civil Procedure addresses Request for Admission and provides that the court may establish a "shorter or longer time for responding" Rule 36(a)(3) F.R.Civ.P. The Court has discretion regarding whether to allow additional time or to accept untimely responses.

> The Court enjoys the discretion to permit a party to file a response to the requests after the expiration of the time period when such filing will facilitate a proper presentation of the merits and when the untimely response will not prejudice the requesting party in maintaining the action. Fed.R.Civ.P. 36(b). Essentially, the Court must strike a balance between diligence in litigation and the interests of justice. *Szatanek v. McDonnell Douglas Corporation,* 109 F.R.D. 37, 41 (W.D.NY 1985).
>
> *United States v. $30,354.00 in United States Currency*, 863 F.Supp. 442, 444-445, 31 Fed.R.Serv.3d 434 (D.C. W.D. Kentucky 1994)

This is addressed in 8A Charles Allen Wright, Arthur R. Miller & Richard L Marcus, Federal Practice and Procedure §2257, at 541 (2d ed. 1994) as follows:

> The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer. Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(1)(B) for enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.

In this matter the court entered and Initial Pretrial Order [Document 53] on November 7, 2012 establishing discovery cutoff date of March 29, 2013. This matter is set for a Final Pretrial Conference on June 17, 2013 with the commencement of the jury trial on June 24, 2013 before the Hon. Nancy D. Freudenthal. The discovery cutoff date was reset by this court to April 29, 2013. [Document 59]. The date established by this court for the completion of discovery is rapidly approaching, as is the trial date. As the court noted in its Initial Pretrial Order [Document 53] this Court has jurisdiction over the parties and the subject matter of the action and that proper service has been accomplished on all parties, including Paul Cardwell. Initial Pretrial Order at page 2.

Mr. Cardwell has been absent from the proceedings in this matter since September 2012. His absence from the case corresponds with the filing of a Motion to Revoke Pretrial Release filed by the government in the criminal proceedings, *United States v. Paul D Cardwell*, 12-CR-0081-02F United States District Court for the District of Wyoming. This Court granted the government's motion and issued a warrant for Mr. Cardwell's arrest on August 29, 2012. Mr. Cardwell asserts, through counsel, that HealthTech bears a burden to prove that Mr. Cardwell is

knowingly or intentionally not cooperating with counsel. No authority is presented in support of this proposition. Rule 26.1(h) of the Local Civil Rules provides as follows:

> Discovery Time Limit. Whenever possible, discovery proceedings and all civil actions filed in this Court shall be completed within ninety (90) days after joinder of issue or after such issues may have been determined at the initial pretrial conference. Exceptions thereto may be granted, upon good cause shown at upon timely application, and the time for completion of such discovery proceedings therein extended by order of this Court.

The burden is upon the moving party to establish good cause for the extension of discovery deadline. Mr. Cardwell's motion is based upon his absence from these proceedings which corresponds to the issuance of the criminal arrest warrant. While it is conceivable that unique circumstances may be preventing Mr. Cardwell's participation in this litigation the circumstances support a finding that Mr. Cardwell's absence is a direct result of his voluntary actions to avoid the consequences of a criminal prosecution or civil judgment. In so far as a burden of proof is upon HealthTech that burden would be satisfied. Good cause to extend the time for responding to the requests for admissions is not shown.

Additionally, the time for completion of discovery is rapidly approaching. To allow an indefinite extension of time in which to respond to these requests for admissions would prejudice the Plaintiff in its preparation for trial and potentially disrupt the trial schedule. In fact, the extension requested by Mr. Cardwell has no assurances of responses being provided to the Plaintiff prior to the trial.

In addition Rule 37.1(b) U.S.D.C.L.R reads; "the Court will not entertain any motions relating to discovery disputes was counsel for the moving party has conferred orally, in person or by telephone, and has made reasonable good faith efforts to resolve the dispute with opposing

counsel prior to the filing of the motion." Mr. Cardwell's motions do not establish compliance with rule 37.1, U.S.D.C.L.R. and further supports denial of the motions.

NOW, THEREFORE, IT IS ORDERED that Defendants *Motion for Extension of Time to Answer and Object to First Requests for Admissions Submitted to Paul Cardwell* is hereby **DENIED**.

NOW, THEREFORE, IT IS ORDERED that Defendants *Motion for Extension of Time to Answer and Object to Second Requests for Admissions Submitted to Paul Cardwell* is hereby **DENIED**.

Dated this 18th day of April, 2013.

Mark L. Carman
United States Magistrate Judge