# United States District Court
## for the Northern District of Indiana

POWELL VALLEY HEALTH CARE, INC.,

        Plaintiff,

v.

HEALTHTECH MANAGEMENT SERVICES, INC.,

        Defendant/Crossclaimant,

v.

PAUL CARDWELL and MICHAEL J. PLAKE,

        Defendants/Cross Defendants.

**DEPOSITION SUBPOENA DUCES TECUM
IN A CIVIL CASE**

Civil Action No. 12-CV-0042-F
(pending in District of Wyoming)

TO:    Barbara ~~Birdwell~~ Cardwell  J.S.
           421 Mill Street
           Tipton, IN 46074-9532

☐ YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM: |
| --- | --- |
|  | DATE AND TIME |

☒ **YOU ARE HEREBY COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. YOU ARE ALSO COMMANDED to produce and permit for inspection and copying of the documents or objects described on Exhibit A attached hereto.**

| PLACE OF DEPOSITION<br>Connor Reporting<br>300 Main Street, Suite 420<br>The Life Building<br>Lafayette, IN 47901 | DATE AND TIME:  April 23, 2013 at 2:00 p.m. |
| --- | --- |

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE  April 12, 2013

*/s/ Bradley Cave*
Attorney for Defendant/Crossclaimant

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Bradley T. Cave, P.C., Holland & Hart, P.O. Box 1347, Cheyenne, WY 82003-1347, (307) 778-4200

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/20/13 | 421 Mill St. Tipton, IN |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Barbara Cardwell | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jeremy Smith | Process Server |

DOCUMENTS SERVED: Deposition Subpoena

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4/20/13
DATE

Signature of Server

353-4 Indianbrook Dr., Lafayette, IN 47909
Address of Server

---

(RULE 45, Federal Rules of Civil Procedure, Parts C & D:
(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
     (i) fails to allow reasonable time for compliance,
     (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
     (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
     (iv) subjects a person to undue burden.
    (B) If a subpoena
     (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
     (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
     (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A TO THE DEPOSITION SUBPOENA DUCES TECUM
## ISSUED TO BARBARA BIRDWELL

In accordance with the definitions and instructions set forth below, you are requested to produce each and every document in your possession, custody or control falling into any one or more of the following categories at the time of your scheduled deposition:

1. Documents constituting or reflecting text messages sent to, or received from, Paul D. Cardwell or anyone acting on his behalf, from August 25, 2012 until the present.

2. Documents constituting or reflecting emails sent to, or received from, Paul D. Cardwell or anyone acting on his behalf, from August 25, 2012 until the present.

3. Documents constituting or reflecting any Facebook or other social media posting or communication made by Paul D. Cardwell, from March 7, 2011 until the present.

4. Documents constituting or reflecting any Facebook or other social media posting referring to Paul D. Cardwell, from March 7, 2011 to the present.

5. Documents constituting or reflecting any written or oral communications of any kind from Paul D. Cardwell or anyone acting on his behalf, from August 25, 2012 until the present.

6. Documents reflecting the transfer of any property (including money or any other form of assets) or of any interest in property with a value of $1,000 or more, from or to Paul D. Cardwell or anyone acting on his behalf, from March 7, 2011 until the present.

7. Documents reflecting any purchases or other financial transactions undertaken on behalf of Paul D. Cardwell or anyone acting on his behalf, from August 25, 2012 until the present.

8. Documents indicating, suggesting or providing evidence as to the whereabouts of Paul D. Cardwell at any time from August 25, 2012 until the present.

9. Documents reflecting the incoming or outgoing phone numbers for any phone calls you made, or which were made to you, from August 25, 2012 until the present.

### DEFINITIONS

For purposes of the above requests, the following definitions and instructions apply and are incorporated into each request as though fully stated therein:

The term "document" is as defined in Rule 34 (a) of the Federal Rules of Procedure and Rule 1001 (1) of the Federal Rules of Evidence as follows: any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or any designated tangible things.

## CERTIFICATE OF SERVICE

  I hereby certify that on April 12, 2013, I served a true and correct copy of the foregoing by U.S. Mail to the following:

Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
rwyork@york-law.com

Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
tracy@ckattorneys.net

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY 82001
mike@mhrwylaw.com

*[signature]*

6142123_1