**Michael Reese, #05-1390**
Michael Reese, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001
Office: (307) 634-7648
Fax: (307) 634-5664
Email: mike@mhrwylaw.com
*Attorney for Defendant Michael Plake*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action 12-CV-0042-F |
| ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC, ) | |
| ) | |
| Defendant/Crossclaimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAUL CARDWELL and MICHAEL PLAKE, ) | |
| ) | |
| Defendants/Cross Defendants. ) | |

### RERSPONSE TO MOTION FOR SUMMARY JUDGMENT AND
### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW OF
### PLAINTIFF HEALTHTECH MANAGEMENT SERVICES

**COMES NOW** counsel for defendant Michael Plake ("Plake") respectfully responds to

plaintiff's HealthTech's motion for summary judgment and prosed findings of fact and conclusions

of law and in support of this motion states and alleges as follows:

Obviously this is a civil case involving a defendant –i.e. Mr. Michael Plake - who was charged with various federal criminal counts of fraud to which he has pled guilty and been sentenced. In 12-CR-81-1F/13 CR-20-1F this court sentenced Mr. Plake for pleading guilty to two counts of conspiracy to commit mail and wire fraud and one count of conspiracy to commit money laundering and conspiracy. This court sentenced Mr. Plake on May 6, 2013 to imprisonment for 30 months and ordered restitution in the amount of $1,693,704.77, "to be paid joint and several with the co-defendant in this matter, Paul Cardwell." See "Judgment In a Criminal Case", Document #64. The activities in the criminal case cover activities in the States of Wyoming and Indiana. A notice of appeal in a criminal case must be filed within 14 days after the entry of the judgment, which, in this particular case, means May 20, 2013. As no notice of appeal was filed, Mr. Plake does not contest the restitution amount. Issues in both the criminal case and civil case significantly overlap. The civil case and the criminal case allege virtually the same charges.

The restitution ordered is made pursuant to federal law 18 USC § 3664(f)(1) which "In each order of restitution, the court shall order restitution to each victim in the *full amount* of each victim's losses" (emphasis added). The term victim is expressly defined (i.e. "a *person* directly and proximately harmed as a result of an offense"). Under the Dictionary Act, a person includes corporations, companies, associations and other business entities as well as individuals. 1 USC §1; See *United States v. United Mine Workers*, 330 US 258 (1947).

A person is a victim for purposes of §§3663 and 3664A if he or she has been "directly and proximately harmed" as a consequence of the crime of conviction. 18 USC 3663(a)(2) and

3663A(a)(2).  As a victim, HealthTech, was entitled to restitution and Mr. Plake has not contested this.  In fact and law, the probation officer is required to ask victims to detail their injuries, damages, or losses. 18 USC §3664(d)(1).   Section 3664 is precise when it describes how the court must frame the restitution order.  The court must envision full compensation for the losses of each victim without regard to the financial circumstances of the defendant.  18 USC §3664(f)(1)(A).  Even though a victim – i.e. HealthTech – may have been compensated by insurance, forfeiture, civil litigation or other alternative form of compensation of his or her injury, loss, or damage, the court may not take that into account.  18 USC § 3664(f)(1)(B).  The victim is entitled to no more than what is required to make him whole. 18 USC §3664(h).  Victims are not entitled to more than full compensation; restitution may not be ordered for amounts in excess of the victim losses.  See *United States v. Dawson*, 250 F.3d 1048, 1050 (7th Cir. 2001).

   "[T]he losses caused by the entire conspiracy, not just the losses caused by those acts committed by the defendant, can be attributed to the defendant when the district court orders restitution."  *Unites States v. Osborne*, 332 F.2d 1307, 1314 (10th Cir 2003).  The court must be able to estimate, based upon facts in the record, the amount of the victim's loss with some "reasonable certainty." Mathematical precision not required, but there must be reliable evidence supporting the court's reasonable estimation of harm caused to the victim by the defendant's conduct.

   The question, really before this court, is what is exactly is considered a full compensation?  If the victim in a criminal restitution order is entitled to no more than what is required for him to be made whole, can such a victim in a civil case recover additional damages?  See *United States v. Scott*, 270 F.3d 30, 52 (1st Cir. 2001); *United States v. Dawson*, supra at 1050; *United States v.*

*Stanley*, 309 F.3d 611, 613 (9th Cir. 2002) (generally for the proposition that a victim cannot recover more than the total loss).  In fact restitution can be offset by subsequent victim recovery in civil litigation.  *United States v. Dawson*, supra at 1050.  Courts tend to read the restitution sections broadly as part of a general intent to compensate victims fully but not to award them a windfall.  See *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005) ("the restitution statutes do not permit victims to obtain multiple recoveries for the same loss").

   The amount claimed by Plaintiff in their proposed findings of fact amount to a windfall beyond full recovery.  Mr. Plake cannot and does not dispute underlying allegations of fraud.  To jump to punitive damages requested in paragraph 13 is beyond the facts of this case, especially in light of the uncontested fact that it was HealthTech who recommend Paul Cardwell to Powell Valley Hospital for consideration as chief executive officer.  Argument can be made that HealthTech did not due diligence in its fiduciary duty to investigate Mr. Cardwell.  In using their cited authority in its Motion for Summary Judgment, HealthTech is an agent with a fiduciary duty "and owes to principal the utmost good faith."  See *Snearly v. Hockett*, 352 P.2d 230, 233-234 (Wyo. 1960).  It would seem that HealthTech has such a fiduciary duty to investigate Mr. Caldwell.  Be that as it may, Mr. Plake did not counterclaim or contest this issue, but for purposes of fixing damages it is an issue to be considered in mitigation of the excess damages sought by HealthTech.

   In summary, a victim/plaintiff cannot recover twice for the same injury, and the question is whether and how much plaintiff may recover for civil damages above and beyond the restitution amount ordered by the court, in light of the uncontroverted law that federal restitution is considered full compensation and HealthTech participated in that process.

Statements made by a party in a criminal proceeding are admissible against that party as an exception to the hearsay rule as a party admission. FED.R.EVID.801. Mr. Plake's admissions of committing fraud alone may be sufficient to sustain summary judgment against him.

**WHEREFORE,** Mr. Plake respectfully asks this court to take into consideration the order of restitution in a parallel criminal proceeding as full compensation for plaintiff/victim and therefore Health Tech's request for damages listed in paragraph 16 of its Proposed Findings of Fact and Conclusions of Law are excessive and beyond the restitution order and amount to a windfall.

**DATED** this 22nd day of May 2013.

DEFENDANT:  Michael J. Plake

By:   /s/ **Michael Reese**
Michael Reese, #05-1390
Attorney at Law
Michael Reese, LLC
211 West 19th Street, Suite 400
Cheyenne, WY  82001

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May 22, 20132013, a true and correct copy of the foregoing was served furnished through (ECF) electronic service to the parties of record

/s/Michael Reese

Michael Reese
*Counsel for Defendant Plake*