Bradley T. Cave, P.C. (Wyo. Bar No. 5-2792)
Joanna R. Vilos (Wyo. Bar No. 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Facsimile: (307) 778-8175

Eli J. Richardson *(admitted pro hac vice)*
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
Facsimile: (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC. AND
POWELL VALLEY HEALTH CARE, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HEALTHTECH MANAGEMENT SERVICES, INC., ) <br> ) <br> Defendant/Crossclaimant, ) <br> ) <br> v. ) <br> ) <br> PAUL CARDWELL and MICHAEL J. PLAKE, ) <br> ) <br> Defendants/Cross Defendants. ) | Civil Action No. 12-CV-0042-F <br><br> **STATUS REPORT OF HEALTHTECH MANAGEMENT SERVICES, INC. AND POWELL VALLEY HEALTH CARE, INC.** |

Plaintiff Powell Valley Health Care, Inc. (PVHC) and Crossclaimant HealthTech

Management Services, Inc. (HealthTech), by and through their attorneys, hereby respectfully

submit this written status report pursuant to the Court's June 4, 2013 Order on Status Conference.

1. The Court found, in its May 23, 2013 Order on Summary Judgment, that PVHC and HealthTech are entitled to certain damages as a matter of law including, as alleged by HealthTech, punitive damages. However, the Court also found that the amounts of certain categories of damages, including punitive damages, could not be determined by the Court because the Defendants demanded a jury trial on all issues triable to a jury.

2. At the time of the June 4, 2013 status conference with the Court, Defendant Cardwell's whereabouts were still unknown. Thus, the June 24, 2013 jury trial date was vacated in order to allow PVHC and HealthTech time to decide whether and how to pursue quantifying judgment for these damages claims.

3. Now that Cardwell has been apprehended, PVHC and HealthTech request that the Court reset a one-day jury trial to quantify judgment for these remaining damages categories, to begin in approximately 90-120 days as the Court's schedule may permit.

4. In addition to evidence regarding an appropriate amount for an award of punitive damages, HealthTech and PVHC expect to present evidence regarding several other categories of damages to which the Court found HealthTech and PVHC were entitled to judgment. These categories include HealthTech's damages flowing from the cost of investigating Cardwell's actions and replacing him as CEO and PVHC's expenses (including PVHC's attorneys' fees and costs) incurred as a result of its efforts to recover its converted funds. (*See* Doc. 87 at 30, 33-34).

5. The Court's Order on Summary Judgment states that, based on the Defendants' fraud, PVHC is entitled to an award of all attorneys' fees and costs attendant to the entire course of the litigation. (Doc. 87 at 32.) In addition, the Order states that pursuant to applicable Local Rule PVHC and HealthTech may submit post-judgment requests for attorneys fees and costs not fixed at a sum certain. (Doc. 87 at 38). Federal Rule 54 and Local Rule 54.3 permit discretionary awards of attorneys' fees and costs. Fed. R. Civ. P. 54(d)(2); U.S.D.C.L.R. 54.3.

6. Since the Court already has awarded PVHC its attorneys' fees and costs as a matter of law, not discretion, PVHC does not anticipate the need for a post-judgment motion requesting a discretionary award but, rather, anticipates proving the amount of such fees and costs as an element of damages during the jury trial. HealthTech, however, does intend to submit a Rule 54 motion seeking to recover its attorneys' fees and costs. HealthTech has spent significant resources in this matter which it may never be able to collect from the Defendants even after the amounts are reduced to judgment. To avoid further travel expense and also to conserve federal resources, HealthTech respectfully requests that the Court set the hearing to address the proper award of HealthTech's attorneys' fees and costs immediately following the conclusion of the jury trial. This will help HealthTech avoid additional travel expenses and should also remove any need for federal authorities to incur the expense of transporting Michael Plake from Indiana to Wyoming for a later hearing.

7. Between now and the trial date, HealthTech requests that it be permitted to conduct discovery on issues relating to the proper award of punitive damages. In particular,

because Cardwell was absent during the discovery period in this case, HealthTech intends to take Cardwell's deposition upon his return to the United States, and perhaps issue written discovery.

8. HealthTech recognizes that Cardwell may attempt to avoid a deposition and other discovery by seeking a stay during the pendency of the criminal case against him.  As explained in detail in HealthTech's August 2, 2012 filing on this issue (Doc. 44), however, the pendency of criminal charges does not require the Court to stay discovery in a related civil case.[1]  While there is clearly a constitutional protection against self-incrimination, there is no constitutional protection against being required to choose between waiving and asserting one's Fifth Amendment right.

9. HealthTech acknowledges that Cardwell may simply assert his privilege against self-incrimination and decline to be deposed in the civil case.  But Cardwell should have to confront this choice, and HealthTech should have the opportunity to seek an adverse inference if Cardwell does assert his Fifth Amendment right.  In light of Cardwell's choice to flee the country and avoid the civil and criminal allegations against him for several months, a stay of discovery would be particularly inappropriate in this case.

10. Thus, PVHC and HealthTech ask the Court to:  (1) set a one-day damages trial to commence in approximately 90-120 days, as the Court's schedule allows; (2) set a hearing, immediately subsequent to that trial, to determine the proper award of HealthTech's attorneys'

---

[1] Indeed, the Court ruled in its September 18, 2012 order that there would be no further stay of discovery based on the pendency of the criminal charges.  (Doc. 50).

fees and costs; and (3) permit HealthTech to conduct discovery regarding the issue of punitive damages prior to the jury trial.

DATED: June 24, 2013.

/s/ Joanna R. Vilos
Bradley T. Cave P.C. (Wyo. Bar No. 5-2792)
Joanna R. Vilos (Wyo. Bar No. 6-4006)
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Facsimile: (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
Facsimile: (615) 742-0416
richardsonej@bassberry.com

ATTORNEYS FOR HEALTHTECH MANAGEMENT SERVICES, INC. AND POWELL VALLEY HEALTH CARE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2013, I served a true and correct copy of the foregoing by CM/ECF addressed to the following:

Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
rwyork@york-law.com

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001
mike@mhrwylaw.com

/s/ Joanna R. Vilos

6264708_1.DOCX