FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMIN

2013 JUN 25 PM 3 3

STEPHAN HARRIS, CLER
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

POWELL VALLEY HEALTH CARE, INC.,

Plaintiff,

vs.

HEALTHTECH MANAGMENT SERVICES, INC.,

Defendant/Crossclaimant,

vs.

PAUL CARDWELL and MICHAEL J. PLAKE,

Defendants/Cross Defendants.

Case No. 12-CV-42-F

**SCHEDULING ORDER**

On June 4, 2013, the Court held a status conference in the above-captioned matter to discuss with the parties how this case should progress given its Order Granting Summary Judgment as well as Defendant Cardwell's absence from these proceedings. Since that time, authorities have located and apprehended Defendant Cardwell. In addition, Plaintiff Powell Valley Health Care ("PVHC") and Crossclaimant HealthTech Management Services, Inc. ("HealthTech") have filed a joint report containing requests for various settings.

As this case stands, the Court has addressed all of the claims brought by PVHC on summary judgment. The Court has also addressed nearly all of the claims brought by HealthTech, with the exception of its punitive damages claim against Defendant Cardwell. While the Court determined that HealthTech was entitled to punitive damages as a matter of law, it did not venture to determine the amount of such an award as this rests almost totally within the discretion of the jury. Also remaining for determination are any post-judgment requests for fees and costs filed by PVHC and HealthTech as provided by the Court's order on summary judgment.

The Court has considered the joint report and the requests therein and is otherwise fully informed. The Court concludes that a jury trial should be scheduled to address the sole issue of HealthTech's claim of punitive damages. This trial will proceed as set forth below and in keeping with the Court's standard practices.

**Discovery —**

The discovery cutoff date is **July 29, 2013**. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All depositions shall be completed by the discovery cutoff date.

**Final Pretrial Conference —**

A final pretrial conference in this matter has been scheduled for **August 5, 2013 at 3:00 p.m.**, in the Chambers of the Honorable Nancy D. Freudenthal, Cheyenne, Wyoming. Counsel may appear in person or by phone by connecting to 307-433-2190 on a single line by conference call operator.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE FREUDENTHAL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. **UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT FINAL PRETRIAL ORDER.** However, all represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. If you cannot locate the form, please contact Judge Freudenthal's chambers. **A copy of the proposed order must be delivered directly to Judge Freudenthal's chambers (but not filed) via e-mail to wyojudgendf@wyd.uscourts.gov at least seven (7) days before the final pretrial conference.**

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST FOURTEEN (14) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the attached form order. The parties are not required to list rebuttal witnesses or impeachment exhibits. The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

**COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.** If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

*A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. Plaintiff shall list and mark each exhibit with numerals and the number of the case, and counsel for Defendants shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No.\_\_\_\_\_, Crossclaimant's Exhibit 1; Civil No. \_\_\_\_\_, Defendant's Exhibit A. In the event

there are multiple parties, plaintiff or defendant, the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

**B. Elimination of Duplicate.** The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the Plaintiff.

**C. Copies for the Court.** Before trial, each party must supply to the court an original and (1) copy of all exhibits to be used at trial. The copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LIST:** The parties' exhibit lists are to be prepared in the following format:

| Crossclaimant's Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

* This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.

The following categories are to be used for objections to exhibits:

A. **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

B. **Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

C. **Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**Motions in Limine** —

MOTIONS IN LIMINE OR MOTIONS RELATING TO THE EXCLUSION OF EVIDENCE SHALL BE FILED NO LATER THAN TEN (10) DAYS PRIOR TO THE **FINAL PRETRIAL CONFERENCE**. Responses shall be filed five (5) court days before the final pretrial conference.

The Court will not hold bench or chamber conferences during trial to consider legal issues including evidentiary rulings that could have been raised before trial without a showing that counsel could not, by the exercise of due diligence, have anticipated them in advance of trial.

**Jury Trial—**

A jury trial of HealthTech's claim of punitive damages is set to begin before the Honorable Nancy D. Freudenthal on **August 19, 2013 at 8:30 a.m. in Jackson, Wyoming,** and is expected to last one (1) day. This case is stacked #2 on the civil docket. U.S.D.C.L.R. 40.1(a).

The parties SHALL file their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial. U.S.D.C.L.R. 51.1. Jury instructions must include citations of authority. **The proposed voir dire questions, jury instructions, and special verdict forms shall be submitted directly**

to Judge Freudenthal's chambers via e-mail to wyojudgendf@wyd.uscourts.gov. The **instructions must be formatted as a single document for wordperfect or word.** Counsel need submit only proposed substantive jury instructions; the Court has its own **general instructions**, which can be found on the district court website under forms.

**THE PARTIES MUST SUBMIT JOINT JURY INSTRUCTIONS AND A JOINT PROPOSED VERDICT FORM. UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT JURY INSTRUCTIONS.** In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date. The instructions should be submitted in the order in which the parties wish to have the instructions read.

If the parties cannot reach an agreement on the instructions then instructions shall be submitted in three (3) sets as follows:

1. The agreed upon instructions.
2. Those instructions propounded by Crossclaimant, opposed by Defendant.
3. Those instructions propounded by Defendant, opposed by Crossclaimant.

For disputed instructions, the party should note its objections to the proposed instruction. The parties should also submit differing versions of disputed instructions or a statement as to why the instruction should not be included.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Crossclaimant contends . . . .; Defendant contends . . .."

**Requests for costs and/or attorneys fees —**

At this time, the Court will not schedule a proceeding to hear argument or receive evidence regarding any requests for costs and/or attorneys fees from either PVHC or HealthTech. Such requests may be awarded by post-judgment application as the Court deems reasonable. Parties will have the opportunity to object to any request as provided by the Local Rules of this District.

**Responses to joint report —**

In its order following the June 4, 2013 status conference, the Court granted Defendants an opportunity to respond to any report filed by HealthTech. The Court will

continue to entertain such responses filed on or before July 8, 2013, notwithstanding the entry of this Scheduling Order.

Dated this 25th day of June, 2013.

*Nancy D. Freudenthal*
NANCY D. FREUDENTHAL
CHIEF DISTRICT COURT JUDGE