Bradley T. Cave, P.C. (Wyo. Bar No. 5-2792)
Joanna R. Vilos (Wyo. Bar No. 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson *(admitted pro hac vice)*
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                                   ) | Civil Action No. 12-CV-0042-F |
| ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC., ) | |
| ) | **HEALTHTECH MANAGEMENT** |
| Defendant/Crossclaimant, ) | **SERVICES, INC.'S REQUEST** |
| ) | **FOR CLARIFICATION OF** |
| v.                                                                   ) | **DAMAGES ISSUE** |
| ) | |
| PAUL CARDWELL and MICHAEL J. PLAKE, ) | |
| ) | |
| Defendants/Cross Defendants. ) | |

Crossclaimant HealthTech Management Services, Inc. (HealthTech), by and through its

attorneys, hereby respectfully requests that the Court clarify its Order on Summary Judgment

with regard to the issue of punitive damages and its Scheduling Order with regard to the issue of compensatory damages.

The Court's Order on Summary Judgment states that HealthTech asserted a claim of punitive damages against Cardwell and is entitled to a punitive damages award against him as a matter of law.  (*See* Doc. 87 at 35).  The Order, however, does not directly address HealthTech's claim of punitive damages against Plake.

In its Crossclaims against Cardwell and Plake, HealthTech alleged that Plake is liable for punitive damages to the same extent as Cardwell.  (*See* Doc. 31 at 22, ¶ 26).  In addition, in its Brief in Support of Motion for Summary Judgment, HealthTech argued that both Cardwell and Plake are liable for punitive damages based on their acts of fraud and deceit.  (*See* Doc. 76 at 20).

Presumably, the same outrageous conduct that warrants a punitive damages award against Cardwell also warrants such an award against Plake.  But in order to avoid making assumptions about the Court's rulings, HealthTech respectfully requests that the Court provide clarification on this issue.

In addition, HealthTech respectfully requests that the Court clarify whether evidence of the compensatory damages resulting from Cardwell's breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty should be presented to the Court prior to trial, to the jury at trial, or to the Court by post-judgment motion.

The Court's Order on Summary Judgment states that HealthTech is entitled to compensatory damages to the extent it incurred costs to investigate Cardwell's actions and to

ultimately replace him as CEO.  (*See* Doc. 87 at 34).  Assuming the amount of these damages is not determined by the Court prior to trial, HealthTech believes the amount must be decided at trial by a jury.  Although the investigation costs are largely comprised of attorneys' fees, these costs are an element of damages rather than a request for fees under Fed. R. Civ. P. 54.  Thus, these damages do not appear to be subject to the Rule 54 post-judgment application procedures.  *See, e.g., Joe's Concrete and Lumber, Inc. v. Concrete Works of Colorado, Inc.*, 252 P.3d 445 (Wyo. 2011) (drawing distinction between attorneys' fees as element of damages and attorneys' fees subject to Rule 54 post-judgment motion).

      The Court's Scheduling Order indicates that the jury trial will address the sole issue of punitive damages.  (*See* Doc. 93 at 2).  The Order also states that requests for attorneys' fees and costs may be awarded by post-judgment application as the Court deems reasonable.  (*Id.* at 9).  HealthTech respectfully requests that the Court clarify whether this language from the Scheduling Order applies to the investigation and coverage costs awarded by the Court on page 34 of the Court's Order on Summary Judgment, or simply to the fees and costs incurred in litigating this matter.

DATED: July 15, 2013.

    /s/ Joanna R. Vilos
Bradley T. Cave P.C. (Wyo. Bar No. 5-2792)
Joanna R. Vilos (Wyo. Bar No. 6-4006)
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Facsimile: (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
Facsimile: (615) 742-0416
richardsonej@bassberry.com

ATTORNEYS FOR CROSSCLAIMAINT
HEALTHTECH MANAGEMENT SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2013, I served a true and correct copy of the foregoing by CM/ECF addressed to the following:

Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
rwyork@york-law.com

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001
mike@mhrwylaw.com

/s/ Joanna R. Vilos

6292422_1