FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JUL 30 AM 11 06

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HEALTHTECH MANAGMENT SERVICES, INC., <br><br> Defendant/Crossclaimant, <br><br> vs. <br><br> PAUL CARDWELL and MICHAEL J. PLAKE, <br><br> Defendants/Cross Defendants. | Case No. 12-CV-42-F |

**ORDER ON REQUEST FOR CLARIFICATION OF DAMAGES ISSUE AND ORDER GRANTING IN PART SUMMARY JUDGMENT ON HEALTHTECH'S CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT PLAKE**

This matter is before the Court on the request of HealthTech Management Services, Inc. ("HealthTech") for clarification of damages issue. In its motion, HealthTech requests that the Court clarify whether HealthTech is entitled to summary judgment on its punitive damages claim against Defendant Michael J. Plake ("Plake"). In addition, HealthTech requests that the Court clarify whether evidence of certain compensatory damages should be

presented at trial for determination by the jury. Upon consideration of HealthTech's motion, the Court resolves both of these issues in the affirmative.

The Court need not and will not entertain supplemental briefing from Defendants as these issues were properly before the Court on summary judgment. Neither Defendant Cardwell nor Defendant Plake filed timely responses to the motion for summary judgment and the Court will not consider new arguments now at this late stage in the proceedings.[1]

## Discussion

On May 23, 2013, the Court addressed all of the claims brought by Powell Valley Healthcare ("PVHC") on summary judgment, ruling in favor of PVHC. The Court also addressed claims brought by HealthTech against Defendant Paul Cardwell ("Cardwell") at that time, ruling in HealthTech's favor on its claims of breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing. In addition, the Court granted summary judgment to HealthTech on its sole claim against Plake for civil conspiracy.

---

[1] Defendant Plake filed an untimely response to the motion for summary judgment on May 22, 2013, well after the dispositive motion response deadline had passed. This response failed to substantively address the claims or arguments raised. Defendant Plake mentioned punitive damages in passing but merely stated that "punitive damages . . . [are] beyond the facts of this case, especially in light of the uncontested fact that it was HealthTech who recommended Paul Cardwell to Powell Valley Hospital for consideration as chief executive officer. [...] Be that as it may, Mr. Plake did not counterclaim or contest this issue, but for purposes of fixing damages it is an issue to be considered in mitigation of the excess damages sought by HealthTech." Doc. 85 at 4. This argument, even if it were timely, does not alter the Court's analysis herein.

2

The Court concluded that HealthTech was entitled to certain damages as a matter of law including: (1) Cardwell's salary and benefits; (2) investigation and coverage costs incurred as a result of Cardwell's tortious conduct; and (3) punitive damages. As to punitive damages, the Court granted summary judgment as to the elements of that claim, but denied HealthTech's motion as to any amount. A jury trial is currently scheduled for August 19, 2013 to resolve HealthTech's punitive damages claim against Cardwell.

*Punitive damages against Plake*

In the instant motion, HealthTech reminds the Court that it has also asserted a claim of punitive damages against Defendant Plake. Doc. 31 at 22; Doc. 76 at 20. The Court did not expressly address this claim on summary judgment and therefore does so now at HealthTech's prompting.

In its motion for summary judgment, HealthTech previously argued that "Cardwell and Plake acted willfully, maliciously, intentionally, fraudulently, in bad faith, and in knowing disregard of HealthTech and PVHC's rights in taking PVHC's funds." Doc. 76 at 20. (internal citation omitted). As a result, HealthTech asserted "Cardwell and Plake should be held jointly and severally liable for . . . punitive damages in an amount to be determined." *Id.* at 21.

3

HealthTech's punitive damages claim against Plake is not as straightforward as this limited briefing might suggest. The claim presents two issues the Wyoming Supreme Court has yet to directly consider.

The first issue is whether punitive damages are even available for civil conspiracy when it is the only claim alleged against a given defendant. According to the Court's research, no Wyoming court has ever addressed punitive damages in this context. The Wyoming Supreme Court has merely noted "a plaintiff cannot claim civil conspiracy or punitive damages without an underlying cause of action in tort." *See White v. Shane Edeburn Const., LLC*, 285 P.3d 949, 958 (Wyo. 2012). This language calls into question whether a claim of civil conspiracy constitutes an "underlying cause of action" sufficient to support a claim of punitive damages.

Upon consideration of this issue, the Court predicts that the Wyoming Supreme Court would allow punitive damages in this context. As applied to a civil conspiracy claim, the "underlying tort" requirement merely suggests that a plaintiff must make a showing of damages resulting from "one or more unlawful overt acts" in order to claim civil conspiracy. *See id.* This does not mean that civil conspiracy cannot serve as the underlying tort necessary to support a claim of punitive damages. To the contrary, as other courts have observed, punitive damages may be available for civil conspiracy so long as actual damages are

4

demonstrated. *See Deere & Co. v. Zahm*, 837 F.Supp. 346, 352 (D. Kan. 1993) (interpreting Kansas law and finding punitive damages claim sufficiently pled where plaintiff alleged that defendants conspired to defraud the plaintiff causing damages); *Powell v. Spence*, 35 P.2d 925, 926 (Okla. 1934) (finding defendants liable for punitive damages where they had conspired to defraud plaintiff of $1,000). In other words, "[r]ecovery of damages in a civil action for conspiracy . . . is not based on the conspiracy itself, but on damages resulting from an overt act or acts of one or more of the defendants, resulting from the conspiracy." *Lockwood Grader Corp. v. Bockhaus*, 270 P.2d 193, 196 (D. Colo. 1954).

