Bradley T. Cave, P.C. (Wyo. Bar No. 5-2792)
Joanna R. Vilos (Wyo. Bar No. 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

Eli J. Richardson *(admitted pro hac vice)*
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (615) 742-7825
Facsimile:  (615) 742-0416

ATTORNEYS FOR HEALTHTECH
MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-CV-0042-F |
| | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Defendant/Crossclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL CARDWELL and MICHAEL J. PLAKE, | ) |
| | ) |
| Defendants/Cross Defendants. | ) |

**DEFENDANT HEALTHTECH'S UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT**

Defendant/Cross-Claimant, HealthTech Management Services, Inc., pursuant to Rule 58(d), Fed. R. Civ. P., submits this unopposed motion for the entry of a consent judgment against Paul Cardwell, and states the following in support:

1. HealthTech and Cardwell have settled HealthTech's claims against Cardwell, including all claims against Cardwell which have been scheduled for trial beginning October 15, 2013. Cardwell and HealthTech have executed the *Settlement Agreement and Claims Release*, attached to this motion as Exhibit A ("Settlement Agreement").

2. As part of the Settlement Agreement, Cardwell agrees to the entry of a Consent Judgment against him in favor of HealthTech in the total amount of $3,500,000. Settlement Agreement, ¶ A, pp. 2-3. Cardwell has also approved, by his signature, a form of Consent Judgment, which is attached as Exhibit B. Counsel for HealthTech and Cardwell have also approved the form of the Consent Judgment as indicated by signatures on Exhibit B. (HealthTech will submit a Word version of the Consent Judgment for the Court's convenience with counsel's signature's represented in the /s/ protocol.)

3. The Consent Judgment establishes the amount of judgment owed by Cardwell, and does not impose equitable relief or require any future supervision or action by the Court beyond those actions provided for by the Federal Rules of Civil Procedure for the enforcement of any judgment entered by the Court.

4. The Consent Judgment does not resolve the remaining claims of HealthTech against Defendant Michael Plake, and those claims will remain pending at this time.

5. HealthTech's counsel has obtained the consent of Robert York, counsel for Cardwell, to represent to the Court that this motion is unopposed by Cardwell.

6. WHEREFORE, HealthTech and Cardwell respectfully request that the Court enter the Consent Judgment in the form submitted by the parties with this motion.

DATED: August 30, 2013.

/s/ Bradley T. Cave
Bradley T. Cave P.C. (Wyo. Bar No. 5-2792)
Joanna R. Vilos (Wyo. Bar No. 6-4006)
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Facsimile: (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

Eli J. Richardson (*admitted pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
Facsimile: (615) 742-0416
richardsonej@bassberry.com

ATTORNEYS FOR HEALTHTECH MANAGEMENT SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, I served a true and correct copy of the foregoing by CM/ECF addressed to the following:

Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
rhornatty@me.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
rwyork@york-law.com

Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
tracy@ckattorneys.net

Michael Reese
MICHAEL REESE, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY 82001
mike@mhrwylaw.com

/s/ Bradley T. Cave

6381749_1.DOCX

# Exhibit A

## SETTLEMENT AGREEMENT AND CLAIMS RELEASE

This Settlement Agreement and Claims Release (the "Agreement") is executed by HealthTech Management Services, Inc. ("HTMS") and Paul D. Cardwell ("Cardwell"). HTMS and Cardwell are sometimes referred to collectively herein as the "Parties."

WHEREAS:

1. On February 23, 2012, HealthTech filed suit against Cardwell, a former HealthTech employee placed as Chief Executive Officer ("CEO") at Powell Valley Health Care, Inc. ("PVHC"), in Civil Action No. 12-CV042-F in the United States District Court for the District of Wyoming ("the Lawsuit"). The Lawsuit was based on allegations of particular conduct (hereinafter, the "Primary Alleged Conduct") by Cardwell undertaken in collaboration with another individual later identified in the litigation as Michael Plake ("Plake").

2. Specifically, the Primary Alleged Conduct is that Cardwell, in conjunction with Plake, fraudulently deceived HealthTech in order to improperly utilize Cardwell's position as PHVC CEO to fraudulently induce and cause HealthTech's client, PVHC, to make payments totaling $847,934.00 to a fictitious entity, later identified in the litigation as Plake & Associates, for the purported purpose of paying fees for physician and nonphysician recruiting activities to be conducted by Plake & Associates when in fact no such recruiting activities occurred or were ever intended to occur. In its complaint which initiated the Lawsuit, HealthTech brought claims against Cardwell for breach of fiduciary duty and the implied covenant of good faith and fair dealing ("HealthTech's Initial Claims"), based on the Primary Alleged Conduct.

