# Exhibit 1

## **SETTLEMENT AGREEMENT AND CLAIMS RELEASE**

This Settlement Agreement and Claims Release (the "Agreement") is executed by HealthTech Management Services, Inc. ("HealthTech") and Michael Plake ("Plake"). HTMS and Plake are sometimes referred to collectively herein as the "Parties."

WHEREAS:

1. On February 23, 2012, HealthTech filed suit against Paul D. Cardwell, a former HealthTech employee placed as Chief Executive Officer ("CEO") at Powell Valley Health Care, Inc. ("PVHC"), in Civil Action No. 12-CV042-F in the United States District Court for the District of Wyoming ("the Lawsuit"). The Lawsuit was based on allegations of particular conduct (hereinafter, the "Primary Alleged Conduct") by Cardwell undertaken in collaboration with another individual later identified in the litigation as Plake

2. Specifically, the Primary Alleged Conduct is that Cardwell, in conjunction with Plake, fraudulently deceived HealthTech in order to improperly utilize Cardwell's position as PHVC CEO to fraudulently induce and cause HealthTech's client, PVHC, to make payments totaling $847,934.00 to a fictitious entity, later identified in the litigation as Plake & Associates, for the purported purpose of paying fees for physician and non-physician recruiting activities to be conducted by Plake & Associates when in fact no such recruiting activities occurred or were ever intended to occur. In its complaint which initiated the Lawsuit, HealthTech brought claims against Cardwell for breach of fiduciary duty and the implied covenant of good faith and fair dealing ("HealthTech's Initial Claims"), based on the Primary Alleged Conduct.

3. On April 30, 2012, PVHC intervened in the Lawsuit and added Plake as a cross-defendant, and filed its *Cross Claim of Powell Valley Health Care, Inc. Against HealthTech Management Services, Inc., Paul Cardwell and Michael J. Plake* ("PVHC's Cross-claim"). Some of the claims in PVHC's Cross-claim were brought against Cardwell and Plake, alleging that they are liable to PVHC for various intentional torts, namely fraud/theft and intentional misrepresentation, arising out of the fraudulent conduct summarized above committed against PVHC ("PVHC's Plake Claims"). The remaining claims in PVHC's Cross-claim were brought against HealthTech, alleging that HealthTech is liable to PVHC, under the theories of negligence and alleged breach of contract and certain implied covenants, for damages incurred by PVHC as a result of the fraud, theft and intentional misrepresentation committed by Cardwell and Plake ("PVHC's HealthTech Claims").

4. On May 24, 2012, HealthTech, having become a defendant as to the claims against it brought by PVHC, thereafter filed a pleading containing an additional claim against Cardwell, for implied indemnification as to PVHC's HealthTech Claims. HealthTech's May 24, 2012 pleading also named Plake a joint defendant as to HealthTech's claims against Cardwell under a civil conspiracy theory; it also provided supplemental allegations regarding Cardwell's conduct, including allegations regarding the nature of

1

his conspiring with Plake (the "Supplemental Alleged Conduct" and, together with the Primary Alleged Conduct, the "Alleged Conduct").

5. Via its pleading filed May 24, 2012, HealthTech asserted a right to recover from Plake various damages, including any amounts for which it was ultimately liable to PVHC, additional compensatory damages, and punitive damages.

6. Thereafter, pursuant to settlement agreements between HealthTech and PVHC, PVHC assigned HealthTech, inter alia, all claims it had brought or could have brought against Cardwell and/or Plake related to the Alleged Conduct (the "Assigned Claims").

7. HealthTech and Plake have determined, to avoid the risk and expense of litigation, to fully and finally settle and resolve between these Parties, on the terms and conditions of this Agreement, the Assigned Claims as well as any and all remaining claims which HealthTech has asserted or could have asserted against Plake relating to the Alleged Conduct ("HealthTech's Direct Claims").

8. On May 23, 2013, the Court issued an order (which is incorporated in full herein by reference) granting summary judgment against Cardwell and Plake as to liability on each of PVHC's Plake Claims and each of HealthTech's Initial Claims, based primarily on the Court's finding that Cardwell and Plake had engaged in the Alleged Conduct, fraudulently inducing PVHC to issue payments totaling $847,934 to Plake & Associates and arranging and conspiring to have Cardwell secretly and personally receive approximately 75 percent of that amount back from Plake. The Court held that Cardwell was directly liable on these claims and that Plake was liable on these claims as Cardwell's co-conspirator, under a civil conspiracy theory.