In its order on summary judgment, the Court found HealthTech suffered actual damages as a result of Cardwell's breach of fiduciary duty. Finding no genuine dispute as to any other material issue, the Court granted summary judgment to HealthTech on its claim of civil conspiracy against Plake. Thus, even though HealthTech has not asserted additional claims against Plake, the Court finds punitive damages are available. This is true notwithstanding the fact that Plake did not owe or breach a fiduciary duty to HealthTech, or commit any other independent tort against HealthTech.

> Once a conspiracy is formed, all its members are liable for injuries caused by acts pursuant to or in furtherance of the conspiracy. It is not necessary for a conspirator to have planned or to have known about the injurious action as long as the purpose of the tortious act was to advance the overall object of the conspiracy.

5

*Deere*, 837 F. Supp. at 351 (internal quotes and citations omitted). *See McCandless v. Furlaud*, 296 U.S. 140, 165 (1935) (finding defendant and "his confederates" liable "for anything done in fulfillment of the Common purpose" of the conspiracy). There is no question that Cardwell's breach of fiduciary duty and the resulting damages to HealthTech were a direct result of the conspiracy between the two defendants in this case.

Of course, as with any other claim, punitive damages can only be awarded upon a finding of outrageous conduct, malice, or willful and wanton misconduct. *See Alexander v. Meduna*, 47 P.3d 206, 218 (Wyo. 2002). In its order on summary judgment, the Court went to great lengths to relay "the outrageous conduct involved in this case," including Plake's own actions.

> Plake ... accepted and endorsed 12 checks over the course of six months—each time representing to PVHC that he was in fact carrying out the recruiting activities on which the payments were premised. Plake also told Brenda Phillips, HealthTech's General Counsel, that Plake & Associates was a legitimate recruiting firm and that Plake was personally recruiting on PVHC's behalf. At his change of plea hearing, Plake testified that he understood that the 12 checks he received were from PVHC "on the representations that [he] was doing the recruiting."

Doc. 87 at 18–19 (citing Plake Change of Plea Transcript at 24). This conduct, for which Plake has already been criminally sentenced, rises to the level of outrage necessary to justify an award of punitive damages. Accordingly, the Court grants HealthTech's motion for

summary judgment as to the elements of this claim; the amount of HealthTech's punitive damages award against Plake, if any, can be considered by the jury.

This brings the Court to the second issue posed by HealthTech's punitive damages claim against Plake: whether punitive damages should be awarded jointly and severally against both Defendants. Once again, the Wyoming Supreme Court has not directly addressed this issue and HealthTech has not cited applicable case law to support its position that Cardwell and Plake are jointly and severally liable for punitive damages.

The Wyoming Supreme Court came close to addressing this issue in the case of *Hall Oil Co. v. Barquin*, 237 P. 255 (1925). In that case, the Court found that evidence of differing financial conditions alone was insufficient to support the assessment of largely differing punitive damages awards against two trespassers. *Barquin*, 237 P. at 280. The Court went on to observe that "[t]he act complained of as a trespass was the act of all, and whatever may be the rule generally, a matter we have not considered, we think there should be but one recovery of damages in this case." *Id.*

*Barquin* is distinguishable from the present case in that "the acts complained of" by HealthTech were not committed to the same degree by both Defendants. Not only do HealthTech's claims against Cardwell and Plake differ, but unlike the tort of trespass, the torts in this case arguably involve varying degrees of culpability and malice. In the Court's

7

estimation, these variables should be considered by the jury in determining an award of punitive damages, if any, against Cardwell and Plake. *See id.* ("In assessing punitive damages, the jury may consider not only the defendants' financial condition, but also the character and extent of injury, as well as [the] character of [the] act causing injury and matters of aggravation.")

In sum, the Court finds no authority suggesting that punitive damages *must* be assessed jointly and severally against co-conspirators and believes the better approach is for punitive damages to be assessed individually.[2] Therefore, HealthTech will be required to present separate arguments and evidence in support of its respective punitive damages claims against Cardwell and Plake.

---

[2] The authority reviewed by the Court weighs against joint and several liability in the context of punitive damages. *See, e.g., Rodick v. City of Schenectady*, 1 F.3d 1341, 1349 (2d Cir. 1993) (stating joint and several liability does not apply to punitive damages); *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 100-01 (3d Cir. 1993) ("It is one thing to hold a conspirator liable for all harm (compensatory damages) done by the conspiracy. It is quite another, substantial step to impose joint and several liability for the award of punitive damages, which serve a very different purpose."); *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1387 (7th Cir. 1984) ("The assessment of punitive damages against individual defendants creates no problem; punitive damages, like criminal fines, which they resemble, are always assessed individually.")

*Coverage and replacement costs*

In its order on summary judgment, the Court determined that HealthTech was entitled to compensatory damages for costs incurred in the investigation of Cardwell's actions and the replacement of Cardwell as CEO. Doc. 87 at 33–34. In the instant motion, HealthTech asserts that these damages should be decided at trial by the jury rather than on pre or post-judgment motion. The Court agrees; HealthTech may present evidence regarding these damages at the upcoming jury trial.

## Conclusion

Based on the foregoing, HealthTech's motion for summary judgment on its claim for punitive damages against Defendant Plake is GRANTED as to the elements of the claim, and DENIED at this time as to any award;

IT IS FURTHER ORDERED that HealthTech's motion for summary judgment on its claim for punitive damages against Defendant Plake is DENIED to the extent HealthTech requests that punitive damages be awarded jointly and severally;

IT IS FURTHER ORDERED that HealthTech may present evidence at the upcoming trial regarding compensatory damages allegedly incurred in investigating Cardwell's conduct and replacing him as CEO;

IT IS FINALLY ORDERED that the Court's previous order on summary judgment is hereby amended to reflect the terms of this order.

Dated this 30 day of July, 2013.

*[signature]*
NANCY D. FREUDENTHAL
CHIEF DISTRICT COURT JUDGE