3. On April 30, 2012, PVHC intervened in the Lawsuit and added Plake as a crossdefendant, and filed its *Cross Claim of Powell Valley Health Care, Inc. Against HealthTech Management Services, Inc., Paul Cardwell and Michael J. Plake* ("PVHC's Cross Claim"). Some of the claims in PVHC's Cross-claim were brought against Cardwell and Plake, alleging that they are liable to PVHC for various intentional torts, namely fraud/theft and intentional misrepresentation, arising out of the fraudulent conduct summarized above and committed against PVHC ("PVHC's Cardwell Claims"). The remaining claims in PVHC's cross-claim were brought against HealthTech, alleging that HealthTech is liable to PVHC, under the theories of negligence and alleged breach of contract and certain implied covenants, for damages incurred by PVHC as a result of the fraud, theft and intentional misrepresentation and committed by Cardwell ("PVHC's HealthTech Claims").

4. On May 24, 2012, HealthTech, having become a defendant as to the claims against it brought by PVHC, thereafter filed a pleading containing an additional claim against Cardwell, for implied indemnification as to PVHC's HealthTech Claims (the "Indemnification Claim"). HealthTech's May 24, 2012 pleading also named Plake a joint defendant as to HealthTech's claims against Cardwell under a civil conspiracy theory; it also provided supplemental allegations regarding Cardwell's conduct, including

allegations regarding the nature of his conspiring with Plake (the "Supplemental Alleged Conduct" and, together with the Primary Alleged Conduct, the "Alleged Conduct").

5. Via its original complaint filed February 23, 2012, and its filing of May 24, 2012, HealthTech asserted a right to recover various damages, including any amounts for which it was ultimately liable to PVHC, additional compensatory damages, and punitive damages.

6. Thereafter, pursuant to settlement agreements between HealthTech and PVHC, PVHC assigned HealthTech, inter alia, all claims it had brought or could have brought against Cardwell and/or Plake related to the Alleged Conduct (the "Assigned Claims").

7. HealthTech and Cardwell have determined, to avoid the risk and expense of litigation, to fully and finally settle and resolve between these Parties, on the terms and conditions of this Agreement, the Assigned Claims as well as any and all remaining claims which HealthTech has asserted or could have asserted against Cardwell relating to the Alleged Conduct ("HealthTech's Direct Claims").

8. Cardwell denies liability on the Assigned Claims and HealthTech's Direct Claims (collectively, the "Claims"), including PVHC's Cardwell Claims, HealthTech's Initial Claims, and the Indemnification Claim. Notwithstanding Cardwell's denials, on May 23, 2013, the Court issued an order (which is incorporated in full herein by reference) granting summary judgment against Cardwell as to liability on each of PVHC's Cardwell Claims and each of HealthTech's Initial Claims, based primarily on the Court's finding that Cardwell had engaged in the Alleged Conduct, fraudulently inducing PVHC to issue payments totaling $847,934 to Plake & Associates and arranging and conspiring with Plake to secretly and personally receive approximately 75 percent of that amount back from Plake.

9. In light of the Court's grant of summary judgment against Cardwell and Cardwell's continuing denial of liability, HealthTech and Cardwell have agreed to a resolve the Claims to the extent indicated in, and under the terms and conditions of, this Agreement.

THEREFORE:

In consideration of the promises and agreements set forth below and fully incorporating by reference the above recitals, IT IS HEREBY AGREED, by and between the undersigned Parties, as follows:

**A. Consent Judgment**

Cardwell agrees to the entry of a consent judgment (the "Consent Judgment") on the Claims to be entered against him, and in favor of HealthTech, in the total amount of three million five-hundred thousand dollars ($3,500,000). This amount represents

2

consequential damages and punitive damages claimed as a result of the Alleged Conduct, including the alleged fraudulent inducement by Cardwell, which the Court found to have occurred in granting summary judgment to HealthTech as to liability.

To facilitate entry of the Consent Judgment, Cardwell authorizes his counsel of record in the Lawsuit to take, on Cardwell's behalf, all steps necessary or appropriate to submit to the Court a proposed consent judgment substantially in the form of Exhibit A hereto. Nothing herein shall impair or diminish HealthTech's rights to collect on and otherwise enforce such Consent Judgment to the full extent of the law, which rights HealthTech expressly reserves.