9. In light of the Court's grant of summary judgment against Plake, HealthTech and Plake have agreed to resolve the Assigned Claims and HealthTech's Direct Claims (collectively, the "Claims") including PVHC's Plake Claims and HealthTech's Initial Claims to the extent asserted again Plake. The parties have agreed to resolve the Claims insofar as they are asserted against Plake (either directly or under a civil conspiracy theory), to the extent indicated in, and under the terms and conditions of, this Agreement.

THEREFORE:

In consideration of the promises and agreements set forth below and fully incorporating by reference the above recitals, IT IS HEREBY AGREED, by and between the undersigned Parties, as follows:

A. **Consent Judgment**

Plake agrees to the entry of a consent judgment (the "Consent Judgment") on the Claims, against Plake and in favor of HealthTech, in the total amount of two million dollars ($2,000,000). This amount represents consequential damages and punitive damages claimed as a result of the Alleged Conduct, including the alleged fraudulent inducement by Cardwell and Plake, which the Court found to have occurred in granting summary judgment to HealthTech as to liability.

2

To facilitate entry of the Consent Judgment, Plake authorizes his counsel of record in the Lawsuit to take, on Plake's behalf, all steps necessary or appropriate to submit to the Court a proposed consent judgment substantially in the form of Exhibit A hereto. Nothing herein shall impair or diminish HealthTech's rights to collect on and otherwise enforce such Consent Judgment to the full extent of the law, which rights HealthTech expressly reserves.

**B.     Release by HealthTech**

Except for any rights created by this Agreement (including the right to collect on and otherwise enforce the Consent Judgment) upon the filing and entry of the Consent Judgment by the Court in Civil Action No. 12-CV042-F as set forth in Paragraph A above, HealthTech, on behalf of itself, and its respective directors, officers, employees, principals, affiliates, subsidiaries, parent entities, predecessors, successors in interest, assigns, attorneys, heirs, agents, and representatives, hereby unconditionally, irrevocably, and absolutely releases and discharges Plake and each of his respective heirs, assigns, predecessors, successors, affiliates, related entities, agents, representatives, insurers, attorneys-in-fact, and attorneys at law, whether past or present, of and from all manner of claims, actions, causes of action, suits, debts, liabilities, accounts, losses, indemnities, obligations, claims for sums of money, controversies, settlement costs, attorney fees, court costs and expenses, damages, judgments and demands, of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, including, but not limited to, claims for fraud or fraudulent misrepresentation, arising out of the Alleged Conduct, including the Claims.

**C.     Release by Plake**

Except for any rights created by this Agreement, Plake, on behalf of himself, his predecessors, successors in interest, assigns, attorneys, heirs, agents, and representatives, hereby unconditionally, irrevocably, and absolutely releases and discharges HealthTech and PVHC and each of their respective heirs, assigns, predecessors, successors, affiliates, parent entities, related entities, subsidiaries, officers, directors, trustees, partners, employees, principals, agents, representatives, insurers, reinsurers, attorneys-in-fact, and attorneys at law, whether past or present, of and from all manner of claims, actions, causes of action, suits, debts, liabilities, accounts, losses, indemnities, obligations, claims for sums of money, controversies, settlement costs, attorney fees, court costs and expenses, damages, judgments and demands, of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, incurred or to be incurred that now exist, may exist, claim to have existed, ever formerly existed, or may at any time in the future be acquired with regard to, arising out of, or related to, any act or omission occurring prior to Plake's execution of this Agreement.

**D.     Acknowledgment of Validity of Claims.**

By entering into this Agreement, HealthTech is making no admission of weakness relating to any of the defenses asserted against it. By entering into this Agreement, Plake is admitting his liability for $2,000,000.