### B. Release by HealthTech

Except for any rights created by this Agreement (including the right to collect on and otherwise enforce the Consent Judgment) upon the filing and entry of the Consent Judgment by the Court in Civil Action No. 12-CV042-F as set forth in Paragraph A above, HealthTech, on behalf of itself, and its respective directors, officers, employees, principals, affiliates, subsidiaries, parent entities, predecessors, successors in interest, assigns, attorneys, heirs, agents, and representatives, hereby unconditionally, irrevocably, and absolutely releases and discharges Cardwell and each of his respective heirs, assigns, predecessors, successors, affiliates, related entities, agents, representatives, insurers, attorneys-in-fact, and attorneys at law, whether past or present, of and from all manner of claims, actions, causes of action, suits, debts, liabilities, accounts, losses, indemnities, obligations, claims for sums of money, controversies, settlement costs, attorney fees, court costs and expenses, damages, judgments and demands, of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, including, but not limited to, claims for fraud or fraudulent misrepresentation, arising out of the Alleged Conduct, including the Claims.

### C. Release by Cardwell

Except for any rights created by this Agreement, Cardwell, on behalf of himself, his predecessors, successors in interest, assigns, attorneys, heirs, agents, and representatives, hereby unconditionally, irrevocably, and absolutely releases and discharges HealthTech and PVHC and each of their respective heirs, assigns, predecessors, successors, affiliates, parent entities, related entities, subsidiaries, officers, directors, trustees, partners, employees, principals, agents, representatives, insurers, reinsurers, attorneys-in-fact, and attorneys at law, whether past or present, of and from all manner of claims, actions, causes of action, suits, debts, liabilities, accounts, losses, indemnities, obligations, claims for sums of money, controversies, settlement costs, attorney fees, court costs and expenses, damages, judgments and demands, of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, incurred or to be incurred that now exist, may exist, claim to have existed, ever formerly existed, or may at any time in the future be

acquired with regard to, arising out of, or related to, any act or omission occurring prior to Cardwell's execution of this Agreement.

### D. No Agreement Regarding Participation in Criminal Proceedings.

Nothing in this Agreement is intended to waive, relinquish or limit the right or duty of PVHC or HealthTech to participate in any criminal proceeding against Cardwell, including providing information, evidence or testimony, whether voluntarily or pursuant to subpoena, submitting a victim impact statement, or participating in a sentencing hearing or a presentence investigation; provided that HealthTech shall provide a copy of this Agreement to the United States Attorney and shall acknowledge Cardwell's agreement to its terms if HealthTech participates in a sentencing hearing or a presentence investigation.

### E. No Admission of Liability or Weakness.

By entering into this Agreement, HealthTech is making no admission of weakness relating to any of the defenses asserted against it. By entering into this Agreement, Cardwell is admitting his liability for $3,500,000, but is making no admission that any aspect of the Alleged Conduct in fact occurred.

Notwithstanding the fact that he does not admit that he engaged in the Alleged Conduct, Cardwell acknowledges that: (1) in the Lawsuit the Court granted summary judgment against him as to liability (including liability for punitive damages) on all of PVHC's Cardwell Claims and all of HealthTech's Initial Claims, based on the Court's finding that the Alleged Conduct, including Cardwell's fraudulent inducement of PVHC to issue checks to Plake & Associates, actually occurred; (2) all of PVHC's Cardwell Claims and all of HealthTech's Initial Claims are legally valid; (3) the Court's decision to grant summary judgment against him, as to liability on all of such claims, was based on sufficient evidence to support a finding that Cardwell in fact had engaged in the Alleged Conduct, and was otherwise a correct decision; and (4) the Consent Judgment represents (in addition to PVHC's and HealthTech's awardable attorney's fees incurred in connection with prosecuting the Lawsuit) damages of various kinds flowing from the Alleged Conduct, including PVHC's actual damages of $847,934 allegedly obtained by Cardwell and Plake via fraudulent misrepresentations that were a part of the Alleged Conduct, other consequential damages suffered by PVHC and HealthTech as a result of such alleged fraudulent misrepresentations, and punitive damages based on such alleged fraudulent misrepresentations.

Notwithstanding any provision of the above paragraph, Cardwell concedes neither that the Alleged Conduct in fact occurred nor that there is evidence sufficient to prove beyond a reasonable doubt that it in fact occurred.

### F. Entire Agreement

4

This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof. It is agreed that there are no collateral agreements or representations, written or oral, which are not contained in this Agreement. Any prior representations or agreements between the Parties with respect to any subject covered by this Agreement are canceled and superseded by this Agreement.

### G. Governing Law

This Agreement shall be governed by, and interpreted in accordance with, the law of the State of Wyoming, without regard to its conflict-of-laws principles.