Plake also acknowledges that: (1) in the Lawsuit the Court granted summary judgment against him as to liability (including liability for punitive damages) on all of PVHC's Plake Claims and all of HealthTech's Initial Claims, based on the Court's finding that the Alleged Conduct, including his and Cardwell's fraudulent inducement of PVHC to issue checks to Plake & Associates, actually occurred and that Plake is liable for the Alleged Conduct as Cardwell's co-conspirator under a civil conspiracy theory; (2) all of PVHC's Plake Claims and all of HealthTech's Initial Claims are legally valid, and Plake is liable on those claims under a civil conspiracy theory; (3) the Court's decision to grant summary judgment against him, as to liability on all of such claims, was based on sufficient evidence to support a finding that Cardwell and Plake in fact had engaged in the Alleged Conduct, and was otherwise a correct decision; and (4) the Consent Judgment represents damages of various kinds flowing from the Alleged Conduct, including PVHC's actual damages of $847,934 allegedly obtained by Cardwell and Plake via fraudulent misrepresentations that were a part of the Alleged Conduct, other consequential damages suffered by PVHC and HealthTech as a result of such alleged fraudulent misrepresentations, and punitive damages based on such alleged fraudulent misrepresentations.

### E.     Entire Agreement

This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.  It is agreed that there are no collateral agreements or representations, written or oral, which are not contained in this Agreement.  Any prior representations or agreements between the Parties with respect to any subject covered by this Agreement are canceled and superseded by this Agreement.

### F.     Governing Law

This Agreement shall be governed by, and interpreted in accordance with, the law of the State of Wyoming, without regard to its conflict-of-laws principles.

### G.     Headings and Construction

The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement.  The Parties acknowledge that they each had an opportunity to review and discuss the terms of this Agreement with their respective legal counsel.  The Parties each further acknowledge that they are not relying upon any representation of law or fact by any other party.

### H.     Modifications

This Agreement may be amended only by a written instrument executed by the Parties hereto.

### I. Warranty of Authority

The Parties warrant and represent that they have the power to execute and deliver this Agreement and that they have secured all necessary authorizations for the execution and delivery of this Agreement, including but not limited to all necessary corporate approvals and consents.

### J. Partial Invalidity

If any non-material provision in this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and continue to be binding on the parties without being impaired or invalidated in any way.

### K. Advice of Counsel

The Parties warrant and represent that they have been represented by counsel in connection with the review and execution of this Agreement and have had the opportunity to consult with counsel to the full extent desired.

### L. Execution by Plake's Agent Pursuant to Power of Attorney

At the request of Plake, made through his counsel, this Agreement is being executed by Kimberly Plake, Plake's wife, on behalf of Plake by virtue of her power of attorney. By executing this document, Kimberly Plake certifies that she is lawfully authorized to execute this Agreement on Plake's behalf as his agent, pursuant to Plake's lawful grant to her of a general power of attorney as set forth in Exhibit B hereto. By executing this agreement, Kimberly Plake further certifies that Plake desires to enter into this agreement and would execute this Agreement himself were he not presently incarcerated.

# [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

M.  **Counterparts**

This document may be executed in one or more counterparts, each of which when so executed and delivered shall be an original but all of which taken together shall constitute one and the same Agreement. Facsimile and .pdf signatures will constitute valid evidence of execution.

Dated: 9/24, 2013

_Derek Markel_
HealthTech Management Services, Inc.

By: DEREK MARKEL

Its: CEO

Dated: 9/20, 2013

_Michael Plake / Kimberly Plake_
Michael Plake

By: Kimberly Plake

His: Agent by Virtue of Power of Attorney

12285204.3

# EXHIBIT A

**EXHIBIT A TO SETTLEMENT AGREEMENT AND CLAIMS RELEASE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| POWELL VALLEY HEALTH CARE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HEALTHTECH MANAGEMENT SERVICES, INC. ) <br> ) <br> Defendant/Cross-Claimant, ) <br> ) <br> v. ) <br> ) <br> PAUL CARDWELL and MICHAEL J. PLAKE, ) <br> ) <br> Defendants/Cross-Defendants. ) | CASE NO. 12-CV-42-F |

**CONSENT JUDGMENT**

**WHEREAS, IT IS STIPULATED AND AGREED** by and between Defendant/Cross-Claimant HealthTech Management Services, Inc. ("HealthTech") and Defendant/Cross-Defendant Michael Plake (collectively, the "Parties"), that Michael Plake consents to entry of judgment in the above-captioned action against himself and in favor of HealthTech in the amount of TWO MILLION DOLLARS ($2,000,000); and