### H. Headings and Construction

The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement. The Parties acknowledge that they each had an opportunity to review and discuss the terms of this Agreement with their respective legal counsel. The Parties each further acknowledge that they are not relying upon any representation of law or fact by any other party.

### I. Modifications

This Agreement may be amended only by a written instrument executed by the Parties hereto.

### J. Warranty of Authority

The Parties warrant and represent that they have the power to execute and deliver this Agreement and that they have secured all necessary authorizations for the execution and delivery of this Agreement, including but not limited to all necessary corporate approvals and consents.

### K. Partial Invalidity

If any non-material provision in this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and continue to be binding on the parties without being impaired or invalidated in any way.

### L. Advice of Counsel

The Parties warrant and represent that they have been represented by counsel in connection with the review and execution of this Agreement and have had the opportunity to consult with counsel to the full extent desired.

### M. Counterparts

      This document may be executed in one or more counterparts, each of which when so executed and delivered shall be an original but all of which taken together shall constitute one and the same Agreement. Facsimile and .pdf signatures will constitute valid evidence of execution.

Dated: __8/27/2013__, 2013

_/s/ Derek Morkel_
HealthTech Management Services, Inc.
By: DEREK MORKEL
Its: CEO

Dated: __August 22__, 2013

_/s/ Paul Cardwell_
Paul Cardwell

12261155.5

6

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| POWELL VALLEY HEALTH CARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC. | ) | CASE NO. 12-CV-42-F |
| | ) | |
| Defendant/Cross-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL CARDWELL and MICHAEL J. PLAKE, | ) | |
| | ) | |
| Defendants/Cross-Defendants. | ) | |

## CONSENT JUDGMENT

**WHEREAS, IT IS STIPULATED AND AGREED** by and between Defendant/Cross-Claimant HealthTech Management Services, Inc. ("HealthTech") and Defendant/Cross-Defendant Paul Cardwell (collectively, the "Parties"), that Paul Cardwell consents to entry of judgment in the above-captioned action against himself and in favor of HealthTech in the amount of THREE MILLION FIVE-HUNDRED THOUSAND DOLLARS ($3,500,000); and

**WHEREAS, IT IS STIPULATED AND AGREED** by and between the Parties, that pursuant to the Court's summary judgment order of May 23, 2012, which is incorporated in full herein by reference, HealthTech is entitled to recover consequential damages and punitive damages from Cardwell in an amount to be determined, based on the Court's finding that

12-013

Defendants/Cross-Defendants committed fraudulent misrepresentations and other fraudulent conduct, as set forth in the Court's summary judgment order; and

**WHEREAS, IT IS STIPULATED AND AGREED** by and between the Parties, that $3,500,000 represents an appropriate amount of judgment against Cardwell for consequential and punitive damages based on the fraudulent conduct the Court found Cardwell to have committed; and

**WHEREAS, IT IS STIPULATED AND AGREED** by and between the Parties, that Cardwell has been notified of HealthTech's intention to take his deposition in the future pursuant to Rule 69 of the Federal Rules of Civil Procedure;

**NOW THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED** that the Clerk of Court shall enter judgment in favor of HealthTech against Cardwell in the amount of $3,500,000, inclusive of attorney's fees and costs; and

**IT IS FURTHER ORDERED** that this consent judgment is without prejudice to HealthTech's right to depose Cardwell pursuant to Rule 69 of the Federal Rules of Civil Procedure.

DATED: _____, 2013.

                                                        **SO ORDERED**

                                          **Nancy D. Freudenthal**, Chief Judge
                                          United States District Court, District of Wyoming

CONSENTED AND AGREED TO:

_____
Paul Cardwell
Defendant/Cross-Defendant

AGREED AS TO FORM AND CONTENT:

_____
Bradley T. Cave, P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Fax: (307) 778-8175

_____
Eli J. Richardson (admitted *pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
Fax: (615) 742-0416

COUNSEL FOR DEFENDANT/CROSS-CLAIMANT
  HEALTHTECH MANAGEMENT SERVICES, INC.

_____
Robert W. Horn
ROBERT W. HORN, P.C.
230 East Broadway, Suite 3A
P.O. Box 4199
Jackson Hole, WY 83001
Telephone: (307) 733-5747
Fax: (307) 733-8215
rhornatty@me.com

12-013                                    3

/s/ Robert W. York
_____
Robert W. York (admitted *pro hac vice*)
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
Telephone: (317) 842-8000
Fax: (317) 577-7321
Email: rwyork@york-law.com

COUNSEL FOR DEFENDANT/CROSS-DEFENDANT PAUL CARDWELL

12-013                                                    4