**WHEREAS, IT IS STIPULATED AND AGREED** by and between the Parties, that pursuant to the Court's summary judgment order of May 23, 2012, which is incorporated in full herein by reference, HealthTech is entitled to recover consequential damages and punitive damages from Plake in an amount to be determined, based on the Court's finding that Defendants/Cross-Defendants committed fraudulent misrepresentations and other fraudulent conduct, as set forth in the Court's summary judgment order; and

1

## EXHIBIT A TO SETTLEMENT AGREEMENT AND CLAIMS RELEASE

**WHEREAS, IT IS STIPULATED AND AGREED** by and between the Parties, that $2,000,000 represents an appropriate amount of judgment against Plake for consequential and punitive damages based on the fraudulent conduct the Court found Plake to have committed; and

**WHEREAS, IT IS STIPULATED AND AGREED** by and between the Parties, that Plake has been notified of HealthTech's intention to take his deposition in the future pursuant to Rule 69 of the Federal Rules of Civil Procedure; and

**NOW THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED** that the Clerk of Court shall enter judgment in favor of HealthTech against Plake in the amount of $2,000,000, inclusive of attorney's fees and costs; and

**IT IS FURTHER ORDERED** that this consent judgment is without prejudice to HealthTech's right to depose Plake pursuant to Rule 69 of the Federal Rules of Civil Procedure.

DATED: _____, 2013.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED AND AGREED TO:**

*/s/ Michael Plake by Khrystyn Plake*
Michael Plake
Defendant/Cross-Defendant

2

**EXHIBIT A TO SETTLEMENT AGREEMENT AND CLAIMS RELEASE**

**AGREED AS TO FORM AND CONTENT:**

_____
Bradley T. Cave, P.C. (Wyo. Bar # 5-2792)
Joanna R. Vilos (Wyo. Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Fax: (307) 778-8175


_____
Eli J. Richardson (admitted *pro hac vice*)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
Fax: (615) 742-0416

COUNSEL FOR DEFENDANT/CROSS-CLAIMANT
   HEALTHTECH MANAGEMENT SERVICES, INC.


_____
Michael Reese
Law Offices of Michael Henery Reese, P.C.
211 West 19th Street, Suite 400
Cheyenne, WY 82001
Telephone: (307) 634-7648
Fax:   (307) 432-7522

COUNSEL FOR DEFENDANT/CROSS-DEFENDANT
   MICHAEL PLAKE

# EXHIBIT B

# **GENERAL DURABLE POWER OF ATTORNEY**

I, Michael J. Plake, of Tippecanoe County, Indiana, being at least eighteen (18) years of age and mentally competent, do hereby designate my spouse, Kimberly S. Plake, as my true and lawful attorney-in-fact. .

I. My attorney-in-fact shall have the following powers:

    A. <u>Statutory Powers Incorporated</u>. To exercise all powers set forth in IND. CODE §§ 30-5-5-2 through -19, and without limitation, all powers set forth in this document.

    B. <u>Real Property</u>. To exercise general authority with respect to real property, including all powers authorized in IND. CODE § 30-5-5-2.

    C. <u>Personal Property</u>. To exercise general authority with respect to all tangible personal property, including all powers authorized in IND. CODE § 30-5-5-3.

    D. <u>Securities</u>. To exercise general authority with respect to bonds, securities, shares, and commodity transactions (including U.S. Savings Bonds and Treasury Securities), and any dividend, proceeds or distribution, including all powers authorized in IND. CODE § 30-5-5-4.

    E. <u>Retirement Plans</u>. To exercise general authority with respect to all retirement plans, both as to plans now in existence as of the execution of this durable power of attorney or hereafter created, including but not limited to making contributions or causing contributions to be made, establishing individual retirement accounts or plans in the principal's name, electing a form of

1

payment of benefits and withdraw benefits, exercising investment powers available, designating one or more beneficiaries or contingent beneficiaries or changing any earlier designation of beneficiary, borrowing from, selling assets to, and purchasing assets from the retirement plan, waiving the right of a principal to be a beneficiary of a joint or survivor annuity, authorizing trustee-to-trustee transfers and all other powers authorized in IND. CODE §30-5-5-4.5.

F. <u>Banking</u>. To exercise general authority with respect to banking, including but not limited to opening, accessing, closing, and otherwise managing any accounts and safe deposit boxes; making and endorsing checks; receiving statements and notices; and otherwise transacting any business at any financial institution as provided in IND. CODE § 30-5-5-5.

G. <u>Business Operations</u>. To exercise general authority with respect to business operations, as provided in IND. CODE § 30-5-5-6.

H. <u>Insurance</u>. To exercise general authority with respect to insurance, including but not limited to paying premiums; modifying or terminating policies; procuring new policies; borrowing from policies; making and compromising claims; and all other powers authorized in IND. CODE § 30-5-5-7.

I. <u>Transfer on Death Transfers</u>. To exercise general authority with respect to transfer on death or payable on death transfers including establishing transfer on death or payable on death transfers; amending, modifying, or changing any designation of beneficiary in a transfer on death transfer or payable on death transfer; terminating any transfer on death transfer or payable on death transfer; and exercising any right or authority that the principal may have in a transfer on death transfer or payable on death transfer during the principal's lifetime; and all other powers authorized in Ind. Code § 30-5-5-7.5.

J. <u>Beneficiaries</u>. To exercise general authority with respect to beneficiaries, including but not limited to transferring part or all of an interest the principal may have in interests in real property, stocks, bonds, bank accounts, insurance, and other assets of any kind to the trustee of a revocable trust created by the principal as grantor. as provided in IND. CODE § 30-5-5-8.

K. <u>Gifts</u>. To exercise general authority with respect to making gifts on my behalf, including but not limited to making gifts to my attorneys-in-fact, or those my attorneys-in-fact have a legal obligation to support, if my attorneys-in-fact determine such a gift would be in my best interest, including the minimization of income, estate, inheritance, or gift taxes, qualifying me for public assistance programs for which I may be eligible, or otherwise in keeping with my estate

plan, and all powers authorized in IND. CODE § 30-5-5-9. My attorney-in-fact may make annual gifts which exceed the gift tax exclusion amount as set out in § 2503 of the Internal Revenue Code.

L. <u>Fiduciary Transactions</u>. To exercise general authority with respect to fiduciary transactions as provided in IND. CODE § 30-5-5-10.

M. <u>Claims</u>. To exercise general authority with respect to claims and litigation, including but not limited to filing, prosecuting, defending, settling, and hiring counsel and all other powers authorized in IND. CODE § 30-5-5-11.

N. <u>Family Maintenance</u>. To exercise general authority with respect to family maintenance, including but not limited to performing or authorizing acts to maintain my family's customary standard of living with regard to housing and related expenses and all other powers authorized in IND. CODE § 30-5-5-12.

O. <u>Military Benefits</u>. To exercise general authority with respect to benefits from military service as provided in IND. CODE § 30-5-5-13.

P. <u>Records and Taxes</u>. To exercise general authority with respect to records, reports, and statements, including all powers authorized in IND. CODE § 30-5-5-14.

Q. <u>Estates</u>. To exercise general authority with respect to estates as provided in IND. CODE § 30-5-5-15.

R. <u>Delegation of Authority</u>. To exercise general authority with respect to delegating the powers provided in this document as provided in IND. CODE § 30-5-5-18.

S. <u>General Authority</u>. To exercise general authority with respect to all other matters as provided in IND. CODE § 30-5-5-19.

This Power of Attorney shall not be affected by my subsequent disability or incapacity.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal this 18th day of June, 2013.

                                                                Michael J. Plake

STATE OF INDIANA      )
                                     ) SS:
COUNTY OF TIPPECANOE  )

    Before me, a Notary Public in and for said County and State personally appeared Michael J. Plake, who acknowledged the execution of the foregoing General Durable Power of Attorney, this 18th day of June, 2013.



                                                Monica Doerr, Notary Public

My Commission Expires:          County of Residence: Tippecanoe
December 20, 2014

> MONICA S. DOERR
> Tippecanoe County
> My Commission Expires
> December 20, 2014

This instrument was prepared by Monica S. Doerr, Attorney at Law, 527 Sagamore Parkway West, Suite 102, West Lafayette, IN 47906.

4